Malcolm S. McNeil (SBN 109601)
Ismael Bautista, Jr. (SBN 252139)
Stefan Bogdanovich (SBN 324525)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
Email: malcolm.mcneil@arentfox.com
ismael.bautista@arentfox.com
stefan.bogdanovich@arentfox.com

Attorneys for Plaintiffs
PACIFIC SURROGACY USA, LLC and
YULUN JIANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION

PACIFIC SURROGACY USA, LLC, a California Limited Liability Company; YULUN JIANG, an individual;

Plaintiffs,

v.

HAOTIAN BAI, an individual; DOES 1-25,

Defendants.

Case No. ___________

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

[Concurrently Filed Herewith Plaintiff's *Ex Parte* Application; Memorandum of Points and Authorities thereto; Supporting Declarations; Proposed Order; and Notice of Related Claims]

Plaintiffs Pacific Surrogacy USA, LLC ("PSUSA") and Yulun "Allan" Jiang ("Mr. Jiang"), through their counsel, hereby complain against Defendant Haotian Bai ("Defendant" or "Mr. Bai") as follows:

**PARTIES**

1. At all relevant times herein, PSUSA is a limited liability company organized and existing under the laws of the State of California, with its principal place of business in Irvine, California.

2. At all relevant times herein, Mr. Jiang is an individual residing in the County of Orange, State of California.

3. At all relevant times herein, Mr. Bai is an individual residing in the State of Hawaii.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. §1332(a). Mr. Bai is not a citizen of the same state as any Plaintiff, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. The Court also has subject-matter jurisdiction pursuant to 28 U.S.C. §1331 over Plaintiffs' first cause of action false advertising claim under the Lanham Act.

6. The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' second through seventh causes of action as they are related to the first cause of action.

7. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

8. Pacific Surrogacy, LLC ("PS") was organized on July 12, 2018, with Haotian Bai and Yulun "Allan" Jiang as equal 50/50 share members of a limited liability company. While operative, PS provided surrogacy services to aspiring mothers and fathers by connecting them with surrogates.

9. Although Mr. Bai lived in Hawaii, between June 2018 and June 2019, Mr. Bai would typically visit California for one to two work-weeks per month. During this time, it became clear that Mr. Bai and Mr. Jiang had a fundamental disagreement regarding values and how a Surrogacy business should be run.

10. Aspiring parents – often married couples dealing with sensitive issues of infertility – pay considerable sums for surrogacy services. They are often very

anxious during the pregnancy, and seek frequent progress updates and other information from PS and PSUSA. It is important to aspiring parents, and the business partners referring them, that the parents feel comfortable with PS and PSUSA's services.

11. Given the nature of the business PS was engaged in, Mr. Jiang believed that displaying appropriate tact and discretion in front of sensitive surrogacy clients and business partners was necessary for the nascent business to thrive.

12. Mr. Bai, however, made lewd remarks about the female anatomy of certain surrogates and employees to other employees in the office. A married man of two children, Mr. Bai also bragged about his sexual exploits to other employees, also in the office, and also during business hours. At networking events, he referred to business partners referring couples as "pimps." Towards employees, he often used profanity and threats.

13. Mr. Jiang feared that Mr. Bai's insensitive behavior exposed PS to liability from its employees, and jeopardized valuable business relationships with aspiring parents, surrogates, and business partners. On June 17, 2019, Mr. Jiang confronted Mr. Bai about these instances and concerns, suggesting that the two part ways. Thereafter, the two mutually agreed part ways to dissolve the company, and were negotiating a potential payout.

14. Even though they began as equal 50/50 partners, during dissolution negotiations, Mr. Jiang offered Mr. Bai an approximately 56% payout to amicably resolve the dispute, memorialized in a signed, handwritten note. The written dissolution agreement, signed by both Mr. Bai and Mr. Jiang stated that Mr. Jiang would be in charge of winding-up PS.

15. Two days later, on June 19, 2019, Mr. Bai withdrew $70,000 from the PS bank account, which hampered the ability of PS to finance its payroll for the rest

of the month. Mr. Bai did this without notifying his ex-partner Mr. Jiang.

16. The next day, on June 20, 2019 he came to the office of PS with his attorney Mr. Jeffrey Wang. Mr. Jeffrey Wang, as the only attorney at the premises, threatened and screamed at PS employees that they would "go to jail today" if they did not turn over all their computers and documents to Mr. Bai. He also interrupted Mr. Jiang by saying "You are not an attorney – Shut up!"

17. Mr. Jiang and the other employees did not submit to this coercion.

18. Shortly thereafter, Mr. Bai began circulating a series of letters dated July 1 and July 3 to aspiring parents, surrogates, and surrogacy agencies.

19. The July 1 letter, addressed to "Clients and Partners," warns that "your surrogate mothers are in danger" and "not in good hands." Mr. Bai claims that his former colleagues "have neither [the] expertise nor experience to manage your surrogate mothers."

20. Mr. Bai thereafter sent a July 3 letter to "Friends of Pacific Surrogacy." The letter states that "PSUSA and PS… are not related to each other," and that Mr. Bai is "unaware of and cannot speak towards PSUSA's experience or expertise, if any, with managing your surrogate mothers."

21. Both the July 1 and July 3 letters attach, as Appendix A, a series of screenshots of text messages from what appear to be disgruntled surrogates.

22. The letters also misleadingly imply the funds in the client trust account are jeopardized because the account was set up by an attorney that received state bar complaints on unrelated matters.

23. Both letters attach, as Appendix B, the state bar complaints of the attorney that set up the client trust account. The state bar complaints relate to fee arrangements, practicing in other jurisdictions on small matters, and one count of in-person solicitation.

24. The letters also accuse Mr. Jiang of theft, and state that Mr. Bai is the

plaintiff in the lawsuit.

25. Both letters attach, as Appendix C, Mr. Bai's improperly filed complaint showing he is the plaintiff in a lawsuit. The caption at the top of the page reading "COMPLAINTS REGARDING YUNLUN [sic] JIANG'S MISDEEDS."

26. The Mandarin language version of the July 1 letter also states that "I [Mr. Bai] have formally filed a lawsuit against my former associate, it has been accepted by the highest court in Orange County."

27. These letters came to light from various businesses that referred aspiring parents to PSUSA. Those businesses notified PSUSA they received them in mid-July 2019.

28. Others have reached out to PSUSA asking questions which suggests they also received these misleading letters. A Nevada law firm representing several surrogates stated "it has been brought to our attention that there are issues with Pacific Surrogacy." This firm also said they planning to meet with Mr. Bai at a later date. A surrogacy clinic also reached out to PSUSA asking about PSUSA's relationship with PS.

29. Qunyao Yu ("Ms. Yu"), a former PS employee now working with Mr. Bai's new venture, has been disseminating the letters to business partners that refer aspiring parents through chat messages, and has accused Mr. Jiang of stealing PS from Mr. Bai. Mr. Jiang also suspects some of the surrogates are being contacted by Ms. Yu.

30. At this early juncture, it is unclear how many persons have received these letters or been contacted personally. PSUSA has been reticent to reach out to the aspiring parents, surrogates, and business partners themselves to determine how many actually received the letter, fearing that involving them into this dispute will further harm PSUSA's goodwill.

///

## FIRST CLAIM FOR RELIEF FOR FALSE ADVERTISING

**15 United States Code § 1125(a)(1)(B)**

**By Plaintiff PSUSA Against All Defendants**

31. Plaintiffs incorporate by reference all preceding paragraphs as in fully restated herein.

32. Surrogacy services are highly personal, and service providers act as intermediaries between aspiring parents and surrogates. The letters and chat messages sent by are promotions within the surrogacy services industry.

33. The July 1 letter mislead aspiring parents and business partners about the safety and quality of PSUSA's services, the propriety of their trust account, and the character of PSUSA's managing member. The Mandarin version of the July 1 letter falsely implies that the Orange County Superior Court granted some kind of legitimacy to the unverified allegations contained in Mr. Bai's complaint. The July 3 letter falsely and deliberately implies PSUSA is wholly unrelated to the original PS. Both letters misleadingly imply the funds in the client trust account are jeopardized because the account was set up by an attorney that received state bar complaints on unrelated matters.

34. Mr. Bai was unjustly enriched through these unlawful business practices.

35. Mr. Bai's and Ms. Yu's misrepresentations in the letters and chats are material because they likely dissuade aspiring parents and referral businesses from working with PSUSA.

36. Mr. Bai also caused his letters to enter interstate commerce. He and his agents sent the letters electronically through interstate means, and presumably sent them to many of PSUSA's actual and prospective customers, many of which are international and out-of-state individuals.

37. PSUSA has been, and continue to be, injured by these letters. A law

firm and surrogacy clinic both reached out with questions regarding the status of the trust account. Through discovery, PSUSA will show the full extent of Mr. Bai's deception.

**SECOND CLAIM FOR RELIEF FOR FALSE ADVERTISING**

**California Business & Professions Code § 17500, et seq.**

**By Plaintiff PSUSA Against All Defendants**

38. Plaintiffs incorporate by reference all preceding paragraphs as in fully restated herein.

**THIRD CLAIM FOR RELIEF FOR UNFAIR COMPETITION**

**California Business & Professions Code § 17200, et seq.**

**By Plaintiff PSUSA Against All Defendants**

39. Plaintiffs incorporate by reference all preceding paragraphs as in fully restated herein.

40. Defendant Bai engaged in unfair and unlawful business practices by sending these letters and chat messages to PSUSA's actual and prospective customers.

41. Mr. Bai was unjustly enriched through these unlawful business practices.

**FOURTH CLAIM FOR RELIEF FOR TRADE LIBEL (DEFAMATION)**

**California Civil Code § 44, et seq.,**

**By Both Plaintiffs Against All Defendants**

42. Plaintiffs incorporate by reference all preceding paragraphs as in fully restated herein.

43. The letters and chats sent by Mr. Bai and his agent, Ms. Yu, contain numerous unprivileged false statements of fact. The July 1 letter falsely disparages the safety and quality of PSUSA's services, and the character of PSUSA's managing member. It falsely states that surrogate mothers and the funds in the trust

account of PSUSA's clients are in "danger."

44. The letters and chats also contain numerous misleading statements that allude to false facts. The Mandarin version of the July 1 letter falsely implies that the Orange County Superior Court granted some kind of legitimacy to the unverified allegations contained in Mr. Bai's complaint. The July 3 letter falsely and deliberately implies PSUSA is wholly unrelated to the original PS. Both letters misleadingly imply the funds in the client trust account are jeopardized because the account was set up by an attorney that received state bar complaints on unrelated matters.

45. These false statements were of and concerning both Mr. Jiang and PSUSA.

46. Defendant Mr. Bai made these statements with knowledge of their falsity. He and his agents also displayed negligence and a reckless disregard for the truth and veracity of the statements.

47. These false statements disparage the quality of Plaintiffs PSUSA and Mr. Jiang's services. The statements exposed Plaintiffs to hatred, ridicule, and obloquy.

## FIFTH CLAIM FOR RELIEF FOR FALSE LIGHT

### By Plaintiff Yulun Jiang Against All Defendants

48. Plaintiffs incorporate by reference all preceding paragraphs as in fully restated herein.

49. Defendant Mr. Bai knew that the letters and chats would create a false impression about Mr. Jiang.

50. Mr. Bai caused Mr. Jiang's harm by drafting the letters and distributing them into the marketplace.

51. The letters and chats sent by Mr. Bai and is agents regarding plaintiff Mr. Jiang are highly offensive to the reasonable person.

**SIXTH CLAIM FOR RELIEF FOR INTENTIOANL INTERFERENCE WITH BUSINESS EXPECTANCY**

**By Plaintiffs Yulun Jiang and PSUSA Against All Defendants**

52. Plaintiffs incorporate by reference all preceding paragraphs as in fully restated herein.

53. Plaintiffs had an economic relationship with many business partners and aspiring parents, surrogates, and surrogacy agencies, where plaintiffs would provide them with surrogacy services.

54. Mr. Bai was aware of this relationship.

55. Mr. Bai wrote and sent the letters with the intent of disrupting this Relationship.

56. The relationships between several surrogates, business partners and aspiring parents was disrupted.

57. Mr. Bai's conduct proximately caused this disruption.

58. Plaintiffs Mr. Jiang and PSUSA were harmed by this disruption.

**SEVENTH CLAIM FOR RELIEF FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**

**By Plaintiffs Yulun Jiang and PSUSA Against All Defendants**

59. Plaintiffs incorporate by reference all preceding paragraphs as in fully restated herein.

60. Plaintiffs had contractual relationships with many business partners and aspiring parents, surrogates, and surrogacy agencies, where plaintiffs would provide them with surrogacy services.

61. Mr. Bai was aware of this relationship.

62. Mr. Bai wrote and sent the letters with the intent of disrupting this relationship.

63. The relationships between several surrogates, business partners and aspiring parents was disrupted.

64. Mr. Bai's conduct proximately caused this disruption.

65. Plaintiffs Mr. Jiang and PSUSA were harmed by this disruption.

## EIGHTH CLAIM FOR EXTORTION

**California Penal Code § 518**

**By Plaintiffs Yulun Jiang and PSUSA Against Defendant Haotian Bai**

66. Defendant Bai, and his agent, Mr. Jeffrey Wang, came to the premises of PS and demanded Mr. Jiang and PSUSA employees turn over their property. The property at issue was computers and documents, which PSUSA believes it rightfully possesses.

67. Defendant Bai and his agent Mr. Jeffrey Wang called the police and threatened and yelled at PSUSA employees and Mr. Jiang. He said they would "go to jail" and become "co-defendants" if they did not turn over the property to him and Mr. Bai.

68. During the encounter, Mr. Jeffrey Wang was the only licensed attorney at the premises. He sought to frighten and intimidate Mr. Jiang and PSUSA employees by virtue of his admission to the bar on multiple occasions. Mr. Jeffrey Wang said, "You are not an attorney – shut up!" and "You are not an attorney – I'm suing you!" He also said "I'm a litigator, I'm going after this dude. And you guys, if you want to come along, please."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A. Injunctive relief as outlined in our concurrently filed ex parte application.

B. An award to Plaintiffs of compensatory damages;

C. An award to Plaintiffs of exemplary/punitive damages;

D. An award to Plaintiffs of their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness

fees, and other costs, as provided by law;

E. Pre-judgment and post-judgment interest, as provided by law; and

F. Granting Plaintiffs other and further relief as this Court finds necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to the Seventh Amendment to the United States Constitution and Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Dated: July 30, 2019

Respectfully submitted,

**ARENT FOX LLP**

By: ______________________

MALCOLM S. MCNEIL
ISMAEL BAUTISTA, JR.
STEFAN BOGDANOVICH
Attorneys for Plaintiffs
PACIFIC SURROGACY USA, LLC and
YULUN JIANG