MALCOLM S. MCNEIL (SBN 109601)
ISMAEL BAUTISTA, JR. (SBN 252139)
STEFAN BOGDANOVICH (SBN 324525)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:  213.629.7400
Facsimile:   213.629.7401
Email:   malcolm.mcneil@arentfox.com
         ismael.bautista@arentfox.com
         stefan.bogdanovich@arentfox.com

Attorneys for Plaintiffs
PACIFIC SURROGACY USA, LLC; and
YULUN JIANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION

| | |
|---|---|
| PACIFIC SURROGACY USA, LLC, a California Limited Liability Company; YULUN JIANG, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>HAOTIAN BAI, an individual; DOES 1-25,<br><br>Defendants. | Case No. _____<br><br>**DECLARATION OF YULUN JIANG IN SUPPORT OF EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER, EXPEDITED DISCOVERY, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

I, Yulun Jiang, declare:

1. I helped organize Pacific Surrogacy, LLC ("PS") and Plaintiff Pacific Surrogacy USA, LLC ("PSUSA"). PS was organized on July 12, 2018, with Haotian Bai and me as equal 50/50 share members of a limited liability company. PSUSA was organized on May 26, 2019. I have personal knowledge of the information contained in this Declaration, and if requested could and would testify thereto.

2. While operative, PS provided surrogacy services to aspiring mothers and fathers by connecting them with surrogates. Although Mr. Bai lived in Hawaii, between June 2018 and June 2019, Mr. Bai would typically visit California for one to two work-weeks per month. During this time, it became clear that Mr. Bai and Mr. Jiang had a fundamental disagreement regarding values and how a Surrogacy business should be run. During this time, Mr. Bai worked with many of the same employees now employed at PSUSA.

3. Aspiring parents are often married couples dealing with sensitive issues of infertility. They pay considerable sums for surrogacy services. Surrogacy services are highly personal, and service providers act as intermediaries between aspiring parents and surrogates. It is important to aspiring parents, and the business partners referring them, that the aspiring parents feel comfortable with the surrogacy services being provided. Many of the aspiring parents that use PSUSA's services are international and out-of-state individuals.

4. Given the nature of the business, I believed that displaying appropriate tact and discretion in front of sensitive surrogacy clients and business partners was necessary for the business to be successful.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. _____  2  EX PARTE APPLICATION FOR TRO STOPPING AND CORRECTING BAI'S FALSE ADVERTISING CAMPAIGN

5. Mr. Bai, however, made lewd remarks about the female anatomy of certain surrogates and employees to other employees in the office. A married man of two children, Mr. Bai also bragged about his sexual exploits to other employees, also in the office, and also during business hours. At networking events, he referred to business partners referring couples as "pimps." Towards employees, he often used profanity and threats.

6. I was concerned that Mr. Bai's insensitive behavior exposed PS to liability from its employees, and jeopardized valuable business relationships with aspiring parents, surrogates, and business partners. On June 17, 2019, I confronted Mr. Bai about these instances and concerns, suggesting that we part ways. Thereafter, we agreed to dissolve the company, and began negotiating a potential payout.

7. Even though we started as equal 50/50 partners, during dissolution negotiations, in good faith, I offered Mr. Bai an approximately 56% payout to amicably resolve the dispute. I told him that if the business was deemed to be worth $800,000 (by appraisers), then he could receive a distribution of $450,000. This offer was memorialized in a signed, handwritten note. A true and correct copy of this note is attached to the *ex parte* application as Exhibit 1.

8. Mr. Bai and I also signed a written dissolution agreement, stating that I would be in charge of winding-up PS. A true and correct copy of this note is attached to the *ex parte* application as Exhibit 2.

9. On June 19, 2019, Mr. Bai withdrew $70,000 from the PS bank account, which hampered the ability of PS to finance its payroll for the rest of the month. Mr. Bai did this without notifying his ex-partner Mr. Jiang.

10. The next day, on June 20, 2019, Mr. Bai came to the office of PS with his attorney Mr. Jeffrey Wang, who threatened and screamed at PS employees that they would "go to jail" and become "defendants" if they did not turn over all their computers and documents to Mr. Bai. At the time Mr. Wang made these threats, he was the only attorney at the premises. One of my employees took a video of incident. A true and correct copy of this video is attached to the *ex parte* application as Exhibit 3. Mr. Henry Wang, another attorney, arrived at the scene after Mr. Bai and Mr. Jeffrey Wang left. I and the other employees did not submit to Mr. Bai's coercion and refused to turn over this property.

11. Sometime around middle of July 2019, I discovered from business partners that refer aspiring parents to PSUSA that Mr. Bai has been sending letters to them. One of the letters I received is dated July 1. A true and correct copy of this letter is attached to the *ex parte* application as Exhibit 4.

12. I received another letter Mr. Bai wrote that is dated July 3. A true and correct copy of this letter is attached to the *ex parte* application as Exhibit 5.

13. I was notified about the July 1 letter through WeChat, a mobile messaging application. This screenshot was sent to me by a business partner that refers aspiring parents to PSUSA. He received this message from Qunyao Yu, who works with Mr. Bai at his new venture. A true and correct copy of a screenshot of this chat (with names and identifying photos redacted) and its translation is attached to the *ex parte* application as Exhibit 6.

14. I was also notified about, and received a copy of, the July 3 letter from another business partner that also refers aspiring parents to PSUSA.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. _____   4   EX PARTE APPLICATION FOR TRO STOPPING AND CORRECTING BAI'S FALSE ADVERTISING CAMPAIGN

15. A surrogacy clinic also reached out to PSUSA asking about the PSUSA's relationship with PS. I suspect that Qunyao Yu may have been contacting these surrogates directly. PSUSA has been reticent to reach out to the aspiring parents, surrogates, and business partners themselves to determine how many actually received the letter, fearing that involving them into this dispute will further harm PSUSA's goodwill.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 29, 2019, at Irvine, California.

_____

Yulun Jiang

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. _____  5  EX PARTE APPLICATION FOR TRO STOPPING AND CORRECTING BAI'S FALSE ADVERTISING CAMPAIGN