MALCOLM S. MCNEIL (SBN 109601)
ISMAEL BAUTISTA, JR. (SBN 252139)
STEFAN BOGDANOVICH (SBN 324525)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
Email: malcolm.mcneil@arentfox.com
ismael.bautista@arentfox.com
stefan.bogdanovich@arentfox.com

Attorneys for Plaintiffs
PACIFIC SURROGACY USA, LLC
and YULUN JIANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION

| | |
|---|---|
| PACIFIC SURROGACY USA, LLC, a California Limited Liability Company; YULUN JIANG, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>HAOTIAN BAI, an individual; DOES 1-25,<br><br>Defendants. | Case No. 8:19-cv-01456-DOC-(JDEx)<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF PROPOSED CORRECTIVE STATEMENT, PURSUANT TO ORDER GRANTING TEMPORARY RESTRAINING ORDER [DKT NO. 12]** |

Plaintiff's proposed one-time corrective statement, sent only to the recipients of the original false and misleading July 1 and July 3 letters, is the appropriate, tailored remedy to Bai's deception. It reassures aspiring parents that their surrogate mothers are not in danger and repairs PSUSA's goodwill. These modest letters are justified and necessary remedies to the havoc Bai has caused, and the proposed retraction letter fully comports with the Ninth Circuit's instructions on corrective advertising orders.

## I. RETRACTION LETTERS ARE JUSTIFIED AND NECESSARY TO REMEDY THE DAMAGE ALREADY DONE

This Court is justified in ordering Bai to issue corrective advertising. In *TrafficSchool.com, Inc. v. Edriver Inc.*, the Ninth Circuit stated that corrective advertising injunctions are justified to help remedy false advertising. 653 F.3d 820, 830 (9th Cir. 2011). There, the district court "identified specific misleading statements on the [false advertiser's] website. The splash screen[1] is justified to remedy the harm caused by such practices." *Id*. "The splash screen is also justified so long as it helps to remedy lingering confusion caused by defendants' past deception." *Id*. Likewise here, this Court is justified in issuing a corrective adverting order because it has already identified that the letters' specific statement regarding the health and safety of the surrogate mothers "are false" and that the statement about Bai's complaint being accepted by the highest[2] court in Orange County is "clearly mislead[ing]." Dkt. No. 12, at 2-3.

---

[1] A splash screen is similar to a pop-up window. "Visitors can't access [the website's] content without clicking a "CONTINUE" button on the splash screen." *Id*. at 829.

[2] It is also literally false that the Orange County Superior Court is the "highest court" in Orange Court, because on the state court level, the California Court of Appeals is also located in Santa Ana, as is this Court on the federal court level.

These retraction letters are also needed to reassure frightened aspiring parents and repair PSUSA's goodwill. "Merely refusing to further disseminate the [false advertising] email reduces the speed by which the false information spreads, but provides no remedy for those who have already read the email and those who share the email with others." *Handsome Brook Farm, LLC v. Humane Farm Animal Care, Inc.*, 700 F. App'x 251, 264 (4th Cir. 2017). Likewise here, after Bai has already alarmed aspiring parents, a preliminary injunction merely reminding him that he has no right to wreak havoc with these people's lives does not reassure the aspiring parents their surrogate mothers "are [not] in danger." Further, it does nothing to repair PSUSA and its owner's goodwill.

## II. THE PROPOSED RETRACTION LETTER FULLY COMPLIES WITH THE NINTH CIRCUIT'S CORRECTIVE ADVERTISING INSTRUCTIONS

### A. The Form of the Corrective Letter Remedy

*TrafficSchool.com* also teaches us about the appropriate form of a corrective advertisement order. While "[t]he scope of an injunction is within the broad discretion of the district court," a corrective advertising order cannot be so "overbroad" that it infringes upon sacred First Amendment rights. *See Id*. 829-31. The proposed retraction letter here was drafted with these exact concerns in mind.

In *TrafficSchool.com*, the Ninth Circuit required the district court to justify "the duration of the splash screen," to "explain the continuing justification" for the splash screen in the future, and provide the "conditions defendants must satisfy in order to remove the splash screen in the future." *Id*. at 831. The proposed corrective statement here addresses all these concerns. The duration and scope of this letter is minimal. The retraction letter is a *one-time* statement that is *only* made to the recipients of the July 1 and July 3 letters.[3] After the retraction letter is sent, Bai has

---

[3] In stark contrast, in *TrafficSchool.com,* the District Court issued an *eternal*

no continuing affirmative obligations. In fact, another sister Circuit has held that this precise type of corrective advertisement "comports with the First Amendment." *Handsome Brook Farm, LLC v. Humane Farm Animal Care, Inc.*, 700 F. App'x 251, 263-64 (4th Cir. 2017) (At the preliminary injunction stage, ordering the Defendant to issue a "retraction email that can disseminate its corrective message through the same channels as the first, misleading email.").

### B. The Content of the Corrective Letter Remedy

The content of a corrective advertising order only needs to meet rational basis review under the First Amendment. *Zauderer v. Office of Disciplinary Counsel of the Supreme Court*, 471 U.S. 626, 651 (1985) ("[A]n advertiser's rights are adequately protected as long as disclosure requirements are reasonably related to the State's interest in preventing deception of consumers.") Here, the content of the proposed retraction letter only concerns Bai's false and misleading statements made in the original advertisement, and explains why and how the letter arrived. All of these are "reasonably related" to preventing consumer deception.

Additionally, there is strong precedent for corrective advertising for every single false or misleading statement addressed in the proposed corrective letter.

    1.    <u>Retraction Letter Statement</u>: "I have no reason to believe that the health and safety of surrogate mothers is compromised at either business."

Corrective advertising is strongly justified where the false advertising concerns child conception. In *Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmBH*, the Second Circuit upheld an incredibly extensive[4] corrective

---

injunction requiring *every single visitor* of the false advertiser's website to view the corrective advertisement. *Id.* at 830.

[4] There, the order "(e) required Defendant to deliver within seven days to all retailers and distributors a specified written notice ("Corrective Notice") with a copy of the injunction; (f) required Defendant, for one year, to make available copies of the Corrective Notice with copies of the injunction in prominent locations

advertising order to remedy false advertising regarding a take home pregnancy test. 843 F.3d 48, 61 (2d Cir. 2016). In comparison to the extensive corrections that were required, our proposed retraction letter is an exceedingly modest remedy which still reassures the aspiring parents that their surrogate mothers are not endangered.

    2.    <u>Retraction Letter Statement</u>: "I must also inform you that both I and Mr. Jiang have competing claims against each other currently pending in state court. His side of the story and his claims against me were not included in my original letter."

This helps remedy Bai's clearly misleading statement – targeted at vulnerable persons with limited English proficiency – that the "highest court in Orange County" has "accepted" the Prior Lawsuit. Bai's letter purports to speak for the Court when he says his complaint was "accepted" by it. To correct this chicanery, this Court is inherently justified in speaking for itself and ordering a corrective statement. Additionally, the statement seeks to place the official imprimatur of the Orange County Superior Court over Bai's unverified complaint. A corrective advertising order is justified when the an advertiser falsely claims affiliation with a governmental entity. *TrafficSchool.com*, 653 F.3d at 830 (9th Cir. 2011) (Where the false advertiser, a private company, owned the domain name www.DMV.org and used it to attract customers to its business).

---

at all U.S. trade shows and professional meetings attended by Defendant or any of its representatives (h) required Defendant to publish a statement in retailer circulars to the same effect; (i) required Defendant to publish Internet-banner advertising prominently displaying its logo and stating that a federal court has determined that Defendant "engaged in false advertising"; (j) required Defendant to publish in three parenting magazines full-page advertisements including a statement similar to the one on the standalone webpage; and (k) required Defendant to produce a video explaining the difference between the Product's and medical profession's pregnancy length estimates and stating that "a federal court found the manufacturer ... to have engaged in false advertising," and to make it prominently available on Defendant's webpages, YouTube channels, and Facebook page." 843 F.3d at 61.

3. <u>Retraction Letter Statement</u>: "I, along with Yulun 'Allan' Jiang, were equal 50-50 members of Pacific Surrogacy, LLC. We dissolved the company and decided to part ways. We both now offer surrogacy services. Mr. Jiang now currently leads Pacific Surrogacy USA. I now currently lead Patriotic Conceptions."

This statement helps remedy the confusion Bai created by implying that Pacific Surrogacy USA is wholly unrelated to the original Pacific Surrogacy, despite sharing common ownership. *TrafficSchool.com*, 653 F.3d at 830 (9th Cir. 2011) (Corrective advertising order was justified where "visitors mistakenly believe the [private company's] site is run by their state's department of motor vehicles"); *Taco Cabana Int'l, Inc. v. Two Pesos, Inc.*, 932 F.2d 1113, 1126 (5th Cir. 1991), aff'd sub nom. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992) (affirming a corrective advertising order where consumers were confused about the identity of two similarly designed Mexican restaurants).

## III.  CONCLUSION

For the forgoing reasons, it is necessary and appropriate for this Court to order Bai send the limited proposed corrective statement to the recipients of the July 1 and July 3 letters.

Dated:  August 1, 2019          **ARENT FOX LLP**

By:   */s/ Stefan Bogdanovich*
   MALCOLM S. MCNEIL
   ISMAEL BAUTISTA, JR
   STEFAN BOGDANOVICH
   Attorneys for Plaintiffs
   PACIFIC SURROGACY USA, LLC and
   YULUN JIANG