MALCOLM S. MCNEIL (SBN 109601)
malcolm.mcneil@arentfox.com
ISMAEL BAUTISTA JR. (SBN 252139)
ismael.bautista@arentfox.com
STEFAN BOGDANOVICH (SBN 324525)
stefan.bogdanovich@arentfox.com
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, California 90013-1065
Telephone: 213.629.7400
Facsimile:  213.629.7401

Attorneys for Plaintiffs and Counter-Defendants
PACIFIC SURROGACY USA, INC. and YULUN JIANG

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| PACIFIC SURROGACY USA, LLC, a California Limited Liability Company; YULUN JIANG, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>PATRIOT CONCEPTIONS, LLC, a California Limited Liability Company; HAOTIAN BAI, an Individual; QUNYAO YU, an Individual, DOES 1-25,<br><br>Defendants. | Case No.  8:19-cv-01456 DOC JDEx<br><br>**COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b), OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER RULES 12(d) AND 56 ON HAOTIAN BAI'S COUNTER-CLAIM [Dkt. 35]**<br><br>[Filed Concurrently with Declarations of Qingsilan Gao and Stefan Bogdanovich Request for Judicial Notice, Statement of Uncontroverted Material Facts and Conclusions of Law, and Proposed Order Granting Motion to Dismiss]<br><br>DATE:            October 21, 2019<br>TIME:             8:30 a.m.<br>COURTROOM:   9D |
| HAOTIAN BAI, an individual,<br><br>Counter-Claimant,<br><br>v.<br><br>PACIFIC SURROGACY USA, INC., a California Limited Liability Company; YULUN JIANG, an individual,<br><br>Counter-Defendants. | |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................2

II.  STATEMENT OF FACTS .....................................................4

III. MOTION TO DISMISS ARGUMENT .....................................8

   A.   Legal Standards .......................................................8

   B.   Bai Fails To State Claims For False Advertising And Unfair Competition Under Rule 12(b)(6) .................................8

      1.   Rule 9(b)'s Heightened Pleading Standard Applies To Bai's False Advertising And Related Unfair Competition Claims ....................................................8

      2.   Bai Does Not Plead His False Advertising and Related Claims with the Requisite Particularity ......................10

      3.   Bai's Claim Against Pacific Surrogacy USA For Using The "Pacific Surrogacy" Mark Is Not Actionable as False Advertising ....................................................12

   C.   Bai's Claim for Defamation Is Implausible And The Statements Are Privileged ....................................................13

      1.   Bai's Defamation Claim Is Implausible Because The Average Reasonable Person Would View His Actions As Theft ....................................................14

      2.   Bai's Speculative Defamation Claim Is Implausible Because He Cannot Identify Who Heard the Statements, Nor Distinguish Whether They Are Libel or Slander ...............14

      3.   The Alleged Defamatory Statements Are Covered Under The Litigation Privilege ....................................................15

      4.   The Alleged Defamatory Statements Are Subject To The Common Interest Privilege ....................................................17

   D.   Bai's Counter-claim Should Be Dismissed Under Rule 12(b)(7) For Failing To Join Patriot Conceptions, An Indispensable Party ....18

   E.   Bai's Counter-claims Should Be Dismissed Without Leave To Amend, Since Joinder Of Patriot Conceptions Destroys Subject Matter Jurisdiction ....................................................19

   F.   It Is Not Necessary To Convert This Motion To Dismiss And The Court Should Decline to Do So At This Time ...........................20

IV. MOTION FOR SUMMARY JUDGMENT .....................................21

      1.   The Neither PSUSA nor Jiang Face Vicarious Liability for Independent Contractors' Statements that PSUSA is "Veteran Owned." ....................................................21

      2.   Because Bai's Other False Advertising Claim for Use of the Pacific Surrogacy Marks is Unavailable as a Matter of Law, The Remainder of His State Law Claims Should Also Be Dismissed Without Leave To Amend ....................22

1

**TABLE OF CONTENTS**
**(continued)**

2

Page

3        3.    Injunctive Relief For Bai's False Advertising Claim is

4           Moot Because All the Infringing Material Has Been Removed ...................................................................................23

5  V.     CONCLUSION..............................................................................23

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Abraham v. Lancaster Community Hosp.*,
5     266 Cal. Rptr. 360 (Cal. App. 2d Dist. 1990)................................................16, 17

6

*Ahmed v. Gelfand*,
7     160 F.Supp.2d 408 (E.D.N.Y.2001) ........................................................15

8

*Allergan USA, Inc. v. Prescribers Choice, Inc*,
9     364 F. Supp. 3d 1089 (C.D. Cal. 2019) (Carter, J.)...........................................10

10

*Anderson v. Liberty Lobby, Inc.*,
11     477 U.S. 242 (1986)...........................................................................21

12

*Ashcroft v. Iqbal*,
13     556 U.S. 662 (2009)...................................................................*passim*

14

*Bahrampour v. Lampert*,
    356 F.3d 969 (9th Cir. 2004) ................................................................20

15

*Bell Atl. Corp. v. Twombly*,
16     550 U.S. 544 (2007).......................................................................8, 15

17

*Bobbleheads.com, LLC v. Wright Brothers, Inc.*,
18     259 F. Supp. 3d 1087 (S.D. Cal. 2017) ....................................................9

19

*Celli v. Shoell*,
20     995 F.Supp. 1337 (D.Utah 1998).........................................................15

21

*Celotex Corp. v. Catrett*,
22     477 U.S. 317 (1986).........................................................................21

23

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*,
    173 F.3d 725 (9th Cir. 1999) ............................................................11, 18

24

*Conley v. Gibson*,
25     355 U.S. 41 (1957)..........................................................................15

26

*Dahlia v. Rodriguez*,
27     735 F.3d 1060 (9th Cir. 2013) ...........................................................15

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

8:19-CV-01456 DOC JDEX

- 3 -

NOTICE OF MOTION AND MOTION TO
DISMISS

# TABLE OF CONTENTS
## (continued)

Page

*Engalla v. Permanent Medical Group, Inc.*
  15 Cal. 4th 951 (1997) ...................................................................................9

*Fam. Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*,
  525 F.3d 822 (9th Cir. 2008) .......................................................................17

*Grubbs v. Sheakley Grp., Inc.*,
  807 F.3d 785 (6th Cir. 2015) .......................................................................22

*Janney v. Mills*,
  944 F. Supp. 2d 806 (N.D. Cal. 2013)..........................................................11

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ..................................................................9, 10

*Kenneally v. Bank of Nova Scotia*,
  711 F. Supp. 2d 1174 (S.D. Cal. 2010) .......................................................21

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) .........................................................................8

*Luna Distribg. LLC v. Stoli Group (USA), LLC*,
  Case No. 17-01552, 2018 WL 5099277 (C.D. Cal. July 10, 2018)
  (Carter, J.) ......................................................................................................9

*Mut. Pharm. Co. v. Ivax Pharms.*,
  459 F.Supp.2d 925 (C.D. Cal. 2006) ......................................................13, 23

*PAI Corp. v. Integrated Sci. Sols., Inc.*,
  C-06-5349 .....................................................................................................15

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
  494 F.3d 788 (9th Cir.2007) .........................................................................22

*Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.*,
  642 F. Supp. 2d 1112 (C.D. Cal. 2009) .........................................................9

*Routt v. Amazon.com, Inc.*,
  584 Fed.Appx. 713 (9th Cir.2014) (unpublished) ........................................22

# TABLE OF CONTENTS
## (continued)

Page

*S. Snow Mfg. Co. v. Snow Wizard Holdings, Inc.*,
   829 F. Supp. 2d 437 (E.D. La. 2011)..................................................12

*San Diego County Credit Union v. Citizens Eq. First Credit Union*,
   360 F. Supp. 3d 1039 (S.D. Cal. 2019) .............................................12

*TrafficSchool.com, Inc. v. Edriver Inc.*,
   653 F.3d 820 (9th Cir. 2011) .....................................................10, 12

*U.S. v. Mead*,
   426 F.2d 118 (9th Cir. 1970) ............................................................9

*Vackar v. Package Mach. Co.*,
   841 F. Supp. 310 (N.D. Cal. 1993) ...................................................18

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ......................................................8, 10

*Weeks v. Distinctive Appliance Corp.*,
   1985 WL 3536 (N.D.Ill. Oct.24, 1985) ............................................15

*Weiland Sliding Doors and Windows, Inc. v. Panda Windows and Doors, LLC*,
   814 F. Supp. 2d 1033 (S.D. Cal. 2011) ............................................16

*William H. Morris Co. v. Group W, Inc.*,
   66 F.3d 255 (9th Cir. 1995) .............................................................13

*Young v. City of Visalia*,
   687 F. Supp. 2d 1141 (E.D. Cal. 2009) ............................................20

**Statutes**

43(a) the Lanham Act ...........................................................................21

Bai's Lanham Act .........................................................................22, 23

Bus. & Prof. Code §§ 17200 ..............................................................21

Cal. Bus. & Prof. Code § 17500 ...................................................10, 21

Cal. Civ. Code § 47(b), (c)..................................................................16

1

## TABLE OF CONTENTS
### (continued)

2

| | Page |
|---|---|
3

California Business and Professions Code §§ 17200 and 17500 ...................8, 11, 22

4

California Civil Code § 47(b) ............................................................................16

5

California Civil Code § 47(c) ............................................................................17

6

California's False Advertising Law...................................................................5

7

California's False Advertising and Unfair Competition Laws..................................6

8

Lanham Act..................................................................................................6, 9

9

Lanham Act § 32.............................................................................................22

10

Lanham Act § 43(a) .......................................................................................10

11

**Other Authorities**

12

Fed. R. Civ. P. ................................................................................................21

13

Fed. R. Civ. P. 56(e) ......................................................................................21

14

Fed. R. Civ. P. 12(b)(6)...................................................................................8

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **NOTICE OF MOTION**

2       **PLEASE TAKE NOTICE** that on October 21, 2019, at 8:30 a.m. in

3   Courtroom 9D, located at 411 West 4th Street, Santa Ana, CA, Counter-Defendants

4   Pacific Surrogacy USA, LLC, and Yulun Jiang will and hereby do move to dismiss

5   Counter-Claimant Haotian Bai's Counterclaim, or in the alternative, move for

6   partial summary judgment under Federal Rule of Civil Procedure 56 on the Counter

7   Claim (Dkt. 35).

8       Haotian Bai's Counterclaim should be dismissed without leave to amend.

9   While the Counterclaim is quick to allege fraud, it is late to allege facts. His first

10  three causes of action for false advertising and related unfair competition claims

11  cannot meet Rule 9(b)'s heightened pleading standard by failing to include a single

12  ad it claims is false. Similarly, Bai's claim for defamation is implausible by failing

13  to identify to whom the allegedly defamatory statements were made. Additionally,

14  extrinsic evidence, which Bai threatened counsel with but failed to present to this

15  court, reveal that Bai has no basis to make his false advertising claim, and provides

16  this court grounds to issue summary judgment.

17      This Motion is based on this Notice of Motion and Motion, its Memorandum

18  of Points and Authorities; the concurrently filed Request for Judicial Notice,

19  Declaration of Stefan Bogdanovich, Declaration of Qingsilan Gao, and Statement

20  of Uncontroverted Material Facts, the [Proposed] Order, and such further evidence,

21  briefing, and argument submitted prior to or at the hearing on this Motion.

22      This Motion is made following the conference of counsel pursuant to Local

23  Rule 7-3, which took place on September 3 and 12, 2019.

24  ///

25  ///

26  ///

27  ///

28  ///

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/20897475.2

NOTICE OF MOTION AND MOTION TO
DISMISS
8:19-CV-01456 DOC JDEX

1   DATED:    September 20, 2019        **ARENT FOX LLP**

2
                                         By:    */s/ Stefan Bogdanovich*
3                                               MALCOLM S. MCNEIL
                                                ISMAEL BAUTISTA JR.
4                                               STEFAN BOGDANOVICH
                                                Attorneys for Plaintiffs and Counter-
5                                               Defendants PACIFIC SURROGACY
                                                USA, INC. and YULUN JIANG
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.  **INTRODUCTION**

Haotian Bai's ("Bai") emaciated Counterclaim must be dismissed in its entirety because it fails to sufficiently plead a single cause of action.  Bai alleges false advertising on "Facebook, WeChat and Instagram" without providing the Court a single exhibit indicating *what* advertisement he alleges is false. Nor does he explain *which* social media account made the allegedly false statements, nor *when* these statements were made – despite all this information being freely and readily available online. This is wholly inadequate to meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b), required for allegations of false advertising.

For good reason. Bai possesses copies of these allegedly false social media posts, yet chose not to present them to this Court. Days before filing, Bai, through his counsel, sent Pacific Surrogacy USA, LLC ("PSUSA") and Yulun Jiang ("Jiang") a copy of the posts, asking they be removed. In response, PSUSA and Jiang explained that these statements were made by independent contractors out of PSUSA's control – and, in fact, pointed out that some of the alleged false advertisements actually show PSUSA attempting to clear up customer confusion. In spite of this, Bai sued anyway, but conspicuously omitted these materials from his Counterclaim. Bai would instead have this Court believe some other actionable ads exist, somewhere in the ether.

Although it is not necessary for this Court to consider any outside materials to dismiss Bai's Counterclaim without leave to amend, attached to this motion is Bai's counsel's letter, along with the challenged materials at issue in Bai's Counterclaim, PSUSA and Jiang's response, and evidence showing they are not actionable. If the Court does consider them, it may convert this motion to one for summary judgment.

Bai's claims of false advertising for use the "Pacific Surrogacy" wordmark and for claims being "veteran owned" are both improper as a matter of law. First,

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/20897475.2

- 9 -

NOTICE OF MOTION AND MOTION TO DISMISS
8:19-CV-01456 DOC JDEX

1   PSUSA's use of it owner's wordmark is not actionable as false advertising. Second,

2   the social media posts claiming PSUSA is "veteran owned" were exclusively made

3   by independent contractors on their personal pages, and these non-parties cannot

4   bind PSUSA or Jiang into any transactions. As such, neither PSUSA nor Jiang can

5   have any vicarious liability for their posts.

6       Bai's claim for defamation based on Jiang's state court conversion claim

7   against him is purely speculative and insufficiently pled under Rule 8(a)(2).

8   Moreover, even if true, it is unavailable as a matter of law under California's

9   litigation and common interest privileges. All of Bai's claims, all alleging injury to

10  his new business venture, also fail to join an indispensable party – his new business

11  venture, Defendant Patriot Conceptions, LLC ("Patriot Conceptions"). As such they

12  should be dismissed under rule 12(b)(7).

13      The entirety of Bai's Counterclaim must be dismissed without leave to

14  amend because this Court will lose subject matter jurisdiction if the indispensable

15  party is joined. Bai's only federal question claim–false advertising under the

16  Lanham Act–is unavailable as a matter of law, so it cannot form the basis of any

17  supplemental jurisdiction. Moreover, joinder of the necessary party–Patriot

18  Conceptions–would destroy diversity jurisdiction.

19      Accordingly, the Court need not convert this motion into one of partial

20  summary judgment. Nevertheless, the additional materials show that PSUSA and

21  Jiang cannot have vicarious liability false advertising, and injunctive relief is moot

22  since the challenged posts have since been removed.

23  **II.    STATEMENT OF FACTS**

24      Pacific Surrogacy, LLC ("PS") was formed on or about July 12, 2018

25  between Plaintiff Yulun Jiang and Defendant Haotian Bai, as equal 50/50 share

26  members. First Amended Complaint ("FAC") ¶ 9, Answer ¶ 9, Counterclaim

27  ("CC") ¶ 1. PS operated as a surrogacy agency business. *Id*. at ¶ 9. Bai and Jiang

28  dissolved PS and signed a written dissolution agreement which placed Jiang in

1  charge of winding up the company. CC at ¶ 20, Dkt. 5. Both men then started new

2  competing surrogacy service businesses. Jiang started PSUSA and Bai organized

3  Patriot Conceptions. FAC ¶ 18, Answer ¶ 18.

4       Shortly thereafter, Bai launched a letter writing campaign to PSUSA's largest

5  referral partners, disparaging the "expertise and experience" of his former

6  colleagues and falsely claiming PSUSA put "surrogate mothers… in danger." Dkt.

7  12, 29. This court enjoined Bai from making any further similarly false or

8  misleading statements. *Id*. Bai flouted this Court's Order by failing to provide a

9  complete list of the recipients of these letters at the Order to Show Cause hearing on

10  August 5, 2019. Dkt. 12 at 3 (Order), 28 (Hearing minutes). The recipients which

11  Bai did disclose accounted for approximately two-thirds of PSUSA's business. Dkt.

12  23 (Bai's Declaration), 25 (Jiang's Declaration).

13       Bai claims he was extorted into dissolving the business based on a June 16,

14  2019 text message. *Id*. at ¶ 13. He first alleged this in his cross-complaint in state

15  court, but again, never presented the state court with a full Chinese translation of

16  the actual text message. Jiang did. Request for Judicial Notice ("RJN"), Ex. 6 at

17  105-106. The full translated message read: "Win-win is what I want, and part ways

18  on good terms. No need for meaningless struggles.[1] You will get whatever belongs

19  to you. Do not worry! [*handshake emoji*] Also, as for your wrong doings, I can

20  keep them a secret. I saw some things, and we will talk about the specifics when we

21  meet in person!" *Id*. at 106.

22       In state court, Bai applied for a temporary restraining order ("TRO") based,

23  in part, on his extortion claim. RJN, Ex. 3. The court denied the TRO, ruling that it

24  "cannot conclude at this juncture and on this evidentiary record [of 35 exhibits] that

25  Bai has demonstrated a likelihood of success on the merits of the claims." RJN, Ex.

26  7; Decl. of Stefan Bogdanovich, at ¶ 7.[2]

27

28
---
[1] Bai's translation of this sentence reads "resistance is futile."
[2] Among the evidence presented was a June 11, 2019, WeChat message between Mr. Bai and another PS employee of Bai expressing his own desire to dissolve the company five days before

1      Bai's first Counterclaim alleges that Jiang and PSUSA committed false

2  advertising under the Lanham Act and California's False Advertising Law.

3  Counterclaim ¶¶ 29-33. Bai claims that Jiang and PSUSA advertised that PSUSA

4  was "Pacific Surrogacy" on sites such as Facebook, WeChat and Instagram. *Id*. at

5  ¶¶ 26, 30. He contends this is not true, *id*. at ¶ 30, even though PSUSA's owner,

6  Allan Jiang, owns the registered "Pacific Surrogacy" wordmark and design mark

7  (Reg. No.s 5804128 and 5818675).

8      Bai alleges PSUSA and Jiang tried "to deceive" "customers, partners,

9  surrogates, clients, and others" into believing PSUSA and PS were the same. CC at

10  ¶ 30. Bai also alleges "PSUSA sought to deceive clients and potential clients" by

11  "continu[ing] to [falsely] advertise that it was veteran owned." *Id*. at ¶ 31. Both of

12  these statements are allegedly material. *Id*. at ¶ 32.

13      Bai also relies on these allegations to form the basis of his third cause of

14  action for unfair competition. *Id*. at ¶ 35. Bai's Counterclaim does not include any

15  examples of these "advertisements." He also fails to allege any customers were, in

16  fact, deceived, let alone how Bai was injured by such purported acts.

17      Three days before filing this Counterclaim, Bai, through counsel, sent a cease

18  and desist letter to Jiang and PSUSA's counsel. Ex. 8 at 1. The letter states that

19  PSUSA continued to run online ads claiming "PSU[SA] is Pacific Surrogacy" and

20  "that PSU[SA] is veteran owned." The letter proceeds to attach the five online

21  materials Bai claims are false advertisements. *Id*. at 4-13. The letter also states

22  "[t]hese advertisements expose your client to liability for False Advertising under

23  the Federal Lanham Act, California's False Advertising and Unfair Competition

24

25  Jiang's allegedly threatening message. RJN, Ex. 6, at 4-5, 103. Also presented was a copy of the
    June 16 text message, a bank statement of Bai's withdrawal of $70,000 from PS's bank account

26  on June 19, and his visit to the PS premises on June 20 with Jeffrey Wang, who threatened PS
    employees. *Id*. at 83; Dkt. 5, Ex. 3 (lodged with this Court). There is additional evidence rebutting

27  any claim that extortion took place not yet presented in the state court dissolution case. This
    includes a cordial lunch between Bai and Jiang on June 18 a day after the dissolution, and the

28  organization of Patriot Conceptions, LLC on June 19, two days after the dissolution. FAC, and
    Answer to FAC ¶¶ 16, 18.

1  Laws," *id.* at 1, which are the first three claims for relief in Bai's Counterclaim. The

2  first exhibit was a screenshot image of the "Pacific Surrogacy" Facebook page,

3  operated by PSUSA and indicating the Company is transitioning its business name

4  to "PrimeSurro." *Id.* at 4. The second, third, and fifth exhibits contain claims that

5  PSUSA is veteran owned, which are taken from Catherine Garcia and Kelly

6  Vanderveer's personal social media accounts. *Id.* at 6-10, 13. The fourth exhibit is a

7  post from the Pacific Surrogacy Instagram page from June 13, 2019, which states

8  that Pacific Surrogacy is a veteran owned company. *Id.* at 11. Significantly, this

9  was *prior* to the dissolution of PS on June 18, 2019, while Bai, a veteran, was a part

10  owner.

11         Both Catherine Garcia and Kelly Vanderveer served as independent

12  contractors for Pacific Surrogacy, LLC, while Bai was a partner in the business.

13  UMFs 1-2. Bai's signed Garcia's original independent contractor agreement. UMF

14  1. Garcia has not been in contact with PSUSA management since the dissolution,

15  and has no contractual relationship with either PSUSA or Jiang. *Id.* Vanderveer

16  agreed to work as independent contractor with PSUSA. *Id.* Section 4(a)(i) of all of

17  the contracts with these individuals expressly delineate that "neither party may

18  assume or create obligations on the other party's behalf, and neither party may take

19  any action that creates the appearance of such authority." UMF 3. Section 4(a)(ii) of

20  these contracts also states that the "Contractor has the sole right to control and

21  direct the means, details, manner and method by which the Services will be

22  performed,  and the right to perform the Services at any time, place, or location."

23  UMF 4.

24         Jiang and PSUSA's counsel responded to Bai's letter on September 3, 2019,

25  reminding Bai that the posts claiming PSUSA was veteran owned all came these

26  third parties' personal social media account, which PSUSA and Jiang had no

27  control over. Ex. 9. The letter also pointed out that PSUSA was in the process of

28  changing its name to "PrimeSurrogacy" – to avoid any potential consumer

1    confusion – even though its owner owned the Pacific Surrogacy wordmark and

2    design mark, and even though it previously offered to stop using the Pacific

3    Surrogacy name if Bai would agree to stop sending disparaging letters, which Bai

4    refused. *Id.* Instead, later that evening, Bai filed his Counterclaim, omitting any

5    specific reference to these posts. Bogdanovich Decl. ¶ 10. After PSUSA informed

6    of the third parties of Bai's concerns, they promptly removed the challenged posts.

7    UMF 5. All of PSUSA's social media accounts have since been rebranded to

8    "Prime Surro" or "PrimeSurrogacy" and no longer use the name "Pacific

9    Surrogacy." *Id.*

10        Bai's third claim for relief for unfair competition, in addition to incorporating

11    the previous false advertising allegations, also alleges "Counter Defendants…

12    violate[] HIPPA requirements, violated contractual obligations and employment

13    regulations, personally profited from others work, and have illegal and unfairly

14    sought to steal a complete business from" Bai. CC at ¶ 37. These factual allegations

15    are identical to Bai's allegations in his cross-complaint in the state court dissolution

16    proceeding. RJN, Ex. 2 at ¶ 76.

17        Bai's fourth claim for relief is for defamation. CC at ¶¶ 40-46. He alleges

18    PSUSA and Jiang told PS's former employees, partners and clients that Bai' stole

19    money from Pacific. *Id.* at ¶ 41. He also claims PSUSA and Jiang informed "all" PS

20    employees that they "possessed embarrassing photographs and videos of Bai, and

21    that had Bai terminated" PS. *Id.* at ¶ 22. Prior to making these claims, Jiang filed

22    suit against Bai for conversion based on his withdrawal of $70,000 from the PS

23    bank account without notifying him. RJN, Ex. 1 at 8 (¶ 25) and 27 (Ex. D).

24    ## III.   **MOTION TO DISMISS ARGUMENT**

25        ### A.   **Legal Standards**

26        Counterclaims that fail to state a claim upon which relief can be granted must

27    be dismissed under Federal Rule of Civil Procedure 12(b)(6). Counterclaims that

28    fail to join indispensable parties must be dismissed under Rule 12(b)(7). Lastly,

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

8:19-CV-01456 DOC JDEX

- 14 -

NOTICE OF MOTION AND MOTION TO
DISMISS

1  Counterclaims over which the District Court lacks subject matter jurisdiction must

2  be dismissed under Rule 12(b)(1). "To survive a motion to dismiss, a complaint

3  must contain sufficient factual matter, accepted as true, to state a claim for relief

4  that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl.*

5  *Corp. v. Twombly*, 550 U.S. 544, 554–55, 570 (2007). In evaluating a motion to

6  dismiss, the court may also take judicial notice of "matters of public record," and

7  this will not convert the motion into one for summary judgment. *Lee v. City of Los*

8  *Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

9      **B.    Bai Fails To State Claims For False Advertising And Unfair**

10              **Competition Under Rule 12(b)(6).**

11              1.    Rule 9(b)'s Heightened Pleading Standard Applies To Bai's

12                    False Advertising And Related Unfair Competition Claims.

13      Bai's First and Second Counterclaims fail to state a claim because they

14  cannot meet Rule 9(b)'s heightened pleading standard. "Where, as here, the

15  averments in the complaint necessarily describe fraudulent conduct, Rule 9(b)

16  applies to those averments. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-04

17  (9th Cir. 2003) (applying Rule 9(b) to claim for false advertising and unfair

18  competition under California Business and Professions Code §§ 17200 and 17500).

19  Moreover, when a counterclaim "allege[s] a unified course of conduct," then "'the

20  claim is said to be 'grounded in fraud'… [and] the pleading of that claim as a *whole*

21  must satisfy the particularity requirement of Rule 9(b).'" *Kearns v. Ford Motor Co.*,

22  567 F.3d 1120, 1127 (9th Cir. 2009) (emphasis in original) (*citing Vess v. Ciba-*

23  *Geigy Corp. USA*). This Court, along with several others, has held false advertising

24  claims under the Lanham Act are also subject to the heightened pleading standards

25  of Rule 9(b). *Luna Distribg. LLC v. Stoli Group (USA), LLC*, Case No. 17-01552,

26  2018 WL 5099277, at *15 (C.D. Cal. July 10, 2018) (Carter, J.); *see also Pom*

27  *Wonderful LLC v. Ocean Spray Cranberries, Inc.*, 642 F. Supp. 2d 1112, 1123-24

28  (C.D. Cal. 2009); *Bobbleheads.com, LLC v. Wright Brothers, Inc.*, 259 F. Supp. 3d

1087, 1095–96 (S.D. Cal. 2017).

Bai's first and second claims "allege a unified course of fraudulent conduct," as Bai accuses PSUSA and Jiang of intentionally deceptive advertising. *See* CC at ¶ 30 (Jiang's "goal…was to deceive") and ¶ 31 (""PSUSA sought to deceive."). Bai's false advertising claims are thus "grounded in fraud," because the "[i]ntent to defraud has always been an essential element of common law fraud." *U.S. v. Mead*, 426 F.2d 118, 123 (9th Cir. 1970). The claims also allege that the challenged statements are false. *Id.* at ¶ 30 ("This was, in fact, not true") and ¶ 31 ("This was in fact false"). Finally, the claims allege the challenged statements induce reliance. *Id.* at ¶ 32. Collectively, these allegations account for three of the five elements of fraud under California law, *Engalla v. Permanent Medical Group, Inc.* 15 Cal. 4th 951, 974 (1997), which necessitates Rule 9(b)'s application.

Also, to the extent that Bai's third claim for unfair competition similarly re-alleges the same course of conduct, the heightened pleading standard of Rule 9(b) applies. CC at ¶ 35 ("The acts and conduct of Counter Defendants as alleged above in this Counter Complaint constitute… fraudulent business acts.")[3]

> 2.    Bai Does Not Plead His False Advertising and Related Claims
>        with the Requisite Particularity.

Although Bai is quick to allege fraud, he is late to allege facts. Under Rule 9(b), "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d at 1106 (9th Cir. 2003). "To succeed on an Internet false advertising claim [under § 43(a) of the Lanham Act], a plaintiff must show that (1) a statement made in a commercial advertisement or promotion is false or misleading, (2) that it actually deceives or has the tendency to deceive a substantial segment of its audience, (3) that it's likely to influence purchasing decisions and (4) that the plaintiff has been

---

[3] To the extent portions of Bai's unfair competition claim do not relate to false advertising, the claim lacks supplemental jurisdiction through Bai's federal Lanham Act claim and should be dismissed without leave to amend. *See* pages 17-18 for complete argument.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
8:19-CV-01456 DOC JDEX
- 16 -
NOTICE OF MOTION AND MOTION TO
DISMISS

1    or is likely to be injured by the false advertisement." *TrafficSchool.com, Inc. v.*

2    *Edriver Inc.*, 653 F.3d 820, 828 (9th Cir. 2011).[4] "Claims under the FAL [Cal. Bus.

3    & Prof. Code § 17500] are substantially congruent to those under the Lanham Act."

4    *Allergan USA, Inc. v. Prescribers Choice, Inc*, 364 F. Supp. 3d 1089, 1108 (C.D.

5    Cal. 2019) (Carter, J.) (*citing Cleary v. News Corp.*, 30 F.3d 1255, 1263 (9th Cir.

6    1994)).

7        The Who: Above all, Bai's Counterclaim fails to identify *who* made the

8    statements, because it does not identify which social media accounts made the

9    allegedly fraudulent statements. This runs afoul of Rule 9(b)'s "purpose[]… [of]

10    protect[ing] those *whose* reputation would be harmed as a result of being subject to

11    fraud charges." *Kearns v. Ford Motor Co.*, 567 F.3d at 1125 (9th Cir. 2009)

12    (emphasis added). Nor is it acceptable to take Bai's Counterclaim at face value that

13    some account by "PSUSA and Jiang advertised on-line," since anyone with internet

14    access can create a fake social media account which purports to be either PSUSA or

15    Jiang.

16        The What, When, and Where: "In a deceptive advertising case, Rule 9(b)

17    requires that the plaintiff(s) identify specific advertisements and promotional

18    materials." *Janney v. Mills*, 944 F. Supp. 2d 806, 818 (N.D. Cal. 2013) (Dismissing

19    claims under Cal. Bus. & Prof. Code §§ 17200 and 17500 claim because plaintiff

20    failed to identify the false ads). In *Janney*, the plaintiffs failed to identify "where

21    exactly the statements are located… [t]hus, to the extent that plaintiffs' claims rely

22    on alleged representations made on the Nature Valley® website, Flickr

23    photostream, Facebook page, and YouTube channel, they must be dismissed for

24    failure to allege fraud with particularity." *Id*. Likewise here, Bai does not identify a

25    single specific "Facebook, WeChat [or] Instagram" post he claims is false

26    advertising. Accordingly, Bai's false advertising claims cannot identify *what* ads

27

28    _____
[4] The interstate commerce element of a Lanham Act false advertising claim is "virtually automatic for websites." *Id*. at n.3.

are at issue, **when** they were posted, nor **where** on the world wide web they are located. Such vague allegations fall well short of the Rule 9(b) standard.

The How: Bai also fails to plead the essential element of **how** the statements constitute "commercial advertising or promotion." It is not enough for Bai to cursorily claim the challenged statements were "advertising on-line." "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. To show challenged statements are made in "commercial advertising or promotion," Bai must actually prove the statements are, among other factors[5], "sufficiently disseminated to the relevant purchasing public." *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 735 (9th Cir. 1999). But Bai pleads nothing showing the challenged statements were "sufficiently disseminated to the relevant purchasing public," only that they were uttered somewhere online, by someone.[6] Had Bai pled which social media accounts made what statements, the Court could evaluate whether the statements were "sufficiently disseminated" by evaluating the number of followers the account had, and determine whether those followers are part of "the relevant purchasing public."

The complaint also completely neglects to allege the fourth element of false advertising: **how** Bai is, or is likely to be, injured. *See TrafficSchool.com*, 653 F.3d at 828. Again, had Bai included any of these actual posts, they would show the level of interaction each post had by looking at the people who left comments or likes.

        3.    <u>Bai's Claim Against Pacific Surrogacy USA For Using The "Pacific Surrogacy" Mark Is Not Actionable as False Advertising.</u>

---

[5] The other factors are required to show commercial advertising are: "(1) commercial speech; (2) by a defendant who is in commercial competition with the plaintiff; (3) for the purpose of influencing consumers to buy the defendant's goods or services." *Id.*

[6] In stark contrast, Defendants' representations directly were directly sent to PSUSA's largest referral partners which account for more than 60% of PSUSA's business. Dkt. 25.

1    Bai also claims PSUSA committed false advertising by doing business under

2    the name "Pacific Surrogacy" – a wordmark and design mark which PSUSA's

3    owner, Jiang, owns. However, an owner's use of his or her own registered mark

4    "cannot raise a claim for false advertising." *San Diego County Credit Union v.*

5    *Citizens Eq. First Credit Union*, 360 F. Supp. 3d 1039, 1054 (S.D. Cal. 2019)

6    (dismissing a counterclaim for false advertising based on use of a registered

7    trademark).

8    Even assuming such a suit could be brought, Bai's claim nevertheless must

9    be dismissed because Bai cannot prove that it is false or injurious. First, there is

10    nothing facially false about a business going by its own name and using the

11    federally registered wordmark and design mark its owner owns. *S. Snow Mfg. Co. v.*

12    *Snow Wizard Holdings, Inc.*, 829 F. Supp. 2d 437, 453 (E.D. La. 2011) (a

13    company's use of its registered ® mark "is not a literally false statement because

14    the term was in fact federally registered."). Secondly, accepting as true Bai's

15    allegation that the use of "Pacific Surrogacy' is misleading, it is not actionable false

16    advertising unless and until it actually deceives the relevant purchasing public.

17    "Where a statement is not literally false and is only misleading in context… proof

18    that the advertising actually conveyed the implied message and thereby deceived a

19    significant portion of the recipients becomes critical." *William H. Morris Co. v.*

20    *Group W, Inc.*, 66 F.3d 255, 258 (9th Cir. 1995). In such cases, "plaintiff must

21    demonstrate, by extrinsic evidence, that the challenged [advertisements] tend to

22    mislead or confuse consumers." *Mut. Pharm. Co. v. Ivax Pharms.*, 459 F.Supp.2d

23    925, 933 (C.D. Cal. 2006). Bai's Counterclaim never alleges that any single person

24    was actually deceived by this statement.

25    Nor can Bai plausibly claim consumers were deceived. The Defendants in

26    this case have already ensured that Pacific Surrogacy, LLC's dirty laundry has been

27    aired, since both the July 1 and 3 letters notified the recipients that PSUSA is not

28    PS. Dkt. No. 12, at 2. Indeed, Bai himself says he "sent letters to centers that we

1    had conducted business with when I was at Pacific because I wanted to be sure that

2    people understood that I was no longer at Pacific." Dkt. 23, ¶ 36. These letters went

3    to at least two-thirds of PSUSA's customers, Dkt.s 23, 25. Worse yet, the full scope

4    of Bai's false advertising is unknown since Bai *disobeyed* this Court's Temporary

5    Restraining Order by only providing some – but not all – of letters' recipients. Dkt.

6    12, at 3; Dkt. 28.[7] Moreover, evidence of Bai's other solicitations strongly suggest

7    that other customers are aware of PS's dissolution. See FAC ¶¶ 33-35, 41, 43, 45.[8]

8           Accordingly, because Bai's false advertising cannot plead a single

9    advertisement it claims is false, and became the use of a federal registered mark is

10   not actionable as false advertising, Bai's first three causes of action should be

11   dismissed without leave to amend.

12      C.    **Bai's Claim for Defamation Is Implausible And The Statements**

13            **Are Privileged.**

14          Bai's fourth claim for defamation similarly fails because it fails to plausibly

15   plead negligence, does not identify who heard the allegedly defamatory statements.

16   It is also barred by the litigation and common-interest privileges. Bai's skeletal

17   pleading does not plausibly allege the legal elements for defamation, even under the

18   "a short and plain statement" standard of Rule 8(a)(2). "To survive a motion to

19   dismiss, a complaint must contain sufficient factual matter, accepted as true, to state

20   a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. at 678

21   (2009)." Determining whether a complaint states a plausible claim for relief… [is] a

22   context-specific task that requires the reviewing court to draw on its judicial

23   ────────────────

[7] Bai admitted he sent letters to "various fertility clinic marketing firms" yet only
24   names two of them. Dkt. 23 at ¶ 36.
[8] Bai's denial or ignorance of these allegations is not credible since key portions are
25   contradicted by his own sworn testimony. *Compare* FAC and Answer at ¶ 34 (Bai
     denying the letters being sent to Mengmei, Inc. and others) to Dkt. 23 at ¶¶ 35 and
26   36 (Bai admitting under penalty of perjury that the letters were sent to Mengmei,
     Inc. and at least two other large referral businesses). Moreover, the patently false
27   statements contained in his letters, as well as his disobedience of this Court's orders
     also casts doubt as to his credibility. The Court is well within its power to disregard
28   Bai's denials, since deciding a motion to dismiss requires the Court to "draw on its
     judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679 (2009).

1    experience and common sense." *Id.* at 679.

2            1.    <u>Bai's Defamation Claim Is Implausible Because The Average</u>

3                  <u>Reasonable Person Would View His Actions As Theft</u>

4          Bai cannot plausibly plead that PSUSA and Jiang were negligent in

5    determining the truth of their alleged statements – that Bai stole money from PS.

6    Jiang has bank statements showing Bai plundered $70,000 from PS bank account,

7    leaving behind a paltry $2,000 to wind up of the company. RJN, Ex. 1 at 8 (¶ 25)

8    and at 27 (Ex. D). The bank statements show the withdrawal occurred on June 19,

9    2019 – just one day after Bai signed the dissolution papers and the same day Patriot

10   Conceptions was organized. *Id.*, FAC and Answer at ¶ 3. And the dissolution

11   agreement states that Jiang is in charge of winding up PS, meaning Bai had no right

12   to take this property. Dkt. 5, Ex. 2. Reasonable people exercising ordinary care

13   would call Bai's actions nothing other of theft.

14           2.    <u>Bai's Speculative Defamation Claim Is Implausible Because He</u>

15                 <u>Cannot Identify Who Heard the Statements, Nor Distinguish</u>

16                 <u>Whether They Are Libel or Slander.</u>

17         "[C]ountless district courts have found that the requirements of Rule 8 have

18   not been met in cases where libel and slander claims failed to allege… the time and

19   place in which they were made." *PAI Corp. v. Integrated Sci. Sols., Inc.*, C-06-5349

20   JSW(JCS), 2007 WL 1229329, at *8 (N.D. Cal. Apr. 25, 2007) (collecting cases).

21   To state a defamation claim under Rule 8, a Plaintiff must "merely state… who

22   made the communication, when it was made, and to whom it was communicated."

23   *Ahmed v. Gelfand*, 160 F.Supp.2d 408, 416 (E.D.N.Y.2001) (holding that

24   allegations were insufficient in that case because plaintiff did not identify to whom

25   alleged defamatory statements were made), *Celli v. Shoell*, 995 F.Supp. 1337,

26   1345-46 (D.Utah 1998) (same); *Weeks v. Distinctive Appliance Corp.*, 1985 WL

27   3536 (N.D.Ill. Oct.24, 1985)(same).[9]

28   _____

[9] All these cases dismissed defamation claims before *Twombly* and *Iqbal*, when federal courts

1    Yet Bai cannot point to a single conversation or publication where the

2    alleged defamatory statements were made, nor even distinguish whether they were

3    libel or slander. Instead, Bai vaguely claims PSUSA and Jiang informed "former

4    employees… partners… [and] clients" that Bai "has stolen money from PACIFIC,

5    and on that basis was terminated." CC at ¶ 41. Bai cannot name who any of

6    "[t]hese people" are. *Id*. at ¶ 42.

7    In fact, Bai's defamation claim appears to be based on nothing more than

8    suspicion. Bai knows his dissolved company's "former employees… partners…

9    [and] clients," and indeed has contacted many of them in his own false advertising

10   campaign. As such, if his defamation claim has any merit, he has the means to

11   discover its factual underpinnings. In light of this, Bai's wholly unsubstantiated

12   claims are ripe to be plucked from his Counterclaim. "[I]t is within [this Court's]

13   wheelhouse to reject, as implausible, allegations that are too speculative to warrant

14   further factual development." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir.

15   2013).

16           3.    The Alleged Defamatory Statements Are Covered Under The

17               Litigation Privilege.

18   The only facts Bai actually pleads in support of his defamation claim –

19   assuming they are true – show his claim is barred by the litigation and common-

20   interest privileges. *See* Cal. Civ. Code § 47(b), (c). Jiang and Pacific Surrogacy,

21   LLC have conversion claims against Jiang pending in state court for his

22   unauthorized withdrawal of $70,000 from the PS' bank account one day after the

23   company's dissolution. RJN, Ex. 1 at 8 (¶ 25) and at 27. Moreover, "former

24   employees… partners… [and] clients," have a common interest in knowing what

25   Bai did with the former company's funds.

26   Under California Civil Code § 47(b), the litigation privilege applies to out-of-

27

28   applied the much more lenient "no set of facts" standard from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). This further highlights the weakness of Bai's Counterclaim.

1    court communications made to non-parties with a "'substantial interest in the

2    outcome of the pending litigation' and as such [are] 'participants' therein."

3    *Abraham v. Lancaster Community Hosp.*, 266 Cal. Rptr. 360, 376 (Cal. App. 2d

4    Dist. 1990) (holding that statements made to a local newspaper about a pending

5    antitrust lawsuit against the local hospital were protected by the litigation

6    privilege); *Weiland Sliding Doors and Windows, Inc. v. Panda Windows and*

7    *Doors, LLC*, 814 F. Supp. 2d 1033, 1041 (S.D. Cal. 2011) (granting motion to

8    dismiss on the grounds that a press release to company's customers, vendors, and

9    certain trade publications about a patent infringement suit between a competitor

10    was privileged).

11        Here, the allegedly defamatory statement – that Bai "stole[] money from

12    Pacific" – is at the heart of the Plaintiff Jiang and PS' complaint against Bai in the

13    state court dissolution case. It is thus "inextricably linked to gravamen of the

14    complaint."[10] *See Abraham*, 266 Cal. Rptr. at 376. Moreover, the "alleged

15    communications of the allegations" are made to "former employees… partners…

16    [and] clients," all of which are parties with "a substantial interest in the outcome of

17    the litigation," *id.* at 377, since all these individuals previously worked with Bai and

18    have the option of working with his new venture, Patriot Conceptions.

19        4.    The Alleged Defamatory Statements Are Subject To The

20            Common Interest Privilege.

21        Under California Civil Code § 47(c), the common interest privilege can

22    "protect the [allegedly defamatory] publication if, absent malice, 'the

23    _____

24    [10] Defendants may attempt to argue Plaintiffs PSUSA and Jiang's defamation claims, based on
    the dissemination of the July 1 and 3 letters and other defamatory statements, are also barred by

25    the litigation privilege, but this would be erroneous. Both letters disparage PSUSA's services by,
    among other things, attaching numerous surrogate complaints, and this is also wholly unrelated to

26    Bai's now dismissed complaint. The July 1 letter also falsely claims "surrogate mothers are in
    danger," and this is another assertion which is wholly outside the scope of Bai's now dismissed

27    complaint. Moreover, the July 1 letter's "clearly misleading" claim that Bai's unverified
    allegations were "accepted by the highest court in Orange County" is also not privileged. This

28    statement does not concern the actual factual allegations contained in Bai's now dismissed
    complaint. Instead, it seeks to misappropriate court approval to those allegations. Dkt. 12, at 2-3.

1  communicator and the recipient have a common interest and the communication is

2  of a kind reasonably calculated to protect or further that interest.'" *Fam. Home and*

3  *Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 826–27 (9th Cir.

4  2008). Malice can be shown through a "'hatred or ill will'" or "reckless disregard

5  for the publication's truth." *Id.* at 827. For the purposes of a motion to dismiss, this

6  requires Bai plausibly plead that Counter-Defendants acted with malice if there is a

7  common interest. *Branca v. Heal the World Found.*, CV0907084DMGPLAX, 2010

8  WL 11460003, at *4 (C.D. Cal. Apr. 5, 2010).

9      The "former employees… partners… [and] clients," of PS all share a

10  common interest with PSUSA and Jiang in communicating Bai's theft of PS funds.

11  Regarding former employees, the statements would serve the purpose of deterring

12  further theft of PS funds. Similarly, in *McGrory v. Applied Signal Tech., Inc.*,

13  "statements by management and coworkers to other coworkers explaining why an

14  employer disciplined an employee" were subject to the common interest privilege

15  because "the danger of such breaches occurring in the future may be minimized;

16  and present employees may not develop misconceptions that affect their

17  employment with respect to certain conduct that was undertaken in the past." 152

18  Cal. Rptr. 3d 154, 176 (Cal. App. 6th Dist. 2013). Moreover, it is immaterial that

19  Bai was a partner and not an employee, as the privilege only applies to the interests

20  of the "communicator and the recipient" – which would be Jiang, PSUSA, and the

21  "former employees."

22      Bai's other claim that PSUSA and Jiang told former PS employees they

23  "possessed embarrassing photographs and videos of Bai" is privileged for the same

24  reason. CC at ¶ 22. Both PSUSA, Jiang, and employees both have an "legitimate

25  business interest" in avoiding "liability for sexual harassment." *Vackar v. Package*

26  *Mach. Co.*, 841 F. Supp. 310, 315 (N.D. Cal. 1993) (*citing Garziano v. E.I. Du*

27  *Pont de Nemours & Co.*, 818 F.2d 380 (5th Cir.1987)). Similarly, in *Vackar*, an

28  employer's statements to employees about complaints he heard about another

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

8:19-CV-01456 DOC JDEX

- 24 -

NOTICE OF MOTION AND MOTION TO
DISMISS

1    employee were subject to the common interest privilege because of "his fear of

2    liability for sexual harassment." *Id*.

3        Statements to former PS "partners" and "clients" are also covered by the

4    common interest privilege. The partners and clients share a common business

5    interest in that they have the choice of working with Bai. Similarly, in *Coastal*

6    *Abstract*, *supra*, a statement by one business to a large customer that another

7    competitor "was not paying its bills" was held to be covered by the common

8    interest privilege. 173 F.3d at 736 (9th Cir. 1999).

9        Given that a common interest is established, Bai's complaint fails to

10   plausibly plead that either PSUSA or Jiang acted with any malice in making the

11   defamatory statements. As noted above, Bai cannot even plausibly plead

12   negligence.[11]

13   **D.**    **Bai's Counter-claim Should Be Dismissed Under Rule 12(b)(7) For**

14         **Failing To Join Patriot Conceptions, An Indispensable Party**

15       Rule 12(b)(7) mandates dismissal of Bai's Counterclaim for failing to join

16   Patriot Conceptions, an indispensable "party under Rule 19." Patriot Conceptions is

17   required to be joined under rule 19(a)(1)(B)(ii), because if Bai's claims have merit,

18   then Counter-defendants are "subject to a substantial risk of incurring double,

19   multiple, or otherwise inconsistent obligations." All four of Bai's causes of action

20   allege competitive business injuries to Bai, which are necessarily also injuries of his

21   new business venture, Patriot Conceptions. *See* Counterclaim ¶ 30 (Alleging Jiang

22   and PSUSA sought "to unfairly keep all the assets, clients and good will generated"

23   from PS, which could go to Bai's new venture, Patriot Conceptions), ¶ 33

24   (incorporation by reference), ¶ 36 ("Counter Defendant's [sic] acts of unlawful,

25   unfair and fraudulent competition have caused harm to competition… and to

26   competitors"); ¶ 42  ("Counter Defendant's [sic] acts of unlawful, unfair and

27    

28   [11] This privilege is also unavailable to Bai's defamatory statements in the First Amended complaint. The baseless and literally false statement that "surrogate mothers are in danger" by working with PSUSA and Jiang unmistakably shows malice in the form of "hatred or ill will."

1    fraudulent competition have caused harm to competition… and to competitors”).

2    Without the joinder of Patriot Conceptions, Counter-defendants face the risk of

3    double or inconsistent obligations, if and when Patriot Conceptions files identical

4    claims based on the same set of facts in a different Court.

5          E.    **Bai's Counter-claims Should Be Dismissed Without Leave To**

6              **Amend, Since Joinder Of Patriot Conceptions Destroys Subject**

7              **Matter Jurisdiction.**

8          Yet Patriot Conceptions cannot be joined to Bai's state law counterclaims

9    (second through fourth causes of action), since joinder would destroy this Court's

10   subject matter jurisdiction.[12] There is no diversity jurisdiction because Patriot

11   Conceptions is a Californian citizen, *see* FAC and Answer to FAC ¶ 3, and both

12   Jiang and PSUSA are also California citizens. *See* FAC and Answer to FAC at ¶ 1-

13   2.

14         If this court dismisses, or issues summary judgment on, Bai's federal false

15   advertising claim, then supplemental jurisdiction over any of Bai's state law claims

16   is eviscerated. The exercise of supplemental jurisdiction is proper when state law

17   claims "share[] a 'common nucleus of operative fact' with the federal claims and

18   the state and federal claims would normally be tried together." *Bahrampour v.*

19   *Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). Yet none of Bai's state law claims

20   have any factual overlap with Plaintiffs' federal claim. Plaintiffs' claim for false

21   advertising under the Lanham Act is wholly concerned with the false

22   representations of Bai, Yu, and other Patriot Conceptions agents. On the other hand,

23   Defendant's state law claims all vaguely allege representations made by different

24   speakers to unnamed persons. Moreover, Defendant's third cause of action for

25   unfair business practices sweeps in an entire trove of wholly unrelated facts which

26

27   ---

[12] By failing to join Patriot Conceptions, Bai attempts to use the LLC form as both a shield and sword. Bai presumably created Patriot Conceptions to protect himself from personal liability, and yet he neglects to join Patriot Conceptions to attack his competitors, in violation of the Federal Rules.

28

1    are at issue in the state court dissolution proceedings. *Compare* CC at ¶ 37 to RJN,

2    Ex. 2 at ¶ 76. Nor can Bai's first cause of action be the basis for supplemental

3    jurisdiction, since it too, must be dismissed for the reasons detailed above as well as

4    below.

5         Since joinder of Patriot Conceptions under rule 19 would only necessitate

6    another motion to dismiss under rule 12(b)(1), Bai's counterclaims should be

7    dismissed without leave to amend.

8    **F.    It Is Not Necessary To Convert This Motion To Dismiss And The**

9    **Court Should Decline to Do So At This Time.**

10        "Whether to consider or decline to consider materials outside the pleadings

11   and convert a motion to dismiss into a motion for summary judgment under Rule

12   12(d) is a matter within the court's discretion." *Young v. City of Visalia*, 687 F.

13   Supp. 2d 1141, 1143 (E.D. Cal. 2009) (dismissing claims under 12(b)(6) in lieu of

14   considering outside materials and converting it into a motion for summary

15   judgment). Conversion to a motion for summary judgment necessarily delays and

16   raises the costs of litigation, as "[a]ll parties must be given a reasonable opportunity

17   to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). In

18   exercising this discretion, the Federal Rules "should be construed, administered,

19   and employed by the court and the parties to secure the just, speedy, and

20   inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

21        For the reasons detailed above, Bai's pleadings and matters of public record

22   establish that this the court should dismiss all of Bai's claims without leave to

23   amend. As such, it is not necessary to convert this into a motion for summary

24   judgment, and the Court should decline to do so.

25   **IV.   MOTION FOR SUMMARY JUDGMENT**

26        PSUSA and Jiang are entitled to summary judgment on Bai's false

27   advertising claims because the statement that PSUSA is "veteran owned" was made

28   by third parties outside of PSUSA and Jiang's control, and because the injunctive

relief sought by Bai is moot.

To prevail on a motion for summary judgment, a party must demonstrate that there is no genuine issue of material fact as to each element of the case and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). To defeat the motion, the opposing party must set forth specific facts showing there is a genuine issue for trial. The opposing party must present evidence sufficient for a reasonable jury to find for it instead of the moving party. Fed. R. Civ. P. 56(e); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

1. <u>The Neither PSUSA nor Jiang Face Vicarious Liability for Independent Contractors' Statements that PSUSA is "Veteran Owned."</u>

Under California law, a claim under Bus. & Prof. Code §§ 17200 or § 17500 "'cannot be predicated on vicarious liability… A defendant's liability must be based on his personal participation in the unlawful practices and unbridled control over the practices that are found to violate section 17200 or 17500.'" *Kennealy v. Bank of Nova Scotia*, 711 F. Supp. 2d 1174, 1192–93 (S.D. Cal. 2010) (*citing Emery v. Visa Int'l Serv. Ass'n*, 116 Cal.Rptr.2d 25, 33 (Cal. App. 3rd Dist. 2002). Vicarious liability for false advertising under § 43(a) the Lanham Act is only applicable "when the defendant and the infringer have an actual or apparent partnership, have authority to bind one another in transactions, or exercise joint ownership or control over the infringing product." *Grubbs v. Sheakley Grp., Inc.*, 807 F.3d 785, 793 (6th Cir. 2015); *see also Routt v. Amazon.com, Inc.*, 584 Fed.Appx. 713, 716 (9th Cir.2014) (applying same test to false designation of origin claims under § 43(a) of the Lanham Act)(unpublished); *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir.2007) (applying same test for trademark infringement under § 32 of the Lanham Act).

As applied here, Bai is not entitled to any relief for any of the statements that PSUSA is "veteran owned" because they were exclusively made by either

1  Catherine Garcia or Kelly Vanderveer. His claims under Cal. Bus. & Prof. Code §

2  17200 and 17500 fail because the statements are made by these third parties, and

3  not by Jiang nor PSUSA themselves. Bai's Lanham Act claim also fails because he

4  cannot show PSUSA or Jiang are vicariously liable for either third party's posts on

5  their personal social media accounts. First, Garcia does not work for PSUSA. UMF

6  1. Second, Section 4(a)(ii) of both Kelly Vanderveers' August 1 and 28 contracts

7  with PSUSA expressly delineate that "neither party may assume or create

8  obligations on the other party's behalf, and neither party may take any action that

9  creates the appearance of such authority." UMF 3. This provision explicitly

10 disclaims any "actual or apparent partnership" between PSUSA and Vanderveer,

11 and does not give Vanderveer the "authority to bind" PSUSA into any transaction

12 does the independent contractor agreement allow Vanderveer to exercise joint

13 ownership or control over PSUSA's services.

14          2.   <u>Because Bai's Other False Advertising Claim for Use of the</u>

15              <u>Pacific Surrogacy Marks is Unavailable as a Matter of Law, The</u>

16              <u>Remainder of His State Law Claims Should Also Be Dismissed</u>

17              <u>Without Leave To Amend.</u>

18       For the aforementioned reasons, PSUSA and Jiang are not vicariously liable

19 for the statements that PSUSA is "veteran owned." Additionally, since Bai's other

20 factual allegation of false advertising for use of the "Pacific Surrogacy" wordmark

21 and design mark is not actionable as a matter of law, the Court may issue summary

22 judgment on his first Counterclaim for false advertising under the Lanham Act.

23 With federal question jurisdiction eliminated, the rest of Bai's state law

24 Counterclaim should be dismissed without leave to amend, since it fails to join

25 Patriot Conceptions, an indispensable party and because joinder of Patriot

26 Conceptions would eliminate subject matter jurisdiction.

27          3.   <u>Injunctive Relief For Bai's False Advertising Claim is Moot</u>

28              <u>Because All the Infringing Material Has Been Removed.</u>

1    To the extent that Bai's claim for PSUSA continuing the use the Pacific

2  Surrogacy marks is actionable false advertising, it "has been rendered moot by the

3  [counter]defendants subsequent act of removing the offending material from their

4  web sites." *Mut. Pharm. Co. v. Ivax Pharm., Inc.*, 459 F. Supp. 2d 925, 944 (C.D.

5  Cal. 2006). Since all of these third parties promptly removed the challenged posts

6  on Facebook and Instagram, and because all of PSUSA's social media accounts

7  have since been rebranded to "Prime Surro" and "Prime Surrogacy," UMF 5, Bai's

8  claims for injunctive relief is moot.

9  **V.    CONCLUSION**

10    Bai fails to state a claim for any of his counterclaims. All of them are

11  incorrigibly vague, and where factually specific, they largely show those claims are

12  unavailable as a matter of law. Accordingly, the Counterclaim in its entirety should

13  be dismissed without leave to amend.

14    Alternatively, the Court may convert this motion into a motion for partial

15  summary judgment and rule that all of Bai's Lanham Act claim is unavailable as a

16  matter of law, and dismiss the three state law causes of action without leave to

17  amend.

18

19  DATED:    September 20, 2019        **ARENT FOX LLP**

20

21                      By:    */s/ Stefan Bogdanovich*

22                      MALCOLM S. MCNEIL
                        ISMAEL BAUTISTA JR.

23                      STEFAN BOGDANOVICH
                        Attorneys for Plaintiffs and Counter-

24                      Defendants PACIFIC SURROGACY
                        USA, INC. and YULUN JIANG

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES