MALCOLM S. MCNEIL (SBN 109601)
malcolm.mcneil@arentfox.com
ISMAEL BAUTISTA JR. (SBN 252139)
ismael.bautista@arentfox.com
STEFAN BOGDANOVICH (SBN 324525)
stefan.bogdanovich@arentfox.com
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, California 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401

Attorneys for Plaintiffs and Counter-Defendants
PACIFIC SURROGACY USA, INC. and YULUN JIANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

PACIFIC SURROGACY USA, LLC, a California Limited Liability Company; YULUN JIANG, an Individual,

Plaintiffs,

v.

PATRIOT CONCEPTIONS, LLC, a California Limited Liability Company; HAOTIAN BAI, an Individual; QUNYAO YU, an Individual, DOES 1-25,

Defendants.

HAOTIAN BAI, an individual,

Counter-Claimant,

v.

PACIFIC SURROGACY USA, INC., a California Limited Liability Company; YULUN JIANG, an individual,

Counter-Defendants.

Case No. 8:19-cv-01456 DOC JDEx

**DECLARATION OF STEFAN BOGDANOVICH IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

[Filed Concurrently with Motion to Dismiss, Declaration of Qingsilan Gao Request or Judicial Notice, Statement of Uncontroverted Material Facts and Conclusions of Law, and Proposed Order Granting Motion to Dismiss]

DATE: October 21, 2019
TIME: 8:30 a.m.
COURTROOM: 9D

I, Stefan Bogdanovich, hereby declare:

1. I am an attorney admitted to practice in the State of California and before this Court. I am an associate at the law firm of Arent Fox LLP, and represent Plaintiffs Pacific Surrogacy USA, LLC ("PSUSA") and Yulun Jiang in this case as well as the related Orange County Superior Court case *Yulun Jiang, et al. v. Haotian Bai, et al.* (30-2019-01078573-CU-BT-CJC). I have personal knowledge of the information contained in this Declaration, and if requested could and would testify thereto.

2. On June 26, 2019, Yulun Jiang, individually, as well as derivately on behalf of Pacific Surrogacy, LLC, filed a complaint against Haotian Bai ("Bai") for, among other things, withdrawing $70,000 from the Pacific Surrogacy, LLC bank account a day after signing the dissolution papers. A true and correct copy of this complaint, filed in the state court case 30-2019-01078573-CU-BT-CJC, is attached hereto as **Exhibit 1**. The complaint was originally filed by the law firm of Shioda & Kim, APLC.

3. On July 24, 2019, Bai re-filed a cross-complaint in same state court case. A true and correct copy of this cross-complaint is attached hereto as **Exhibit 2**. On Thursday, July 25, 2019, Bai filed for an *ex parte* application in state court for a temporary restraining order seeking to gain access to most of Pacific Surrogacy, LLC's property. Bai did not wait to dismiss his identical complaint, which was removed to federal court, until 4:40 p.m. on Friday, July 26, 2019. A hearing on the state court *ex parte* application had already taken place by then.

4. Bai's counsel did not notify Arent Fox LLP of the July 25, 2019 *ex parte* application, and instead notified James A. Kim, of Shioda & Kim, APLC. Arent Fox LLP did not discover Bai's *ex parte* application until after a hearing on it was held. This is despite the fact that Bai's counsel notified Arent Fox LLP of Bai's earlier July 23, 2019 *ex parte* application in his first case which was later removed to federal court. *See* Dkt. 22, ¶ 3, Ex. B (Brent Sims Declaration). A true and

correct copy of the July 25, 2019 *ex parte* application is attached hereto as **Exhibit 3**. The proof of service on page 20 indicates it was sent to Shioda & Kim APLC, and not Arent Fox LLP. Bai also filed a declaration in support of his ex parte application, which included 18 separate exhibits. A true and correct copy of Bai's declaration and exhibits is attached hereto as **Exhibit 4**.

5. James A. Kim able to arrive to the hearing and notified the Court that the case had been removed to federal court, so the Court continued the hearing. Arent Fox LLP was substituted as counsel in the state court case days later on July 30, 2019. A true and correct copy a substitution of attorney form filed in statement court is attached hereto as **Exhibit 5**.

6. The state court later vacated the hearing on Bai's *ex parte* application. On August 9, 2019, Bai re-filed the *ex parte* application in the state court case, seeking the same temporary restraining order. PSUSA and Jiang filed an opposition on the same day. It attached 17 additional exhibits for the court to consider. A true and correct copy of the opposition is attached hereto as **Exhibit 6**.

7. On August 12, 2019, the state court issued a Minute Order denying Bai's *ex parte* application. A true and correct copy of the order is attached hereto as **Exhibit 7**. The total evidentiary record submitted to the state court was 35 separate exhibits.

8. These first seven exhibits attached to my declaration all concern a parallel state court action between the same parties to the instant action relating to the same business.

9. On Friday, August 30, 2019 at 6:00 p.m., on the eve of Labor Day weekend, Bai's counsel sent PSUSA and Jiang a cease and desist letter, concerning the social media posts which allegedly "expose" Jiang "to liability for False Advertising under the Federal Lanham Act and California's False Advertising and Unfair Competition Laws." It proceeded to attached five exhibits of social media posts which it claimed constituted false advertising. A true and correct copy of this

letter and its attachments is attached hereto as **Exhibit 8**.

10. On Tuesday, September 3, 2019, at approximately 4:00 p.m., Plaintiffs and Counter-Defendants' sent a response letter which pointed out that those exhibits were not actionable. The letter explained the legal basis for why these were posts were not actionable. It also notified Bai's counsel that Plaintiffs would move to dismiss the counterclaim if it was filed on these grounds. A true and correct copy of this letter is attached hereto as **Exhibit 9**. Bai proceeded to file his counterclaim, on these same legal grounds, but without attaching the exhibits, later that evening at approximately 7:00 p.m.

11. On September 12, 2019, during Plaintiffs and Defendant Haotian Bai's Rule 26(f) scheduling conference, I reiterated that Plaintiffs' counsel planned to file a dispositive motion on Bai's counterclaim for these same deficiencies.

12. Bai's counsel previously told this Court my representation to him that he had 24 hours to respond to PSUSA and Jiang's *ex parte* application was untrue. Dkt 22, ¶ 8, Ex. E. However, as my communication to him illustrates, I was complying with Local Rule 7-19 and this Court's instructions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 20, 2019, at Los Angeles, California.

*/s/ Stefan Bogdanovich*
Stefan Bogdanovich