MALCOLM S. MCNEIL (SBN 109601)
malcolm.mcneil@arentfox.com
ISMAEL BAUTISTA JR. (SBN 252139)
ismael.bautista@arentfox.com
STEFAN BOGDANOVICH (SBN 324525)
stefan.bogdanovich@arentfox.com
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, California 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401

Attorneys for Plaintiffs and Counter-Defendants
PACIFIC SURROGACY USA, INC. and YULUN JIANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| PACIFIC SURROGACY USA, LLC, a California Limited Liability Company; YULUN JIANG, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>PATRIOT CONCEPTIONS, LLC, a California Limited Liability Company; HAOTIAN BAI, an Individual; QUNYAO YU, an Individual, DOES 1-25,<br><br>Defendants.<br><br>HAOTIAN BAI, an individual,<br><br>Counter-Claimant,<br><br>v.<br><br>PACIFIC SURROGACY USA, INC., a California Limited Liability Company; YULUN JIANG, an individual,<br><br>Counter-Defendants. | Case No. 8:19-cv-01456 DOC JDEx<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW SUPPORTING MOTION FOR PARTIAL SUMMARY JUDGMENT ON HAOTIAN BAI'S COUNTERCLAIM**<br><br>[Filed Concurrently with Motion to Dismiss, Request for Judicial Notice, Declarations of Qingsilan Gao and Stefan Bogdanovich, and Proposed Order Granting Motion to Dismiss]<br><br>DATE: October 21, 2019<br>TIME: 8:30 a.m.<br>COURTROOM: 9D |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

8:19-cv-01456 DOC JDEx

STATEMENT OF UNCONTROVERTED MATERIAL FACTS

AFDOCS/20840025.1

Plaintiffs PAX Water Technologies, Inc. and PSI Water Technologies, Inc. respectfully submit their Statement of Uncontroverted Facts and Conclusions of Law pursuant to Local Rule 56-1 in support of Plaintiffs' Motion for Partial Summary Judgment on Plaintiffs' First Amended Complaint. Dkt. No. 35.

## STATEMENT OF UNCONTROVERTED FACTS

| **Uncontroverted Facts** | **Supporting Evidence** |
| --- | --- |
| 1. Catherine Garcia served as an independent contractor for Pacific Surrogacy, LLC, while Bai was a partner in the business. Bai's signed Garcia's original independent contractor agreement. Garcia has not been in contact with Pacific Surrogacy USA, LLC management since the dissolution, and has no contractual relationship with either Pacific Surrogacy USA, LLC or Yulun Jiang. | Gao Decl. ¶¶ 3 and 5.<br><br>Gao Decl., Ex. 10 (Independent Contractor agreement signed by Bai). |
| 2. Kelly Vanderveer served as an independent contractor for Pacific Surrogacy, LLC, while Bai was a partner in the business. Bai's signed Vanderveer's original independent contractor agreement. After the dissolution of Pacific Surrogacy, LLC, Vanderveer agreed to work as independent contractor with PSUSA. | Gao Decl. ¶¶ 6, 7.<br><br>Gao Decl., Ex. 11 (Independent Contractor agreement signed by Bai).<br><br>Gao Decl., Ex.s 12, 13. |

| | | |
|---|---|---|
| 3. | Section 4(a)(i) of all of the contracts between Catherine Garcia and Pacific Surrogacy, LLC, between Kelly Vanderveer and Pacific Surrogacy, LLC, and between Kelly Vanderveer and Pacific Surrogacy USA, LLC, expressly delineates that "neither party may assume or create obligations on the other party's behalf, and neither party may take any action that creates the appearance of such authority." | Gao Decl., Ex. 10 at 3.<br><br>Gao Decl., Ex. 11 at 3.<br><br>Gao Decl., Ex. 12 at 4.<br><br>Gao Decl. Ex., 13 at 3. |
| 4. | Section 4(a)(ii) of all of the contracts between Catherine Garcia and Pacific Surrogacy, LLC, between Kelly Vanderveer and Pacific Surrogacy, LLC, and between Kelly Vanderveer and Pacific Surrogacy USA, LLC states that the "Contractor has the sole right to control and direct the means, details, manner and method by which the Services will be performed, and the right to perform the Services at any time, place, or location." | Gao Decl., Ex. 10 at 3.<br><br>Gao Decl., Ex. 11 at 3.<br><br>Gao Decl., Ex. 12 at 4.<br><br>Gao Decl. Ex., 13 at 3. |
| 5. | After PSUSA informed of the third parties of Bai's concerns about calling PSUSA "veteran owned," they promptly removed the challenged posts. All of | Gao Decl., ¶ 8. |

| | |
|---|---|
| PSUSA's social media accounts have since been rebranded to "Prime Surro" or "PrimeSurrogacy" and no longer use the name "Pacific Surrogacy." | |
| 6. Yulun Jiang, the owner of Pacific Surrogacy, USA, LLC, is the owner of the federally registered "Pacific Surrogacy" wordmark and design mark. | Reg. No. 5804128 (wordmark).<br><br>Reg. No. 5818675 (design mark). |

## CONCLUSIONS OF LAW

1. Summary judgment is appropriate where the record shows that "there is no genuine dispute as to any material fact and thus the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

2. The moving party bears the initial burden of demonstrating the absence of a "'genuine issue of material fact for trial.'" *Miller v. Glenn Miller Prods.*, 318 F. Supp. 2d 923, 932 (C.D. Cal. 2004).

3. To overcome a motion for summary judgment, the opposing party must set forth specific facts indicating that there is a genuine issue for trial. In other words, the party must present evidence sufficient for a reasonable jury to find for it instead of the moving party. Fed. R. Civ. P. 56(e); see *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

4. Under California law, a claim under Bus. & Prof. Code §§ 17200 or § 17500 "'cannot be predicated on vicarious liability… A defendant's liability must be based on his personal participation in the unlawful practices and unbridled control over the practices that are found to violate section 17200 or 17500.'" *Kenneally v. Bank of Nova Scotia*, 711 F. Supp. 2d 1174, 1192–93 (S.D. Cal. 2010)

ATTORNEYS AT LAW
LOS ANGELES

8:19-cv-01456 DOC JDEx — - 4 - — STATEMENT OF UNCONTROVERTED MATERIAL FACTS

(*citing Emery v. Visa Int'l Serv. Ass'n*, 116 Cal.Rptr.2d 25, 33 (Cal. App. 3rd Dist. 2002).

5. Vicarious liability for false advertising under § 43(a) the Lanham Act is only applicable "when the defendant and the infringer have an actual or apparent partnership, have authority to bind one another in transactions, or exercise joint ownership or control over the infringing product." *Grubbs v. Sheakley Grp., Inc.*, 807 F.3d 785, 793 (6th Cir. 2015); *see also Routt v. Amazon.com, Inc.*, 584 Fed.Appx. 713, 716 (9th Cir.2014) (applying same test to false designation of origin claims under § 43(a) of the Lanham Act)(unpublished); *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir.2007) (applying same test for trademark infringement under § 32 of the Lanham Act).

6. Bai claims under Cal. Bus. & Prof. Code § 17200 and 17500 fail because the statements are made by these third parties, and not by Jiang nor PSUSA themselves.

7. Bai's Lanham Act claim also fails because he cannot show Pacific Surrogacy USA, LLC ("PSUSA") or Jiang are vicariously liable for either third party's posts on their personal social media accounts. First, Garcia does not work for PSUSA. Second, Section 4(a)(ii) of both Kelly Vanderveers' August 1 and 28 contracts with PSUSA expressly delineate that "neither party may assume or create obligations on the other party's behalf, and neither party may take any action that creates the appearance of such authority." This provision explicitly disclaims any "actual or apparent partnership" between PSUSA and Vanderveer, and does not give Vanderveer the "authority to bind" PSUSA into any transaction does the independent contractor agreement allow Vanderveer to exercise joint ownership or control over PSUSA's services.

8. An owner's use of his or her own registered mark "cannot raise a claim for false advertising." *San Diego County Credit Union v. Citizens Eq. First Credit Union*, 360 F. Supp. 3d 1039, 1054 (S.D. Cal. 2019).

9. Bai's claim for false advertising based on PSUSA doing business under the the name "Pacific Surrogacy" is not actionable false advertising because PSUSA's owner, Jiang, owns the "Pacific Surrogacy" wordmark and design mark.

10. Injunctive relief for false advertising is "rendered moot by the [counter]defendants subsequent act of removing the offending material from their web sites." *Mut. Pharm. Co. v. Ivax Pharm., Inc.*, 459 F. Supp. 2d 925, 944 (C.D. Cal. 2006).

11. Bai's claim for injunctive relief for false advertising is moot because all of these third parties promptly removed the challenged posts on Facebook and Instagram, and because all of PSUSA's social media accounts have since been rebranded to "Prime Surro" and "Prime Surrogacy," UMF 5, Bai's claims for injunctive relief is moot.

DATED: September 20, 2019          **ARENT FOX LLP**

By: /s/ Stefan Bogdanovich
MALCOLM S. MCNEIL
ISMAEL BAUTISTA JR.
STEFAN BOGDANOVICH
Attorneys for Plaintiffs and Counter-Defendants
PACIFIC SURROGACY USA, INC. and YULUN JIANG