Hubert H. Kuo (SBN 204036)
Brian P. Stewart (SBN 147718)
David Yu (SBN 276471)
ARDENT LAW GROUP, P.C.
4340 Von Karman Ave., Ste. 290
Newport Beach, CA 92660
Telephone:  (949) 299-0188
Facsimile:   (949) 299-0127

Attorneys for Defendants, PATRIOTIC CONCEPTIONS, LLC and QUNYAO YU

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| PACIFIC SURROGACY USA, LLC, a California Limited Liability Company; YULUN JIANG, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>PATRIOT CONCEPTIONS, LLC, a California Limited Liability Company; HAOTIAN BAI, an individual; QUNYAO YU, an individual; DOES 1-25,<br><br>Defendants. | Case No. 8:19-cv-01456-DOC-JDEx<br>Assigned to Hon. Judge David O. Carter<br>Courtroom: 9D<br><br>**OPPOSITION TO PLAINTIFF'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) COUNTER-COMPLAINANT HAOTIAN BAI'S FOURTH CLAIM UNDER CAL CIVIL CODE § 425.16**<br><br>Date:  November 4, 2019<br>Time:  8:30 a.m.<br>Ctrm: 9D |

THE SPECIAL MOTION TO STRIKE SHOULD NOT BE GRANTED BECAUSE THE COUNTER-DEFENDANT'S ACTS WERE NOT IN FURTHERANCE OF DEFENDANT'S RIGHT OF PETITION IN CONNECTION WITH A PUBLIC ISSUE AS DEFINED IN CODE OF CIVIL PROCEDURE SECTION 425.16(e).

1
**DEFENDANTS' OPPOSITION TO PLAINTIFF'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) COUNTER-COMPLAINANT HAOTION BAI'S FOURTH CLAIMM UNDER CAL CIVIL CODE § 425.16**

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL BACKGROUND

On June 24, 2019, YUL UN JIANG ("JIANG"), and PACIFIC filed suit in Orange County Superior Court, Case No. 30-2019-01078573-CU-BT-CJC (the State Court Case) (See Request for Judicial Notice ["RJN"] Exhibit "A"). Later that same week, and prior to his knowledge that another case had been filed, BAI filed suit in Orange County Superior Court, case number 30-219-0179615-CU-BT-CJC. BAI eventually dismissed his Complaint and on July 25, 2019 filed a Cross-Complaint in the State Court Case [RJN Exhibit "B"]. On or about July 30, 2019 Plaintiff's filed their complete in this action. Thereafter, on August 20, 2019 Plaintiff's filed their First Amended Complaint ("FAC"). BAI filed his answer and Counter Claim on September 3, 2019.

## II. INTRODUCTION

This matter originates from a simple dispute between two business partners which culminated in the dissolution of their business PACIFIC SURROGACY, LLC ("PS"). Plaintiff/Counter-Defendant YUL UN JIANG ("JIANG") informed HAOTIAN BAI ("BAI") that he wanted to dissolve PS based upon his assertions that BAI was having an affair with a co-worker. PS was dissolved shortly thereafter when JIANG told BAI that if BAI did not sign dissolution papers, JIANG would show illicit photographs and videotapes of BAI to his friends and family. Instead of dissolving the company and dividing assets, JIANG shifted all of PACIFIC's customers, assets, contracts and vendors to his new business PACIFIC SURROGACY, USA, LLC ("PSUSA"). BAI sought legal counsel and eventually retained Jeffrey Wang of WHGC, P.L.C. to represent him in his dispute with JIANG (Declaration of Haotian Bai ["BAI Dec ¶ 14). Wang proceeded to provide BAI with dubious advice as to how to handle the situation. Initially, WANG told BAI to withdraw funds from the PS bank account in order to mitigate my damages (BAI Dec ¶ 14).

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

Almost immediately following the withdrawal of the funds, JIANG sent a group Wechat message announcing that PS would be shutting down and that he would be opening a new business PACIFIC SURROGACY USA, LLC ("PSUSA") (see Declaration of Elena Chute ["Chute Dec"] ¶2).  JIANG then told employees of PS that he had fired BAI because BAI was stealing from the business and having an affair with an employee ("Chute Dec" ¶ 3).   In and around June 20 - 25, 2019, several employees informed BAI of what JIANG was saying (BAI Dec ¶ 17).  BAI was upset by these representations and wanted the opportunity to clear his name. On July 1, 2019 BAI wrote and delivered a letter to one of the agencies that PS had used attempting to clear his name from the false accusations being made by JIANG. (BAI Dec ¶ 18).   He then consulted Jeffrey Wang about sending a letter to vendors who had dealt with BAI while he was at PS (BAI Dec ¶ 19).  Wang's office not only reviewed and approved the second letter, but actually revised the letter for BAI's signature (BAI Dec ¶ 19).

A.  <u>Defendant Bears Initial Burden to Make a Prima Facie Showing</u>.

A defendant who brings a special motion to strike under Code Civ. Proc. § 425.16 bears the initial burden of making a prima facie showing that the **plaintiff's cause of action arose from the defendant's acts in furtherance of the defendant's right of petition** or free speech under the United States or California Constitution **in connection with a public issue**. A defendant's special motion to strike should be denied if the defendant fails to meet this initial prima facie showing (*Abuemeira v. Stephens* (2016) 246 Cal. App. 4th 1291, 201 Cal. Rptr. 3d 437; *Guessous v. Chrome Hearts, LLC* (2009) 179 Cal. App. 4th 1177, 102 Cal. Rptr. 3d 214; *Castillo v. Pacheco* (2007) 150 Cal. App. 4th 242, 251, 58 Cal. Rptr. 3d 305;).

Plaintiffs Anti SLAPP motion fails on the basic issue that the defamatory language alleged in the Counter-Claim **was not made during a judicial proceeding** and has no connection to a "**public issue**".  Plaintiff's attempt to mislead the court by citing to *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

3
**DEFENDANTS' OPPOSITION TO PLAINTIFF'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) COUNTER-COMPLAINANT HAOTION BAI'S FOURTH CLAIMM UNDER CAL CIVIL CODE § 425.16**

(1996) 47 Cal. App. 4th 777, 784, for the proposition that statements made prepatory to or in anticipation of litigation are entitled to the benefits of CCP § 425.16. Plaintiffs fail to disclose that the statements complained of in *Dove Audio* were made to private individuals **by attorneys** who were seeking support for a proposed petition to the Attorney General for an investigation into issues related to Dove Audio's failure to make royalty payments to charity designees. The statements in *Dove Audio* were found to be protected by CCP § 425.16 because **the statements encouraged others to speak out on a matter of public interest.**

In an extremely similar situation, in a former employee's defamation action against a local and a national union for the Internet-posting of a statement that he was terminated from his position as assistant business manager of the local union for financial mismanagement, the unions' motion to strike the defamation claim did not satisfy the requirements of the statute against strategic lawsuits against public participation or the anti-SLAPP statute at CCP § 425.16(e)(3) or (4) because the statement was not made in the context of an ongoing controversy of public significance in which participation might be squelched if the right to make the statement were not protected; hence, the unions did not make a prima facie showing that the statement was made in connection with a public issue or an issue of public interest within the meaning of the anti-SLAPP statute. (See, *Du Charme v. International Brotherhood of Electrical Workers* (2003), 110 Cal. App. 4th 107, 1 Cal. Rptr. 3d 501). Plaintiffs have not and cannot claim that informing employees that BAI was fired from PS because he stole money are made in connection with some great public interest that requires Anti SLAPP protection. Simply put, Plaintiffs Motion fails to meet the initial burden required by the Anti SLAPP statutes because the statements are not made to further in an important public purpose.

//
//

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

4
**DEFENDANTS' OPPOSITION TO PLAINTIFF'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) COUNTER-COMPLAINANT HAOTION BAI'S FOURTH CLAIMM UNDER CAL CIVIL CODE § 425.16**

### B. Anti-SLAPP Motion Must Be Denied if Plaintiff Demonstrates a Probability of Prevailing on the Claim.

Even if the initial burden had been met that the plaintiff's cause of action arose from the defendant's acts in furtherance of the rights of petition or free speech, the anti-SLAPP motion should be denied if the opposing party demonstrates the probability that the plaintiff will prevail on the claim; that is, the opposing party demonstrates that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited (*Zamos v. Stroud* (2004) 32 Cal. 4th 958, 965, 12 Cal. Rptr. 3d 54, 87 P.3d 802; *Tichinin v. City of Morgan Hill* (2009) 177 Cal. App. 4th 1049, 1062–1089, 99 Cal. Rptr. 3d 661; *Sycamore Ridge Apartments v. Naumann* (2007) 157 Cal. App. 4th 1385, 1412, 69 Cal. Rptr. 3d 561). Plaintiffs attempt to argue in their Anti-SLAPP Motion that the defamatory statements made by JIANG and PSUSA about BAI, specifically that BAI had been terminated for stealing from the company do not amount to defamation. However, these claims are patently false and defamatory. BAI was not fired from Pacific Surrogacy. JIANG and BAI entered into an agreement for dissolution of the Pacific Surrogacy, LLC (*Request for Judicial Notice ("RFJN"),* Exhibit "A"). Furthermore, BAI did not steal money from the company, but instead followed the advice of his then counsel, Jeffrey Wang, to withdraw funds from the Pacific Surrogacy, LLC (*Declaration of Haotian Bai ("Bai Decl.")* ¶ 14). Bai has clearly plead an actionable claim.

> The code definition of slander, like that of libel, is very broad, and has been held to include **almost any language which, upon its face, has a natural tendency to injure a person's reputation,** either generally or with respect to his occupation. (*Schomberg* v. *Walker*, 132 Cal. 224 [64 Pac. 290]; *Stevens* v. *Snow*, 191 Cal. 58 [214 Pac. 968]; *Tonini* v. *Cevasco*, 114 Cal. 266, 272 [46 Pac. 103].) [emphasis added]
>
> *Semple v. Andrews*, 27 Cal. App. 2d 228, 232,

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

5
DEFENDANTS' OPPOSITION TO PLAINTIFF'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) COUNTER-COMPLAINANT HAOTION BAI'S FOURTH CLAIMM UNDER CAL CIVIL CODE § 425.16

Here, stating that BAI was fired for stealing are false statements that were clearly intended to and did damage BAI's reputation. Plaintiffs complain that the Counter-Claim lacks sufficient specificity. Plaintiffs are incorrect in this assertion.

"Less particularity is required when it appears that defendant has superior knowledge of the facts, so long as the pleading gives notice of the issues sufficient to enable preparation of a defense. (*Bradley* v. *Hartford Acc. & Indem. Co*. (1973) 30 Cal.App.3d 818, 825 [106 Cal.Rptr. 718]; *Schessler* v. *Keck* (1954) 125 Cal.App.2d 827, 835 [271 P.2d 588] (upholding pleading on information and belief).) Nor is the allegation defective for failure to state the exact words of the alleged slander. Notwithstanding an early dictum cited here (*Haub* v. *Friermuth* (1905) 1 Cal.App. 556, 557 [82 P. 571]), we conclude that slander can be charged by alleging the substance of the defamatory statement. (See *Lipman* v. *Brisbane Elementary Sch. Dist*. (1961) 55 Cal.2d 224, 235 [11 Cal.Rptr. 97, 359 P.2d 465]"

*Okun v. Superior Court*, 29 Cal. 3d 442, 458, 629 P.2d 1369, 1378-1379, 175 Cal. Rptr. 157, 166-167.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

The *Declaration of Elena Chute* clearly indicates that the defamatory statements were made to the employees at PS, surrogates and partners, and despite Plaintiffs attempts to characterize these statements as being "in anticipation of litigation" they offer no explanation why they would say BAI was fired, when in fact the parties agreed to dissolve PS (*RFJN*, Exhibit "A") and the fact remains that BAI had an ownership interest in the money on deposit in the PS bank account and was advised by his counsel, Jeffrey Wang, to withdraw the funds from the bank account. (*Bai Decl.*, ¶ 14). Both statements: 1) that Bai was fired; and 2) that BAI stole money from PS are false, and have a natural tendency to injure BAI's reputation. As a result BAI is likely to prevail on his counter-claim for defamation.

Respectfully submitted,

ARDENT LAW GROUP, PC

Date: October 9, 2019

*/s/ Brian P. Stewart*
Hubert H. Kuo
Brian P. Stewart
Attorneys for Defendants PATRIOTIC CONCEPTIONS, LLC and QUNYAO YU

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

7
**DEFENDANTS' OPPOSITION TO PLAINTIFF'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) COUNTER-COMPLAINANT HAOTION BAI'S FOURTH CLAIMM UNDER CAL CIVIL CODE § 425.16**

# **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that copies of the foregoing OPPOSITION TO PLAINTIFF'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) COUNTER-COMPLAINANT HAOTIAN BAI'S FOURTH CLAIM UNDER CAL CIVIL CODE § 425.16 was served through ECF on October 9, 2019 upon all parties who have appeared.

*/s/ Hubert Kuo*
Hubert H. Kuo

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

1