1

2   Hubert H. Kuo (SBN 204036)
    Brian P. Stewart (SBN 147718)
3   David Yu (SBN 276471)
    ARDENT LAW GROUP, P.C.
4   4340 Von Karman Ave., Ste. 290
    Newport Beach, CA 92660
5   Telephone:  (949) 299-0188
    Facsimile:   (949) 299-0127

6

7   Attorneys for Defendants, PATRIOTIC
    CONCEPTIONS, LLC and QUNYAO YU

8

9              UNITED STATES DISTRICT COURT

10   CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

11

12   PACIFIC SURROGACY USA,                Case No. 8:19-cv-01456-DOC-JDEx
13   LLC, a California Limited Liability    Assigned to Hon. Judge
     Company; YULUN JIANG, an                          David O. Carter
14   individual;                           Courtroom: 9D

15                                          **REQUEST FOR JUDICIAL
16                Plaintiffs,               NOTICE IN SUPPORT OF
                                            CROSS-COMPLAINANT'S
17   v.                                     OPPOSITION TO  PLAINTIFF'S
                                            SPECIAL MOTION TO STRIKE
18   PATRIOT CONCEPTIONS, LLC, a            (ANTI-SLAPP) COUNTER-
                                            COMPLAINANT HAOTION
19   California Limited Liability           BAI'S FOURTH CLAIM UNDER
     Company; HAOTIAN BAI, an              CAL CIVIL CODE § 425.16**
20   individual; QUNYAO YU, an
     individual; DOES 1-25,
21
22                Defendants.

23

24

25

26

27

28

ARDENT LAW GROUP, PC
4340 Von Karman Ave, Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127
                                    1
              DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

Defendant/Counter-Complainant HAOTIAN BAI ("BAI") hereby requests, pursuant to Federal Rules of Evidence ("FRE"), Rule 201, that the Court take judicial notice of the following documents:

1.      Articles of Organization for Pacific Surrogacy LLC, filed with the California Secretary of State on July 12, 2018 as Entity No. 2001819710525.  A true and correct copy of which is attached hereto as **Exhibit "A"**.

2.      A Complaint filed on June 24, 2019 in the Orange County Superior Court in entitled *Jiang, Yulun, et al. v. Bai, Taotian, et al.*, case no. 30-2019-01078573-CU-BT-CJC (the "State Case").  A true and correct copy of which is attached hereto as **Exhibit "B"**.

3.      A Cross-Complaint filed on July 25, 2019 in the State Case.  A true and correct copy of which is attached hereto as **Exhibit "C"**.

4.      The Declaration of Perla Bahena (Docket [21]) filed in this matter on August 3, 2019.  A true and correct copy of which is attached hereto as **Exhibit "D"**.

Therefore, Defendants respectfully request that this Court take judicial notice of the aforementioned documents.

Respectfully submitted,

ARDENT LAW GROUP, PC

Date: October 9, 2019

*/s/ Hubert H. Kuo*
Hubert H. Kuo
Brian Stewart
David Yu
Attorneys for Defendants, PATRIOTIC CONCEPTIONS, LLC and QUNYAO YU

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

EXHIBIT "A"



**California Secretary of State**
Electronic Filing



FILED
Secretary of State
State of California

## LLC Registration – Articles of Organization

| | |
|---|---|
| **Entity Name:** | pacific surrogacy LLC |

| | |
|---|---|
| **Entity (File) Number:** | 201819710525 |
| **File Date:** | 07/12/2018 |
| **Entity Type:** | Domestic LLC |
| **Jurisdiction:** | California |

Detailed Filing Information

1. Entity Name:

   pacific surrogacy LLC

2. Business Addresses:

   a. Initial Street Address of Designated Office in California:

   930 Roosevelt, Suite 210
   Irvine, California 92620
   United States

   b. Initial Mailing Address:

   930 Roosevelt, Suite 210
   Irvine, California 92620
   United States

3. Agent for Service of Process:

   Yulun   Jiang
   930 Roosevelt, Suite 210
   Irvine California 92620
   United States

4. Management Structure:

   **All LLC Member(s)**

5. Purpose Statement:

   The purpose of the limited liability company is to engage in any lawful act or activity for which a limited liability company may be organized under the California Revised Uniform Limited Liability Company Act.

Electronic Signature:

The organizer affirms the information contained herein is true and correct.

Organizer:

By: Cheyenne Moseley, Assistant Secretary of Legalzoom.com, Inc.

EXHIBIT "B"

James Alexander Kim, Esq., SBN: 220763
**SHIODA & KIM, APLC**
5901 West Century Blvd., Suite 750
Los Angeles, CA 90045
Tel.: (310)348-7222
Fax: (310)348-7220

Attorney for Plaintiff
YULUN JIANG

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/24/2019** at 08:00:00 AM
Clerk of the Superior Court
By Jessica Edwards, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

### FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| YULUN JIANG, an individual, and YULUN JIANG, an individual derivatively on behalf of Defendant PACIFIC SURROGACY, LLC., a California limited liability company;<br><br>       Plaintiff,<br><br>v.<br><br>HAOTIAN BAI, an individual; PACIFIC SURROGACY, LLC., a California limited liability company; and DOES 1 through 10, inclusive;<br><br>       Defendants. | Case Number: 30-2019-01078573-CU-BT-CJC<br>Judge Melissa R. McCormick<br>**PLAINTIFFS' VERIFIED COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISSOLUTION AND WINDING UP OF LIMITED LIABILTY COMPANY**<br>2. **BREACH OF FIDUCIARY DUTY**<br>3. **CONVERSION**<br>4. **NEGLIGENCE**<br>5. **WASTE OF CORPORATE ASSETS**<br>6. **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**<br>7. **DECLARATORY AND INJUNCTIVE RELIEF**<br>8. **ACCOUNTING**<br><br>**[Amount Demanded Exceeds $25,000.00 – Unlimited Civil Case]** |

Plaintiff **YULUN JIANG**, an individual (hereinafter "Plaintiff" or "JIANG"), on behalf of **PACIFIC SURROGACY, LLC.,** a California limited liability company ("PACIFIC SURROGACY"), through his undersigned counsel of record, brings this Complaint and alleges upon knowledge as to his own actions, and upon information and belief to all other matters, against Defendants **HAOTIAN BAI**, an individual ("BAI"); **PACIFIC SURROGACY, LLC.,** a

California limited liability company ("PACIFIC SURROGACY" or "Company"); and DOES 1 through 10, inclusive; (collectively as "Defendants"), and alleges as follows:

## I.   PARTIES

1.     Plaintiff YULUN JIANG is and at all times herein mentioned was, an individual residing in the County of Orange, State of California. JIANG is a member of the business entity PACIFIC SURROGACY, LLC., which JIANG has 50% business interest and had invested a significant amount of capital, time, and resources into PACIFIC SURROGACY. At all relevant times herein, JIANG was a Managing Member of PACIFIC SURROGACY.

2.     Defendant HAOTIAN BAI is and at all times herein mentioned was, an individual residing in the Honolulu County, State of Hawaii. BAI is also a member of the business entity PACIFIC SURROGACY, LLC., which BAI has 50% business interest who engaged in breaches of fiduciary duty, negligence, self-dealing, conversion, embezzlement, constructive fraud, and waste of the company's assets. It is alleged that BAI exerted control over the management and operations of the company, to the exclusion of other members and managers.

3.     Nominal Defendant PACIFIC SURROGACY, LLC., a California limited liability company, is and at all times herein mentioned was, a business entity organized under the laws of the State of California, which maintains its principal place of business at 930 Roosevelt, Irvine, CA 92620, and engaged in the business of surrogacy matching services. PACIFIC SURROGACY, per the consent of the two (2) managing members – BAI and JIANG, had ceased operations and in the process of wind up and dissolution per members' agreement as of June 17, 2019.

4.     Plaintiff is unaware of the true names or capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 10, inclusive, and therefore sues these defendants, and each of them, by fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiff will seek leave of Court to amend their Complaint to allege the true names and capacities of the defendants named herein as DOES 1 through 10, inclusive, when those names and capacities have been ascertained. Plaintiff is informed and believes, and based thereon alleges,

that each of the fictitiously named defendants is liable and responsible in some manner for the claims, demands, losses, acts, and damages alleged herein.

5.    Plaintiff is informed and believes, and thereon alleges, that in conducting the acts alleged herein, each of the Defendants was acting for himself, herself or itself and was acting as the agent, employee, and/or representative of each of the other defendants within the course and scope of such agency, employment, and/or representation. Plaintiff is further informed and believes, and based thereon alleges, that the acts and conduct of each of the Defendants as alleged herein were known to, authorized, and ratified by each of the other defendants.

6.    Plaintiff is informed and believes, and thereon alleges, that there exists, and at all times herein mentioned there existed, a unity of interest and/or ownership of and between Defendants and DOES 1 through 10, inclusive, such that any individuality and separateness of each Defendant has ceased.

## II.    JURISDICTION

7.    This is an unlimited civil action in the amount that exceeds the sum of $25,000.00.

8.    Venue in this Court is proper because the underlying contract in dispute in this Complaint was executed and to be performed in this judicial district.

## III.    UNDERLYING FACTS

9.    Plaintiff JIANG and Defendant BAI formed PACIFIC SURROGACY, LLC. on or about July 12, 2018 for the business purpose of assisting potential intended parents to match with surrogate candidates for the purpose of a surrogacy match.

10.    JIANG and BAI each owned 50% business interest in PACIFIC SURROGACY, a member-managed limited liability company.

11.    Defendant BAI has taken actions and continues to take actions harmful to the company, and in violation of his duties as an officer of the company and as a member of the limited liability company, including conduct that harassment of employees, disrupted day to day operations of the company, and acted in his capacity as a member that is unacceptable to any

reasonable person.  From the onset, BAI placed the company with potential liabilities with his management style and inappropriate behavior in the workplace setting.

12.    On multiple occasions, BAI would make lewd comments relating to the women's anatomy, use profane language, and discuss sex acts with employees or in the presence of employees.

13.    On multiple occasions, BAI would use profanity and/or abusive language in work group chats with employees and JIANG.

14.    Worse, BAI as a married man, engaged in an extramarital relationship with **QUNYAO YU** ("YU"), an employee at PACIFIC SURROGACY wherein BAI would fund his extramarital affair with company funds and on company time.

15.    BAI's erratic behavior, use of vulgar languages with both clients and business affiliates, and overall lack of commitment to the company were issues that JIANG repeatedly raised with BAI.

16.    JIANG had asked BAI to end the affair with YU in order to preserve BAI's own marriage and to avoid potential legal liabilities that the Company or BAI personally may have. However, BAI continued to carry on the affair and used Company funds and time for it.

17.    On June 16 2019, JIANG notified BAI that he could no longer continued to work on PACIFIC SURROGACY due to BAI's erratic behavior and BAI's decision to continue his sexual relations with YU due to the likelihood of potential sexual harassment lawsuit or claims in the future.

18.    As a result of BAI's conduct and refusal to cease his harmful course of conduct, JIANG's continued participation and efforts in the company is rendered impossible and the purpose of the entity frustrated and continued membership unreasonably unpredictable.

19.    On June 17, 2019, BAI and JIANG held a company meeting wherein as the two managing members of the Company, a corporate resolution was made to wind up and dissolve the company.

20.    The meeting constituted a meeting of the voting members of the limited liability company of proper quorum, and the vote to dissolve PACIFIC SURROGACY was brought to vote

by the voting members.  Both JIAN and BAI, constituting all the members of the company with voting rights voted in favor of dissolving the limited liability company and the unanimous decision of the members were recorded in the company minutes.

21.    JIANG prepared and both BAI and JIANG signed the <u>Minutes of LLC. Meeting re: Dissolution</u> along with the <u>Resolution of LLC. re: Dissolution</u>. (*See* **Exhibit "A"** for the Minute Meeting re: Dissolution dated 06/17/2019). (*See* **Exhibit "B"** for the Resolution for Dissolution of Company dated 06/17/2019).

22.    JIANG was designated and authorized as the Member to take necessary action to wind up and file the requisite documents for the dissolution of PACIFIC SURROGACY.

23.    During the meeting of the members, JIANG gave his reasons for making the difficult decision to end the partnership with BAI, and both Parties agreed that PACIFIC SURROGACY would wind up operations, an accounting conducted, and a liquidation of PACIFIC SURROGACY would occur with BAI receiving a larger portion of the valuation of the Company.

24.    BAI and JIANG then executed the <u>Certificate of Cancellation for Limited Liability Company (LLC.)</u> which was then promptly filed with the California Secretary of State. The <u>Certificate of Cancellation</u> was subsequently filed with the California Secretary of State on <u>June 18, 2019</u>. (*See* **Exhibit "C"** for a true and correct copy of the <u>Certificate of Cancellation for Pacific Surrogacy, LLC.</u> dated <u>June 18, 2019</u>).

25.    On <u>June 19, 2019</u>, unbeknownst to JIANG, BAI went to a Bank of America branch and withdrew <u>$70,000.00</u> in cash from the Company's operating account, leaving a paltry <u>$2,000.00</u> in the operating account. (*See* **Exhibit "D"** for a true and correct copy of the Bank of America Withdrawal Slip of <u>$70,000.00</u> dated <u>June 19, 2019</u>).

26.    PACIFIC SURROGACY presently has insufficient funds to pay its employees, contractors, rent, utilities, and other outstanding bills.

27.    Despite a demand for BAI to return said funds, BAI has outright refused, yet no accounting has been conducted and the current whereabouts of the funds is unknown.

28.     While conducting an accounting of PACIFIC SURROGACY's bank accounts as JIANG is in the process of winding up the business, JIANG has learned that BAI has used the Company's bank accounts to pay off his personal credit cards and utilized the Company's credit cards to pay his personal expenses.

29.     Specifically, BAI has been using Company's funds to finance his relations with YU.

30.     Plaintiff JIANG, individually and as a Member of PACIFIC SURROGACY, has now been damaged as a result of BAI's actions or inaction, and Plaintiff JIANG has been damaged in an amount that exceeds $25,000.00.

## FIRST CAUSE OF ACTION

### Dissolution and Winding Up of Limited Liability Company

31.     Plaintiff hereby incorporates by reference into this cause of action Paragraphs 1 through 28, inclusive, of the allegations above, as though fully set forth herein.

32.     California Corporations Code § 17051(c)(4) provides that the Articles of Organization for a limited liability company may contain provisions that are not inconsistent with the law, including but not limited to, any events that will cause the dissolution of the limited liability company.

33.     The Company's Operating Agreement provide that the entity is member-managed, and therefore both JIANG and BAI would have the full right, power, and authority to manage and control the company's business and affairs. Therefore, both Plaintiff JIANG and Defendant BAI have the fully authority to manage the affairs for PACIFIC SURROGACY.

34.     JIANG and BAI each are members and 50% owner of PACIFIC SURROGACY. The relationship between JIANG and BAI have deteriorated to the point that they can no longer work together and in effect would result in the deterioration of the Company with the staff leaving and its assets and goodwill rapidly depleting.

35.     Further, JIANG and BAI are deadlocked on the direction of the Company and with respect to the day to day operations of the business.

36.    Dissolution is reasonably necessary for protection of the rights and interests of all the members as the management of the limited liability company is deadlocked and subject to internal dissention.

37.    Plaintiff JIANG alleges that Defendant BAI, as a member and 50% owner of PACIFIC SURROGACY has been guilty of, or has knowingly countenanced persistent and pervasive fraud, mismanagement, and abuse of authority.

38.    A winding up and dissolution of the defendant limited liability company is necessary to protect all members.

## SECOND CAUSE OF ACTION

### Breach of Fiduciary Duty

(Against All Defendants)

39.    Plaintiff hereby incorporates by reference into this cause of action Paragraphs 1 through 36, inclusive, of the allegations above, as though fully set forth herein.

40.    As a member and manager of PACIFIC SURROGACY, BAI owed fiduciary duties of care, loyalty, and good faith to the other members of the company, including Plaintiff JIANG. BAI's fiduciary duties include obligations to exercise good business judgment, to, to act prudently in the operation of the business, to discharge their actions in good faith, to act in the best interest of the company and its members, and to put the best interest of the company before his own.

41.    BAI breached his fiduciary duties of loyalty and good faith by, among other things, routinely mismanaging the operations of the business, illegally withdrawing Company funds from its operating account, paying off personal credit cards and expenses with Company funds, engaging in sexual relations with a Company employee, and failing to comply with the terms of the PACIFIC SURROGACY's governing corporate documents and applicable corporate law.

42.    Unbeknownst to Plaintiff JIANG, Defendant BAI has breached his fiduciary duties to his fellow Member JIANG by illegally withdrawing all funds from the Company's operating account, preventing PACIFIC SURROGACY to complete the wind up and dissolution process.

43.    Furthermore, BAI breached his fiduciary duties by formulating and executing self-interested plans to establish a competing company during the wind-up and dissolution of PACIFIC

SURROGACY which include, but not limited to, diverting some or all of PACIFIC SURROGACY's assets to his new company, engaging current and/or former employees to work at his new company; asserting false statements of JIANG to employees, contractors, customers, and business affiliates.

44.    As an actual, legal, and proximate cause of Defendant BAI's conduct, Plaintiff JIANG was harmed in an amount to be proven at trial based on the funds based on the Company funds that were illegally withdrawn, and the result of the loss business and employees as a result of BAI's breach.

### THIRD CAUSE OF ACTION

### Conversion

### (Against Defendant HAOTIAN BAI)

45.    Plaintiff hereby incorporates by reference into this cause of action Paragraphs 1 through 42, inclusive, of the allegations above, as though fully set forth herein.

46.    As alleged herein, on or about June 19, 2019, unbeknownst to JIANG and after execution of the wind-up and dissolution of PACIFIC SURROGACY, BAI proceeded to withdraw $70,000.00 in cash from the Company bank account and essentially has disrupted the business operations and wind-up procedures.

47.    Plaintiff JIANG was the individual designated to wind-up and dissolve the company, and therefore JIANG, on behalf of PACIFIC SURROGACY, had the right and ownership to the money in the Company bank account. The money was illegally withdrawn by BAI after the Members of the Company had agreed on the wind-up and dissolution of the Company.

48.    By reasons of the foregoing, Defendant BAI is liable in tort to Plaintiff JIANG for conversion of JIANG's rights in funds that rightfully belong to PACIFIC SURROGACY.

49.    Neither PACIFIC SURROGACY, nor JIANG consented or approved to such conversion by BAI.

50.     As an actual, legal, and proximate cause of BAI's conduct, JIANG was harmed in an amount no less than $70,000.00 based on the funds that were withdrawn from the Company bank account on June 19, 2019.

## FOURTH CAUSE OF ACTION

### Negligence

### (Against All Defendants)

51. Plaintiff hereby incorporates by reference into this cause of action Paragraphs 1 through 48, inclusive, of the allegations above, as though fully set forth herein.

52. Defendant BAI was a managing member and 50% owner of PACIFIC SURROGACY, and therefore owed a duty of care towards his fellow LLC. member JIANG and as set forth above.

53. BAI was negligent in his duty of care to JIANG by his use of inappropriate and vulgar language in the workplace; engaging in sexual relations with an employee; use of company funds to pay off his personal credit cards; and withdrawal of company funds upon wind-up and dissolution of the Company.

54. As an actual, legal, and proximate cause of Defendant BAI's negligence, both Plaintiff JIANG and Defendant PACIFIC SURROGACY was harmed in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION

### Waste of Corporate Assets

### (Against All Defendants)

55.     Plaintiff hereby incorporates by reference into this cause of action Paragraphs 1 through 52, inclusive, of the allegations above, as though fully set forth herein.

56.     As a result of the misconduct and mismanagement described above, Defendant BAI wasted corporate assets by (i) his inappropriate behavior in the workplace setting; (ii) make lewd comments relating to women's anatomy; (iii) use profane language; (iv) discuss sex acts with

employees or in the presence of employees; (v) utilize Company funds to pay for his personal debts; (vi) utilize Company funds to pay for his extramarital affair with YU; and (vii) engage in an extramarital affair with company employee YU.

57.    As a result of the waste of corporate assets, Defendant BAI is liable to PACIFIC SURROGACY and its other members, which would be Plaintiff JIANG.

### SIXTH CAUSE OF ACTION

#### Intentional Interference with Prospective Economic Relations

(Against All Defendants)

58.    Plaintiff hereby incorporates by reference into this cause of action Paragraphs 1 through 55, inclusive, of the allegations above, as though fully set forth herein.

59.    Defendant BAI intentionally interfered with the economic relationship between JIANG and PACIFIC SURROGACY with their business partners, surrogates, intended parents, employees, and contractors to which JIANG and PACIFIC SURROGACY had a preexisting business relationship with.

60.    BAI intentionally interfered with the economic relationship due to the conduct alleged above.

61.    As part of BAI's fiduciary duty, BAI had a duty to act with the utmost good faith in the best interest of Plaintiff in relation to performing the obligations for the restaurant business.

62.    BAI knew of the relationship between JIANG and the various partners, surrogates, intended parents, employees, and contractors engaged with PACIFIC SURROGACY. Defendant BAI's breach of his duties and obligations to JIANG resulted in the disruption of the economic relationship for JIANG.

63.    BAI's misconduct was a substantial factor in causing the harm and damage to JIANG and PACIFIC SURROGACY.

64.    As an actual, legal, and proximate cause of BAI's conduct, Plaintiff JIANG and Defendant PACIFIC SURROGACY was harmed in an amount according to proof at trial.

### SEVENTH CAUSE OF ACTION

**Declaratory and Injunctive Relief**

(Against All Defendants)

65.     Plaintiff hereby incorporates by reference into this cause of action Paragraphs 1 through 62, inclusive of the allegations above, as though fully set forth herein.

66.     JIANG and Defendant BAI are parties to written agreement governing their respective duties and obligations as members of the limited liability company, PACIFIC SURROGACY.  The contractual relationship of JIANG and Defendant BAI are governed by the written and recorded Articles of Organization and the written Operating Agreement.  In the absence of any provision in the Articles of Organization and the Operating Agreement, JIANG and BAI are subject to the applicable default provisions of the California Corporations Code.

67.     JIANG is a party to an Operating Agreement and a managing member of PACIFIC SURROGACY, and JIANG entered into a corporate resolution with BAI in dissolving the Company.

68.     Plaintiff now desires a declaration of Plaintiff's rights and duties in respect to PACIFIC SURROGACY as provided for by California Code of Civil Procedure § 1060.

69.     An actual controversy exists relating to the legal rights and duties of Plaintiff and Defendants exists.  Because of the dispute between 50 percent member-owners of the limited liability company, a judicial declaration of rights and obligations is necessary to wind down and dissolve the company.

70.     Plaintiff now hereby requests an adjudication regarding those rights and duties subject to declaratory relief by the Court as it relates PACIFIC SURROGACY's current corporate status and Parties' respective rights as to the Company.

//

//

//

//

//

## EIGHTH CAUSE OF ACTION

### Accounting

(Against All Defendants)

71. Plaintiff hereby incorporates by reference into this cause of action Paragraphs 1 through 67, inclusive of the allegations above, as though fully set forth herein.

72. Defendants, and each of them, have profited from their misconduct, misrepresentation, and failure to fulfill the duties and responsibilities owed to Plaintiff and PACIFIC SURROGACY.

73. By virtue of BAI's wrongful conduct, including, but not limited to the illegal withdrawal of $70,000.00 from the Company's bank account and the use of Company funds to pay BAI's personal expenses, that BAI has therefore received money that belongs to PACIFIC SURROGACY or wherein a portion is due to JIANG.

74. The money taken by BAI without notice, consent, or authority, constitutes an unauthorized distribution and Plaintiff JIANG as a member of the limited liability company is entitled to a proper accounting for purpose of dissolution to determine the amount of any additional contribution needed from each member or final distribution due to each member to complete the dissolution of the company.

75. Plaintiff hereby demands an accounting of the aforementioned transaction and conduct by Defendants, but Defendants have failed and refused, and continues to fail and refuse to render such accounting and to pay any sum.

76. Plaintiff hereby requests the Court to impose such accounting on Defendants and award all remedies thereto to Plaintiff.

WHEREFORE, Plaintiff prays for relief as set forth below:

## PRAYER

WHEREFORE, Plaintiff pray judgment against Defendants and each of them, jointly and severally, as follows:

1.  Judgment against Defendants for general damages according to proof;

2.  Judgment against Defendants for special damages according to proof;

3.  Judgment against Defendants for attorney's fees and costs according to proof;

4.  Judgment against Defendants for pre-judgment interests;

5.  Judgment against Defendants for costs of suit incurred herein; and

6.  Judgment against Defendants for such further relief as the Court deems just and proper.

Respectfully Submitted,
SHIODA & KIM, APLC

Dated: June 21, 2019              By:  _____

James A. Kim, Esq.
Attorney for Plaintiff YUNLUN JIANG

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I, YULUN JIANG, have read the foregoing **PLAINTIFFS' VERIFIED COMPLAINT FOR DAMAGES** and know its contents. I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

    Executed on June 19, 2019, at Orange County, CA. I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

YULUN JIANG

EXHIBIT "A"

MINUTES OF LLC. MEETING
for
# PACIFIC SURROGACY, LLC.

A Meeting for **Pacific Surrogacy, LLC.**, a California limited liability company ("Company") was held on June 1 7 , 2019 at 3 : 3 o AM/PM at the location of 930 Roosevelt, Irvine, California 92620.

The following members were present at this meeting:

Yulun Jiang

Haotian Bai

The following other people were present at this meeting:

NONE

1. The Meeting was called to order. It was determined that a quorum was present either in person or by proxy, and the meeting could conduct business.
2. The Secretary determined and reported that notice of the meeting had been properly given or waived by Members in accordance with the Operating Agreement or Company resolution.
3. A motion was made and carried, and the Secretary was ordered to attach the documentation (if any) or the appropriate affidavit of mailing of notice or waiver of notice to the meeting minutes. If no notice is attached, all Members present agreed that proper notice of the meeting has been given.
4. **Agenda #1:** Whereas, a proposed resolution to wind down and dissolve the Company was brought before the Members and presented at the meeting. Motion was made to approve the dissolution of the Company, and motion was duly made and seconded.
5. The documents presented at the meeting was as follows:
   a. Resolution for the Dissolution of the Company
   b. Certificate of Cancellation (Form LLC-4/7)
6. **RESOLVED:** The resolution to wind down and dissolve the Company was approved by unanimous vote.


*** SIGNATURE PAGE TO FOLLOW ***

There being no further business to discuss, upon motion by unanimous decision and carried, the meeting was adjourned.

Dated: June 17, 2019

Member name:                                    Member signature:

Yulun Jiang

Haotian Bai

Signature of Secretary of this meeting that documented this form:

Yulun Jiang                                    Dated:  06 / 17 / 19

PACIFIC SURROGACY, LLC.                    2          Minutes of Meeting for LLC. re: Dissolution

EXHIBIT "B"

# RESOLUTION OF PACIFIC SURROGACY, LLC.
# FOR DISSOLUTION OF COMPANY

The undersigned members of **PACIFIC SURROGACY, LLC.**, a California limited liability company (the "Company"), acting by unanimous written consent as authorized by the Operating Agreement do hereby adopt the following resolutions effective June 17, 2019:

**WHEREAS**, the Company has determined that it is in the best interest to wind down and dissolve the Company;

**WHEREAS**, pursuant to Paragraph 8.1 of the Company's Operating Agreement, or such other applicable provisions, the Company shall be dissolved, its assets disposed of, and its affairs wound up upon the resolution of the Members entitled to vote on its dissolution;

**WHEREAS**, the Managers Yulun Jiang and Haotian Bai shall execute the Certificate of Dissolution and file said document with the California Secretary of State;

**WHEREAS**, the Manager Yulun Jiang shall be responsible for the wind up of the Company;

**RESOLVED**, that the Members of the Company hereby unanimously authorize, approve and adopt the dissolution of the Company.

**IN WITNESS WHEREOF**, the parties have caused this Agreement to be duly executed as of the date first written above.

Dated: June ⎯17⎯, 2019

**YULUN JIANG**

By: _____
      Yulun Jiang, Member

**HAOTIAN BAI**

By: _____
      Haotian Bai, Member

**Company: PACIFIC SURROGACY, LLC.**

By: _____
      Yulun Jiang, Manager

By: _____
      Haotian Bai, Manager

EXHIBIT "C"



**Secretary of State**
**Certificate of Cancellation**
**Limited Liability Company (LLC)**

LLC-4/7

FILED ZPR
Secretary of State
State of California
**JUN 1 8 2019**

IMPORTANT — Read Instructions before completing this form.

There is No Fee for filing a Certificate of Cancellation

Copy Fees — First page $1.00; each attachment page $0.50;
Certification Fee – $5.00 plus copy fees

This Space For Office Use Only

| 1. **Limited Liability Company Name** (Enter the exact name of the LLC as it is recorded with the California Secretary of State) | 2. **12-Digit Secretary of State File Number** |
|---|---|
| Pacific Surrogacy LLC | 201819710525 |

3. **Dissolution** (California LLCs ONLY; Check the box if the vote to dissolve was made by the vote of ALL the members.)

[✓] The dissolution was made by a vote of **ALL** of the members of the California Limited Liability Company.

Note: If the above box is not checked, a Certificate of Dissolution (Form LLC-3) must be filed prior to or together with this Certificate of Cancellation. (California Corporations Code section 17707.08(a).)

4. **Tax Liability Statement** (Do not alter the Tax Liability Statement.)

All final returns required under the California Revenue and Taxation Code have been or will be filed with the California Franchise Tax Board.

5. **Cancellation Statement** (Do not alter the Cancellation Statement.)

Upon the effective date of this Certificate of Cancellation, the Limited Liability Company's registration is cancelled and its powers, rights and privileges will cease in California.

6. **Read and Sign Below** (See Instructions for signature requirements. Do not use a computer generated signature.)

By signing this document, I certify that the information is true and that I am authorized by California law to sign.

| | |
|---|---|
| Signature | Yulun Jiang |
| | Type or Print Name |
| Signature | Haotian Bai |
| | Type or Print Name |
| Signature | Type or Print Name |

LLC-4/7 (REV 05/2017)

2017 California Secretary of State
www.sos.ca.gov/business/be

EXHIBIT "D"

6/20/2019

**Bank of America**

Bank of America I Online Banking I Accounts I Account Details I Account Activity

**Online Banking**

---

## Business Fundamentals Chk - 7735: Account Activity Transaction Details

---

| | |
|---:|:---|
| **Post date:** | 06/19/2019 |
| **Amount:** | -70,000.00 |
| **Type:** | Withdrawal |
| **Description:** | Customer Withdrawal Image |
| **Merchant name:** | Customer Withdrawal Image |
| **Transaction category:** | Cash, Checks & Misc: Other Expenses |

EXHIBIT "C"

**SUM-100**

**SUMMONS** (ON CROSS-COMPLAINT)
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO CROSS-DEFENDANTS:**
*(AVISO AL DEMANDADO):*

PACIFIC SURROGACY, LLC, a California Limited Liability
Company; [See Attachment for additional Cross-Defendants]

**YOU ARE BEING SUED BY CROSS-COMPLAINANT:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HAOTIAN BAI, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |
| | 30-2019-01078573-CU-BT-CJC |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE (CENTRAL JUSTICE CENTER)
700 Civic Center Drive West, Santa Ana, CA 92701

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jeffrey C.P. Wang (SBN 144414); Michael G. York (SBN 89945); Kathleen E. Alparce (SBN 230935); G. Brent Sims (SBN 179397)
WHGC, P.L.C. - 1301 Dove Street, Suite 1050. Newport Beach, CA 92660    Telephone: (949) 833-8483; Facsimile: (866) 881-5007

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Yulun Jiang, et al. v. Haotian Bai, et al. | 30-2019-01078573-CU-BT-CJC |

## INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☐ Defendant    ☐ Cross-Complainant    ☑ Cross-Defendant

PACIFIC SURROGACY USA, LLC, a California Limited Liability Company; YULUN JIANG, an individual; and ROES 1-25

Page __2__ of __2__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**WHGC, P.L.C.**
Jeffrey C.P. Wang (SBN 144414)
*JeffreyWang@WHGCLaw.com*
Michael G. York (SBN 89945)
*MichaelYork@WHGCLaw.com*
G. Brent Sims (SBN 179397)
*BrentSims@WHGCLaw.com*
Kathleen E. Alparce (SBN 230935)
*KathleenAlparce@WHGCLaw.com*
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Tel. (949) 833-8483; Fax: (866) 881-5007

Attorneys for Cross-Complainant
HAOTIAN BAI

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ORANGE

| | |
|---|---|
| YULUN JIANG, an individual, and YUAN JIANG, an individual derivatively on behalf of Defendant PACIFIC SURROGACY, LLC, a California limited liability company,<br><br>              Plaintiff,<br><br>vs.<br><br>HAOTIAN BAI, an individual; PACIFIC SURROGACY, LLC, a California limited liability company; and DOES 1 through 10, inclusive,<br><br>              Defendants. | CASE NO. 30-2019-01078573-CU-BT-CJC<br>[Assigned For All Purposes To: Honorable Melissa R. McCormick, Dept. C13]<br><br>**CROSS-COMPLAINT FOR:**<br><br>   1)  **CONVERSION;**<br>   2)  **BREACH OF FIDUCIARY DUTY;**<br>   3)  **ACCOUNTING;**<br>   4)  **UNJUST ENRICHMENT;**<br>   5)  **DECLARATORY RELIEF;**<br>   6)  **UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |
| HAOTIAN BAI, an individual,<br><br>              Cross-Complainant,<br><br>vs.<br><br>PACIFIC SURROGACY, LLC, a California Limited Liability Company; PACIFIC SURROGACY USA, LLC, a California | **ACTION FILED:**   **June 24, 2019**<br>**TRIAL DATE:**     **None** |

Limited Liability Company; YULUN JIANG, an individual; and ROES 1-25,

        Cross-Defendants.

1.      Cross-Complainant HAOTIAN BAI (**"BAI"**) for his Cross-Complaint against Cross-Defendants **PACIFIC SURROGACY, LLC**, a California Limited Liability Company ("**PACIFIC**"); **PACIFC SURROGACY USA, LLC**, a California Limited Liability Company ("**PSUL**"), YULUN **JIANG**, ("**JIANG**"), and ROES 1-25, hereby bring his claims seeking relief, alleges on personal knowledge as to all facts known to him, and on information and belief as to all other facts, as follows:

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action in that the Cross-Defendants **PACIFIC** and **PSUL** are both California Limited Liability Companies, organized under the laws of the State of California, with their headquarters in Orange County.

3.      Cross-Defendant **JIANG** is an individual residing and/or conducting business in this state and county. Venue is proper pursuant to California Code of Civil Procedure section 395.5 because the Limited Liability Corporations are Cross-Defendants herein, and are headquartered in Orange County. The amount in controversy is in excess of the jurisdictional minimum.

## PARTIES

4.      Cross-Complainant **BAI** is an individual, and was a member, officer and founding member of **PACIFIC**.

5.      Cross-Defendant **PACIFIC** is a Limited Liability Company, organized under the laws of the State of California, with its principal place of business in Irvine, California.

6.      Cross-Defendant **PSUL** is a Limited Liability Company, organized under the laws of the State of California, with its principal place of business in Irvine, California.

7.      Cross-Defendant **JIANG** is an individual who at all times relevant to this Cross-Complaint resides in Irvine, CA.

8.      Cross-Complainant is ignorant of the true names and capacities of Cross-Defendants sued herein as ROES 1 through 25, inclusive, and therefore sues these Cross-Defendants by such fictitious

1    names. Cross-Complainant will amend this Cross-Complaint to allege their true names and capacities
2    when ascertained.

3        9.      Cross-Complainant is informed and believe and thereon alleges that at all times herein
4    mentioned, each of the cross-defendants sued herein was the agent and employee of each of the
5    remaining cross-defendants and was at all times acting within the purpose and scope of such agency and
6    employment.

7                          <u>**GENERAL ALEGATIONS**</u>

8        10.     Cross-Defendant **PACIFIC** was organized on July 12, 2018 by **BAI** and **JIANG** on a
9    50/50 basis. **PACIFIC** was established to provide services to persons serving as surrogates, as outlined
10   under California Family Law section 7960, *et. seq*. **PACIFIC** retained skilled service providers, had the
11   proper licenses, proper facilities, expertise and knowledge on caring for and advising persons desiring
12   to provide these services.

13       11.     **PACIFIC** also had knowledge regarding compliance with state and federal laws and
14   complied with all California regulations, including HIPPA and other regulations.

15       12.     Both **BAI** and **JIANG** had invested substantial sums of money into **PACIFIC**, and each
16   was set to benefit from the continued successful operation of the center.

17       13.     **PACIFIC** operated utilizing cloud based business software. **PACIFIC** maintained
18   passwords and accounts. Among other things **PACIFIC** operated and maintained email accounts,
19   document files, excel spreadsheets, project management systems, client relationship management
20   documents and accounts on this system.

21       14.     **PACIFIC** also maintained under password and security codes confidential information
22   including but not limited to, surrogate applications, medical information, personal background checks,
23   psychological evaluation reports, legal contracts, receipts and accounting.

24       15.     **PACIFIC** also maintained under password and security codes, confidential information
25   including but not limited to, client relationship and management folders, 1099 documents for surrogate
26   recruits, management tools, documents surrogate applications, Customer Relationship Management
27   technology information, medical information, personal background checks, psychological evaluation
28   reports, legal contracts, receipts and accounting, as well as payroll and confidential employment

1    information.

2         16.     **PACIFIC** also maintained social media accounts, including Facebook, Instagram,

3    Twitter, WeChat and Youtube. It maintained websites and MS suite one drives including information

4    that was used in business and provided an economic advantage over competitors who did not know or

5    use it.

6         17.     All of this information was maintained by **PACIFIC** who, at all relevant times,

7    maintained all of this information utilizing security protocols and passwords designed to keep such

8    information private and secure.

9         18.     **PACIFIC** also maintained physical property, including computer monitors, business

10   equipment, and office furnishings.

11        19.     **PACIFIC** charged customers a fee for surrogacy services. This initial fee would be taken

12   directly by **JIANG** and wired into a bank account located in China on behalf of **PACIFIC.**

13        20.     In addition, **PACIFIC** customers created a trust account to hold funds for their continued

14   care throughout the scope of their surrogacy. In or around the beginning of June 2019, this trust account

15   contained over $1,000,000.

16        21.     Unknown to **BAI,** or other persons at **PACIFIC,** **JIANG** prepared, filed and organized

17   a Limited Liability Company called **PACIFIC SURROGACY USA, LLC ("PSUL").** Paperwork for

18   this LLC was filed on or about May 26, 2019 with the California Secretary of State.

19        22.     On or about June 16, 2019, Cross-Complainant **BAI** was on a plane returning from

20   Hawaii.

21        23.     **JIANG** waited until **BAI** boarded the plane, and then, without authorization, permission,

22   notice, or provocation began destroying, stealing, transferring and/or hiding assets belonging to

23   **PACIFIC.**

24        24.     On June 16, 2019, at or about 4:30 p.m., **BAI** arrived in Los Angeles. At about this time,

25   **BAI** received an electronic message from **JIANG** stating that **JIANG** had seen what **BAI** had done

26   wrong, and that **JIANG** knew **BAI**'s secrets. **JIANG** informed **BAI** that "resistance was futile" and that

27   **BAI, JIANG,** and **PACIFIC** should have a parting of the ways. **BAI** understood this message to be a

28   threat and an attempt to extort **BAI**'s share of the business.

<div align="center">

4

**CROSS-COMPLAINT**

</div>

25.     At or about 5:00 p.m. on Sunday, June 16, 2019, **JIANG** posted on WeChat that **PACIFIC** would be closing. **BAI** had no foreknowledge of this closing, and had not given his consent or approval to this action.

26.     On or about this day, without **BAI'S** knowledge, **JIANG** prepared letters of resignation for the employees of **PACIFIC**.

27.     Following this, **BAI** discovered that all of the passwords, accounts, social media, websites, emails, and client information had been deleted, hidden, transferred, or taken over by **JIANG** and/or **PSUL**.

28.     **PACIFIC**'s websites had been removed and transferred, and rendered unavailable.

29.     Cross-Complainant no longer had access to any of **PACIFIC's** documents, accounts, payroll records, electronic information, cloud based programs, or information, ledgers, contracts, vendor agreements, billings, or any other documents of the **LLC**, in direct violation of the operating agreement.

30.     On or about Monday, June 17, 2019, **JIANG** contacted **BAI** and informed him that all of the papers were drawn up, and that **BAI** must sign them, or **JIANG** would release unfavorable and embarrassing personal information, photographs and videos of **BAI**.

31.     As intended, **BAI**, a returned veteran suffering from PTSD, who had a family to protect, felt intimidated and as a result, because of the threats and coercion of **JIANG**, documents were signed for the cancellation of **PACIFIC**.

32.     At or about this time, **PSUL** began soliciting employees from **PACIFIC**. Contracts were transferred to **PSUL**, and confidential and secret information had been made available to **PSUL**.

33.     On or about June 19, 2019, **JIANG** prepared a letter instructing **PACIFIC's** medical coordinator to send to the medical facilities doing business with **PACIFIC**. This letter instructed the providers to communicate with **PSUL** instead of **PACIFIC**, and providing the address of "930 Roosevelt" as **PSUSA, LLC**'s new address. All of **PACIFIC's** former information was to go to that address.

34.     On or about June 20, 2019, **PSUL** and **JIANG** sent letters to all **PACIFIC's** employees informing them that **PACIFIC** had closed and was terminating all of its employees.

35.     Subsequent to these events, **PSUL** and **JIANG** informed all **PACIFIC** employees that they possessed embarrassing photographs and videos of **BAI**, and that **BAI** had terminated **PACIFIC**. Throughout this time period, **BAI** was denied his rights pursuant to California Corporations Code section 17704.10 and under the operating agreement.

36.     **KEVIN LIU ("LIU")** acted as an attorney in the formation and organization of **PACIFIC**, and, as such, owed a duty of care and loyalty and was a fiduciary with respect to **PACIFIC**, At that time, **LIU** understood that he was retained by the Company, and that **BAI** and **JIANG** were equal stakeholders in the company. In addition, **LIU** was the personal attorney for **BAI** on unrelated matters.

37.     On information and belief, in conjunction with **JIANG, LIU** assisted in the formation of **PSUL**, with the knowledge that **PSUL** was organized to poach and ultimately take over business from **PACIFIC** while squeezing **BAI** out of the business.

38.     **LIU** in conjunction with and under the direction of **JIANG**, informed employees of **PACIFIC** that **BAI** had decided to terminate **PACIFIC** and that **BAI'S** actions had caused the employees not to receive their pay. In addition, **LIU** informed **PACIFIC** employees of embarrassing and harmful information concerning **BAI**.

39.     **LIU**, as an attorney for both **PACIFIC** and **BAI,** had a duty to provide both with his highest loyalty, and to avoid actions designed to damage either one, and to avoid retention in matters adverse to **PACIFIC** or **BAI**. Both **JIANG** and **LIU** understood the facts surrounding **LIU**'s retention by **PACIFIC** and **BAI**.

40.     **LIU**, in conjunction with **JIANG**, also worked to hide company assets, accounts, contracts, paperwork, payroll documents, vendor accounts, on-line presence and cloud accounts from **BAI**, all to **BAI'S** detriment, and with the goal of stealing business, assets and customers from **BAI** and from **PACIFIC**.

41.     At all relevant times herein, Cross-Defendants and each of them have wrongfully and unfairly kept **BAI** from examining corporate property, books, contracts, accounts, intellectual property, payroll accounts and ledgers. Such denial has allowed Cross-Defendants and each of them to continue their series of thefts, fraud, and wrongdoings as alleged herein.

42.    **JIANG** has also instructed personnel to change the names of **PACIFIC**'s social media accounts to that of **PSUL**.

43.    On information and belief, **BAI** alleges that Cross-Defendant **PSUL** was the alter-ego of Cross-Defendant **JIANG**, and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between Cross-Defendants such that any separateness between them has ceased to exist in that Cross-Defendant **JIANG** completely controlled, dominated, managed, and operated the other Cross-Defendants to suit his convenience.

44.    In conducting the actions herein alleged, **PSUL** was aware that **JIANG** owed fiduciary obligations to **PACIFIC**, and **BAI**, and set out consciously and deliberately to assist in the breach of those obligations, and in the theft of material belonging to **PACIFIC**.

## FIRST CAUSE OF ACTION

### (CONVERSION)

### AS TO JIANG, PSUL, AND DOES 1-25

45.    Cross-Complainant re-alleges and incorporates herein by reference, all of the previous paragraphs of this Cross-Complaint, as though fully set forth herein.

46.    **PACIFIC** operated under an operating agreement, and a series of agreements that entitled **BAI** to 50% of **PACIFIC**'s profits, accounts, contracts, accounts receivable and inventory.

47.    Following the putative cancellation of **PACIFIC**, **BAI** had an ownership right to an immediate 50% distribution of all funds, assets, and property of **PACIFIC**, as well as all physical property, files, computers, office equipment and bank accounts of **PACIFIC**.

48.    Cross-Defendants and each of them intentionally and substantially interfered with **BAI'S** property by taking possession of items of personal property belonging to **BAI**; by preventing **BAI** from accessing accounts, and funds which by right should be his; and by refusing to disclose the location of other assets.

49.    **BAI** did not consent to these actions.

50.    As a result, **BAI** was harmed in that he was denied the use and access to his rightful property.

51.    That Cross-Defendants' conduct was a substantial factor in causing Cross-Complainant's

1    harm.

2         52.    Cross-Defendants' conduct as described herein constitutes "oppression, fraud, or malice"

3    as those terms are defined in California Civil Code Section 3294, and Cross-Complainant is therefore

4    entitled to punitive damages in an amount according to proof.

5                          <u>**SECOND CAUSE OF ACTION**</u>

6                  **(BREACH OF FIDUCIARY DUTY/CONSTRUCTIVE FRAUD)**

7                          **AS TO JIANG AND DOES 1-25**

8         53.    Cross-Complainant re-alleges and incorporates herein by reference, all of the previous

9    paragraphs of this Cross-Complaint, as though fully set forth herein.

10        54.    Cross-Defendant **JIANG** was a Manager and/or officer of **PACIFIC** in accordance with

11   the **PACIFIC** operating agreement, and the actions of the parties. At all times relevant herein, **JIANG**

12   had a fiduciary duty to act in the best interests of **PACIFIC**, and to place the interests of **PACIFIC**

13   above his own, and avoid self-dealing.

14        55.    **JIANG** violated this duty by taking substantially all of the assets of **PACIFIC**, and using

15   those assets for his own use and the benefit of **PSUL.**

16        56.    He further violated this duty by self-dealing and setting up **PSUL** with the intent to

17   convert all of **PACIFIC's** property, poach all of **PACIFIC'S** employees and assume all of **PACIFIC's**

18   contracts.

19        57.    The scope and extent of **JIANG's** malfeasance is currently unknown in that **JIANG** has

20   precluded others from reviewing the books, contracts, documents, account information and other

21   property rightfully belonging to **PACIFIC**. As such, **JIANG** continues to plunder **PACIFIC's** assets,

22   customers and bank accounts with impunity.

23        58.    As a direct and proximate result of the breach of this duty, Cross-Complainant has been

24   damaged in an amount to be proven at trial.

25        59.    Cross-Defendants' conduct as described herein constitutes "oppression, fraud, or malice"

26   as those terms are defined in California Civil Code Section 3294, and Cross-Complainant is therefore

27   entitled to punitive damages in an amount according to proof.

28   ///

1          **THIRD CAUSE OF ACTION**

2              **(ACCOUNTING)**

3          **AS TO JIANG and PACIFIC**

4          60.     Cross-Complainant re-alleges and incorporates herein by reference, all of the previous

5     paragraphs of this Cross-Complaint, as though fully set forth herein.

6          61.     In accordance with the **PACIFIC** operating agreement, and the actions of the PARTIES,

7     **BAI** was entitled to 50% of **PACIFIC**'s profits, accounts, contracts, accounts receivable and inventory.

8          62.     As a duty of the operating agreement involves, among other things, a duty to account for

9     all income, revenues and profits derived from Cross-Defendants' business. It is not clear that the remedy

10    at law would be as full, adequate and expeditious as it is in equity.

11         63.     Cross-Defendants have received and continue to receive, profits and revenues in

12    connection with the operation of the surrogacy clinic.

13         64.     As a result of the operating agreement, and of the actions of the Cross-Defendants, Cross-

14    Defendants have received and are withholding money, a portion of which is due to Cross-Complainant.

15         65.     The amount of money due from Cross-Defendants to Cross-Complainant is unknown to

16    Cross-Complainant and cannot be ascertained without an accounting of the business receipts, inventory

17    and accounts

18         66.     Cross-Complainant has demanded an accounting of the aforementioned receipts of the

19    business, or to the extent he has not demanded one, Cross-Defendants' actions have made it clear that

20    such a demand would be futile.

21         **FOURTH CAUSE OF ACTION**

22            **(UNJUST ENRICHMENT)**

23         **AS TO ALL CROSS-DEFENDANTS**

24         67.     Cross-Complainant re-alleges and incorporates herein by reference, all of the previous

25    paragraphs of this Cross-Complaint, as though fully set forth herein.

26         68.     As a result of the breaches by and wrongful acts of Cross-Defendants, Cross-Defendants

27    have been unjustly enriched at the expense of Cross-Complainant. Cross-Defendants have derived and

28    continue to derive a benefit from failing to perform their contractual obligations pursuant to the parties'

9

**CROSS-COMPLAINT**

1  business and company agreements, from improperly utilizing Cross-Complainant's business equipment,

2  accounts, and trade secrets, and by secretly sabotaging Cross-Complainant's business and attempting to

3  extort Cross-Complainant.

4      69.    Cross-Defendants are under an obligation to pay **BAI** forthwith all amounts by which

5  they have been unjustly enriched, in a sum to be determined at trial.

6                          **FIFTH CAUSE OF ACTION**

7                          **(DECLARATORY RELIEF)**

8                          **AS TO PACIFIC AND PSUL**

9      70.    Cross-Complainant re-alleges and incorporates herein by reference, all of the previous

10  paragraphs of this Cross-Complaint, as though fully set forth herein.

11      71.    An actual and immediate controversy has arisen and now exists between Cross-

12  Complainant and Cross-Defendants concerning their rights and obligations of the individual parties with

13  respect to the **PACIFIC** operating agreement, the contracts entered into and still outstanding, both for

14  services **PACIFIC**, and those that **PACIFIC** was to provide, and the property of **PACIFIC**, including

15  the ongoing contracts, liabilities and benefits of the Cross-Defendants concerning the obligations and

16  the property, accounts and electronic information.

17      72.    As such, Cross-Complainant requests a judicial determination of the rights, privileges

18  and obligations of the parties with respect to these contracts.

19                          **SIXTH CAUSE OF ACTION**

20              **(UNFAIR COMPETITION, BUSINESS & PROFESSIONS CODE 17200)**

21                          **AS TO ALL CROSS-DEFENDANTS**

22      73.    Cross-Complainant re-alleges and incorporates herein by reference, all of the previous

23  paragraphs of this Cross-Complaint, as though fully set forth herein.

24      74.    The acts and conduct of Cross-Defendants as alleged above in this Cross-Complaint

25  constitute unfair, unlawful and/or fraudulent business acts or practices as defined by Cal. Bus.& Prof.

26  Code Section 17200, *et. seq.*

27      75.    Cross-Defendants' acts of unlawful, unfair, and fraudulent competition have caused harm

28  to competition, to consumers and to competitors. Cross-Defendants' acts have proximately caused

damage to persons having contracts with **PACIFIC**, to employees of **PACIFIC**, and to vendors of **PACIFIC**.

76.     In doing the things alleged herein, Cross-Defendants have violated HIPPA requirements, violated contractual obligations and employment regulations, personally profited from others work and have illegally and unfairly sought to steal a complete business from the Cross-Complainant.

77.     In addition, Cross-Defendants and each of them have wrongfully and unfairly kept **BAI** from examining corporate property, books, contracts, accounts, intellectual property, payroll accounts and ledgers. Such denial has allowed Cross-Defendants and each of them to continue their series of thefts, fraud, and wrongdoings as alleged herein. Cross-Defendants' acts of so doing, in and of themselves, constitutes unlawful, unfair, and fraudulent competition and have caused irreparable and incalculable injury to **PACIFIC** and to **BAI**, and unless enjoined will continue. No adequate remedy exists at law for Cross-Defendants' refusal to provide access to this material.

78.     In addition, Cross-Defendants' acts of unlawful, unfair, and fraudulent competition also have caused irreparable and incalculable injury to **PACIFIC** and to **BAI**, and unless enjoined will cause incalculable damage for which there is no adequate remedy at law.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE,** Cross-Complainant prays for judgment against Cross-Defendants, and each of them as follows:

1.  For compensatory damages, disgorgement, and/or money, estimated to be, at a minimum, $5,000,000;

2.  For prejudgment and post-judgment interest at the rate of interest under the law;

3.  For exemplary and punitive damages;

4.  For injunctive relief, allowing Cross-Complainant access to PACIFIC's books, accounts, electronic accounts, payroll accounts, client files, vendor records and all of **PACIFIC's** documents;

5.  For injunctive relief, restoring all contracts, rights and property to **PACIFIC** to allow for a lawful and fair winding up.

6.  For an accounting;

**CROSS-COMPLAINT**

7. For attorney's fees, expenses and costs incurred in pursuing the claims asserted herein, against Cross-Defendants, jointly and severally, as may be provided by contract and/or law;

8. For pre-judgment and post-judgment interest at the maximum allowable rate of interest under the law; and

9. For such other and further relief as the Court may deem just and proper.

DATED: July 25, 2019                                    WHGC, P.L.C.

By: _____
   Jeffrey C.P. Wang
   Michael G. York
   G. Brent Sims
   Kathleen E. Alparce
   Attorneys for Cross-Complainant HAOTIAN BAI

1

**DEMAND FOR JURY TRIAL**

2        Cross-Complainant hereby requests trial by jury.

3

4    DATED:  July 25, 2019                    WHGC, P.L.C.

5

6                                            By: _____

7                                               Jeffrey C.P. Wang

8                                               Michael G. York
                                               G. Brent Sims

9                                               Kathleen E. Alparce
                                               Attorneys for Cross-Complainant HAOTIAN BAI

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 1301 Dove Street, Suite 1050, Newport Beach, California 92660.

On July 25, 2019, I served the foregoing document(s) described as follows: **CROSS-COMPLAINT** on the interested parties in this action by placing ☒ a true copy ☐ the original thereof addressed as follows:

| Name & Address | Telephone/Facsimile/E-Mail | Role |
|---|---|---|
| James Alexander Kim, Esq.<br>SHIODA & KIM, APLC<br>5901 West Century Blvd.<br>Suite 750<br>Los Angeles, CA 90045 | Telephone: (310) 348-7222<br>Facsimile: (310) 348-7220<br>Email: jak@shiodakim.com | *Attorneys for Plaintiffs/Cross-Defendants* |

☒ **(FACSIMILE)** Under statute, rule or court order, or by agreement, by emailing to the person(s) set forth on the list above.

☐ **(ELECTRONIC SERVICE) (CCP § 1010.6(a)(4))** The parties were electronically served with the document(s) listed above by e-mailed PDF files on **July 25, 2019.** Electronic service is complete at the time of transmission. My electronic notification address is 1301 Dove Street, Suite 1050, Newport Beach, California 92660; ElenaRomero@WHGCLaw.com.

☐ **(ELECTRONIC SERVICE) (CCP § 1010.6(a)(4))** I caused such document(s) to be electronically served, via ACE Attorney Service, served on all interested parties in this action shown by Electronic-Filing through ACE Attorney Service which is then printed and maintained with the original documents in our office.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 25, 2019, at Newport Beach, California.

_____
Elena D. Romero

14
**CROSS-COMPLAINT**

## FrontDesk

| | |
|---|---|
| **From:** | send@mail.efax.com |
| **Sent:** | Thursday, July 25, 2019 2:57 PM |
| **To:** | 93392999@send.messages.efax.com |
| **Subject:** | Successful transmission to 13103487220. Re: UNKNOWN |
| **Attachments:** | 20190725_145716867_STORAGE_1515658657.tif |



Your fax was successfully sent to 13103487220 by eFax.

**Fax Details**

**Reference Id:** B057-4010
**Date:** 2019-07-25 21:57:19 (GMT)
**Number of Pages:** 18
**Length of Transmission:** 773 seconds

If you have any questions, please visit our online help center or contact Customer Support.

Thank you for choosing eFax.

Sincerely,
The eFax Team

**Tip:** Switch to an annual plan – it's like getting 2 months free every year! Call (800) 958-2983 or email help@mail.efax.com.

Download the App:      Follow us:    

© 2019 j2 Global, Inc. and affiliates. All rights reserved.
eFax is a registered trademark of j2 Global, Inc. and affiliates.
6922 Hollywood Blvd., Los Angeles, CA 90028

This account is subject to the terms listed in the eFax Customer Agreement.





# FAX

If there is a problem with transmission or if all pages are not received, please call for retransmission at 949 833-8483.

**TO:** James Alexander Kim                      **FAX:** (310) 348-7220

**FROM:** Elena D. Romero, Paralegal            **DATE:** July 25, 2019

**RE:** B057-4010 [YULUN JIANG v. HAOTIAN BAI, ET AL.]

**PAGES:** 17

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is PRIVILEGED, CONFIDENTIAL and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original to us by mail without making a copy. Thank you.

Dear Mr. Kim:

Please see attached Summons on Cross-Complaint and Cross-Complaint.



# FAX

RETHINK LAWYER P.L.C.

www.WHGCLaw.com

---

If there is a problem with transmission or if all pages are not received, please call for retransmission at 949 833-8483.

**TO:** James Alexander Kim                      **FAX:** (310) 348-7220

**FROM:** Elena D. Romero, Paralegal            **DATE:** July 25, 2019

**RE:** B057-4010 [YULUN JIANG v. HAOTIAN BAI, ET AL.]

**PAGES:** 17

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is PRIVILEGED, CONFIDENTIAL, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original to us by mail without making a copy. Thank you.

Dear Mr. Kim:

Please see attached Summons on Cross-Complaint and Cross-Complaint.

**FrontDesk**

**From:** send@mail.efax.com
**Sent:** Thursday, July 25, 2019 2:57 PM
**To:** 93392999@send.messages.efax.com
**Subject:** Successful transmission to 13103487220. Re: UNKNOWN
**Attachments:** 20190725_145716867_STORAGE_1515658657.tif

eFax

Your fax was successfully sent to 13103487220 by eFax.

**Fax Details**

**Reference Id:** B057-4010
**Date:** 2019-07-25 21:57:19 (GMT)
**Number of Pages:** 18
**Length of Transmission:** 773 seconds

If you have any questions, please visit our online help center or contact Customer Support.

Thank you for choosing eFax.

Sincerely,
The eFax Team

**Tip:** Switch to an annual plan -- it's like getting 2 months free every year! Call (800) 958-2983 or email help@mail.efax.com.

**Download the App:** **Follow us:**

© 2019 j2 Global, Inc. and affiliates. All rights reserved.
eFax is a registered trademark of j2 Global, Inc. and affiliates.
6922 Hollywood Blvd., Los Angeles, CA 90028

This account is subject to the terms listed in the eFax Customer Agreement.

EXHIBIT "D"

**WHGC, P.L.C.**
Jeffrey C.P. Wang (SBN 144414)
*JeffreyWang@WHGCLaw.com*
Michael G. York (SBN 89945)
*MichaelYork@WHGCLaw.com*
G. Brent Sims (SBN 179397)
*BrentSims@WHGCLaw.com*
Kathleen E. Alparce (SBN 230935)
*KathleenAlparce@WHGCLaw.com*
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Tel. (949) 833-8483; Fax: (866) 881-5007

Attorneys for Defendant
HAOTIAN BAI

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| PACIFIC SURROGACY USA, LLC, a California Limited Liability Company; YULUN JIANG, an individual, | CASE NO. SA CV 19-1456-DOC (JDEx) |
| Plaintiffs, | [The Honorable David O. Carter] |
| vs. | **DECLARATION OF PERLA BAHENA** |
| HAOTIAN BAI, an individual; DOES 1-25, | |
| Defendants. | **Date:** August 5, 2019<br>**Time:** 8:30 a.m.<br>**Ctrm:** 9D |

I, Perla Bahena, declare as follows:

1.    I am a former Human Resource administrator at Pacific Surrogacy, LLC. The matters stated herein are based on my own personal knowledge, except where stated on information and belief and, as to those, matters, I have a good-faith and belief that they are true. If called upon to do so, I could and would testify to the truth thereof.

2.      I was approached by Yulun Jiang and Kevin Liu prior to the closing of Pacific Surrogacy, LLC, in that they were changing the ownership of the company, and that BAI would no longer be a part of management because they told me he stole money from the company and because there was a pending lawsuit against him. I did not nor do I believe any of these statements to be true.

3.      I was informed that Jiang and Kevin were communicating to other employees, customers, referral sources and were sharing the same information with them.

4.      On at least one occasion, they attempted to show me salacious photographs and videos of BAI, but I refused to look at them. I am informed and believe that these photographs were taken by a private investigator hired by Jiang and Liu to follow BAI.

5.      Jiang and Liu told everyone at the office that they had these photographs of BAI, and they used these same photographs to convince other employees to sign employment agreements with Pacific Surrogacy USA and non-disclosure agreements. They presented me with the same documents and asked me to sign them as a condition of the money that was due and owing to me. I asked that I be given the opportunity to review them before doing so, and in that process, I was told to work from home, and was prevented from access to the computer system, but guaranteed that I would still be compensated for my attempted work hours.

6.      On or about June 27, 2019, I was informed by Jiang, through a translator in the office, that they had a copy of my paycheck and paystub, but in order to get my final paycheck from Pacific Surrogacy, LLC, I had to sign these two agreements. These agreements were given to everyone at Pacific Surrogacy, LLC.

7.      I was also promised to work at Pacific Surrogacy USA. I was promised that I would receive a pay increase, and that they would continue to pay for my insurance as I was a gestational carrier candidate. In fact, I had undergone health screenings and tests that Pacific Surrogacy USA had agreed to pay for as part of this process. I submitted these bills to Pacific Surrogacy USA, but these bills were never paid for, and I was sent

Case 8:19-cv-01456-DOC-JDE    Document 62-1    Filed 10/09/19    Page 54 of 57    Page
ID #:916
Case 8:19-cv-01456-DOC-JDE    Document 21-1 Filed 08/03/19   Page 3 of 5   Page ID #:204

1 | to collections because of this.

2 |     8.    On July 23, 2019, I was informed by Pacific Surrogacy USA that they had

3 | canceled their agreement with me as a gestational carrier candidate.

4 |     9.    I worked for Pacific Surrogacy USA for three days, during which time I

5 | helped prepare an employment handbook, but I was never given access to any of the

6 | computers or systems, despite the fact that it appeared that everyone else working there

7 | not only had computer access, but appeared to have been working there for some day.

8 |     10.    Pacific Surrogacy USA continued to contact me to make sure that I was still

9 | going to go through with being a surrogate, because if I was not, they would terminate

10 | my insurance. I was informed that Pacific Surrogacy USA was continuing on with

11 | Pacific Surrogacy's business and that its agreements and practices would remain the

12 | same, except without BAI.

13 |     I declare under penalty of perjury pursuant to the laws of the State of California

14 | that the foregoing is true and correct.  This declaration is executed on August _____,

15 | 2019.

17 |                     /s/ _____

18 |                     PERLA BAHENA

3

**DECLARATION OF PERLA BAHENA**

1

2

## CERTIFICATE OF SERVICE

3

4     The undersigned hereby certify that a true and correct copy of the
**DECLARATION OF PERLA BRAVO**, filed through the ECF System will be sent

5     electronically to the registered participants as identified on the Notice of Electronic

6     Filing (NEF) and paper copies will be sent to those indicated on non-registered

7     participants on **August 3, 2019**.

8

9     Executed on **August 3, 2019**, at Newport Beach, California.

10

11                              /s/ Elena D. Romero

12                              ELENA D. ROMERO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF PERLA BAHENA**

1

## SERVICE LIST

2

3 Malcolm S. McNeil
  Ismael Bautista, Jr.
4 Stefan Bogdanovich
5 **ARENT FOX LLP**
  555 West Fifth Street, 48th Floor
6 Los Angeles, CA 90013-1065
7 Telephone: (213) 629-7400
  Facsimile: (213) 629-7401
8 Emails: malcolm.mcneil@arentfox.com;
9 ismael.bautista@arentfox.com;
10 stefan.bogdanovich@arentfox.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF PERLA BAHENA**

1

## **CERTIFICATE OF SERVICE**

2

The undersigned attorney certifies that copies of the foregoing NOTICE IN

3

SUPPORT OF CROSS-COMPLAINANT'S OPPOSITION TO  PLAINTIFF'S

4

SPECIAL MOTION TO STRIKE (ANTI-SLAPP) COUNTER-COMPLAINANT

5

HAOTION BAI'S FOURTH CLAIM UNDER CAL CIVIL CODE § 425.16 was

6

served through ECF on October 9, 2019 upon all parties who have appeared.

7

8               */s/ Hubert H. Kuo*
                Hubert H. Kuo

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

1