Hubert H. Kuo (SBN 204036)
Brian P. Stewart (SBN 147718)
David Yu (SBN 276471)
ARDENT LAW GROUP, P.C.
4340 Von Karman Ave., Ste. 290
Newport Beach, CA 92660
Telephone:   (949) 299-0188
Facsimile:    (949) 299-0127

Attorneys for Defendants, PATRIOTIC
CONCEPTIONS, LLC and QUNYAO YU

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| PACIFIC SURROGACY USA, LLC, a California Limited Liability Company; YULUN JIANG, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>PATRIOT CONCEPTIONS, LLC, a California Limited Liability Company; HAOTIAN BAI, an individual; QUNYAO YU, an individual; DOES 1-25,<br><br>Defendants. | Case No. 8:19-cv-01456-DOC-JDEx<br>Assigned to Hon. Judge David O. Carter<br>Courtroom: 9D<br><br>**OPPOSITION TO COUNTER-DEFENDANT'S MOTION TO DISMISS UNDER RULE 12 (B) (6)**<br><br>**Date:  November 4, 2019**<br>**Time:  8:30 a.m.**<br>**Ctrm: 9D** |

1

**OPPOSITION TO PLAINTIFF'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) COUNTER-COMPLAINANT HAOTION BAI'S FOURTH CLAIMM UNDER CAL CIVIL CODE § 425.16**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  PROCEDURAL BACKGROUND

On June 24, 2019, YUL UN JIANG ("JIANG"), and PACIFIC filed suit in Orange County Superior Court, Case No. 30-2019-0 1 078573-CU-BT-CJC (the State Court Case).  Later that same week, and prior to his knowledge that another case had been filed, BAI filed suit in Orange County Superior Court, case number 30-219-0179615-CU-BT-CJC.  BAI eventually dismissed his Complaint and on July 25, 2019 filed a Cross-Complaint in the State Court Case.  On or about July 30, 2019 Plaintiff's filed their complaint in this action.  Thereafter, on August 20, 2019 Plaintiff's filed their First Amended Complaint ("FAC").  BAI filed his answer and Counter Claim on September 3, 2019.

## II. INTRODUCTION

This matter originates from a simple dispute between two business partners which culminated in the dissolution of their business PACIFIC SURROGACY, LLC ("PS").  Plaintiff/Counter-Defendant YUL UN JIANG ("JIANG") informed HAOTIAN BAI ("BAI") that he wanted to dissolve PS based upon his assertions that BAI was having an affair with a co-worker.  PS was dissolved shortly thereafter when JIANG told BAI that if BAI did not sign dissolution papers, JIANG would show illicit photographs and videotapes of BAI to his friends and family. Instead of dissolving the company and dividing assets, JIANG shifted all of PACIFIC's customers, assets, contracts and vendors to his new business PACIFIC SURROGACY, USA, LLC ("PSUSA").  BAI sought legal counsel and eventually retained Jeffrey Wang of WHGC, P.L.C. to represent him in his dispute with JIANG (Declaration of Haotian Bai ("Bai Decl."), ¶ 14).   Wang proceeded to provide BAI with dubious advice as to how to handle the situation.  Initially, WANG told BAI to withdraw funds from the PS bank account in order to aid in negotiations with JIANG (Bai Decl., ¶ 14).

**OPPOSITION TO PLAINTIFF'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) COUNTER-COMPLAINANT HAOTION BAI'S FOURTH CLAIMM UNDER CAL CIVIL CODE § 425.16**

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

1    Almost immediately following the withdrawal of the funds, JIANG sent a
2    group Wechat message announcing that PS would be shutting down and that he
3    would be opening a new business PACIFIC SURROGACY USA, LLC ("PSUSA")
4    (see Declaration of Elena Chute filed concurrently herewith in support of BAI's
5    Opposition to Motion to Dismiss ("Chute Decl."), ¶ 2 ).  JIANG then told
6    employees of PS that he had fired BAI because BAI was stealing from the business
7    and having an affair with an employee (Chute Decl., ¶ 3).   In and around June 20-
8    25, 2019, several employees informed BAI of what JIANG was saying.  BAI was
9    upset by these representations and wanted the opportunity to clear his name.  On
10   July 1, 2019 BAI wrote and delivered a letter to one of the agencies that PS had
11   used, attempting to clear his name from the false accusations being made by
12   JIANG. (Bai Decl., ¶ 18).   He then consulted Jeffrey Wang about sending a letter
13   to vendors who had dealt with BAI while he was at PS (Bai Decl., ¶ 19).  Wang's
14   office not only reviewed and approved the second letter, but actually revised the
15   letter for BAI's signature (Bai Decl., ¶ 19).

16   **A. <u>Counter-Complainant Haotion Bai has properly plead a cause of action</u>**
17   **<u>for violation of the Lanham Act</u>.**

18   To state a viable false advertising claim under the Lanham Act, a plaintiff must, as a
19   threshold matter, allege that the defendant made a false statement of fact.  *Id.*

20   "To demonstrate falsity within the meaning of the Lanham Act,
21   a plaintiff may show that the statement was literally false,
     either on its face or by necessary implication, or that the
22   statement was literally true but likely to mislead or confuse
     consumers."
23

24   *Castrol Inc. v. Pennzoil Co*., 987 F.2d 939, 943, 946 (3d Cir. 1993 ).

25   Here, BAI alleges that PSUSA is marketing itself using the PS trademark.
26   Owernship of the trademark is not the issue but rather whether the use of the
27   trademark is likely to mislead or confuse consumers.  Because PS was subject to a
28   forced dissolution and JIANG had formed PSUSA one month prior to the

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

1    dissolution, use of the PS trademark in advertising was likely to confuse consumers

2    and did in fact confuse consumers (See Bai Declaration ¶ 20).

3        Plaintiff would have the court believe that BAI is required to plead to the

4    heightened standard required by Federal Rule 9(b) for fraud causes of action.

5    Plaintiffs are incorrect in this regard.  BAI has not alleged a cause of action for

6    fraud but rather false advertising. It has long been the rule that a Plaintiff need not

7    plead with particularity to that which the defendant possesses greater knowledge.

8        "Less particularity is required when it appears that defendant has superior
         knowledge of the facts, so long as the pleading gives notice of the issues
9        sufficient to enable preparation of a defense. (*Bradley* v. *Hartford Acc. &
         Indem. Co.* (1973) 30 Cal.App.3d 818, 825 [106 Cal.Rptr. 718]; *Schessler* v.
10       *Keck* (1954) 125 Cal.App.2d 827, 835 [271 P.2d 588] (upholding pleading on
         information and belief).) Nor is the allegation defective for failure to state the
11       exact words of the alleged slander. Notwithstanding an early dictum cited
         here (*Haub* v. *Friermuth* (1905) 1 Cal.App. 556, 557 [82 P. 571]), we
12       conclude that slander can be charged by alleging the substance of the
         defamatory statement. (See *Lipman* v. *Brisbane Elementary Sch. Dist.* (1961)
13       55 Cal.2d 224, 235 [11 Cal.Rptr. 97, 359 P.2d 465]"
14

15

16       *Okun v. Superior Court*, 29 Cal. 3d 442, 458, 629 P.2d 1369, 1378-1379, 175
         Cal. Rptr. 157, 166-167.
17

18       Plaintiffs are completely aware of the false statements that they have made,

19    when and where they have made them. BAI has alleged the false statements with

20    enough specificity to allow Counter Defendants to understand what they are being

21    alleged to have done and to offer an adequate defense.   The Counter Claim was

22    filed just about one month ago.  In the interim, BAI has discovered more

23    information about the Counter Defendants actions and can certainly amend the

24    Counter Complaint if necessary.

25    //

26    //

27    //

28    //

**B.** **Counter-Complainant Haotion Bai has properly plead a cause of action for Defamation.**

Plaintiffs attempt to argue that the defamatory statements made by JIANG and PSUSA about BAI, specifically that BAI had been terminated for stealing from the company, are not defamatory. These claims are patently false and defamatory. BAI was not fired from Pacific Surrogacy. JIANG and BAI entered into an agreement for dissolution of the Pacific Surrogacy, LLC. Furthermore, BAI did not steal money from the company, but instead followed the advice of his then counsel, Jeffrey Wang, to withdraw funds from the Pacific Surrogacy, LLC (Bai Decl., ¶ 14). Bai has clearly plead an actionable claim.

The code definition of slander, like that of libel, is very broad, and has been held to include **almost any language which, upon its face, has a natural tendency to injure a person's reputation,** either generally or with respect to his occupation. (*Schomberg* v. *Walker*, 132 Cal. 224 [64 Pac. 290]; *Stevens* v. *Snow*, 191 Cal. 58 [214 Pac. 968]; *Tonini* v. *Cevasco*, 114 Cal. 266, 272 [46 Pac. 103].) [emphasis added]

*Semple v. Andrews*, 27 Cal. App. 2d 228, 232,

Here, stating that BAI was fired for stealing are false statements that were clearly intended to and did damage BAI's reputation. Plaintiffs complain that the Counter-Claim lacks sufficient specificity. Plaintiffs are incorrect in this assertion.

"Less particularity is required when it appears that defendant has superior knowledge of the facts, so long as the pleading gives notice of the issues sufficient to enable preparation of a defense. (*Bradley* v. *Hartford Acc. & Indem. Co*. (1973) 30 Cal.App.3d 818, 825 [106 Cal.Rptr. 718]; *Schessler* v. *Keck* (1954) 125 Cal.App.2d 827, 835 [271 P.2d 588] (upholding pleading on information and belief).) Nor is the allegation defective for failure to state the exact words of the alleged slander. Notwithstanding an early dictum cited here (*Haub* v. *Friermuth* (1905) 1 Cal.App. 556, 557 [82 P. 571]), we conclude that slander can be charged by alleging the substance of the defamatory statement. (See *Lipman* v. *Brisbane Elementary Sch. Dist*. (1961) 55 Cal.2d 224, 235 [11 Cal.Rptr. 97, 359 P.2d 465]"

**OPPOSITION TO PLAINTIFF'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) COUNTER-COMPLAINANT HAOTION BAI'S FOURTH CLAIMM UNDER CAL CIVIL CODE § 425.16**

*Okun v. Superior Court*, 29 Cal. 3d 442, 458, 629 P.2d 1369, 1378-1379, 175 Cal. Rptr. 157, 166-167.

The *Declaration of Elena Chute* clearly indicates that the defamatory statements were made to the employees at PS, surrogates and partners and despite Plaintiffs attempts to characterize these statements as being "in anticipation of litigation" they offer no explanation why they would say BAI was fired, when in fact the parties agreed to dissolve PS and the fact remains that BAI had an ownership interest in the money on deposit in the PS bank account and was advised by his counsel, Jeffrey Wang, to withdraw the funds from the bank account. (Bai Decl., ¶14). Both statements: 1) that Bai was fired; and 2) that BAI stole money from PS are false, and have a natural tendency to injure BAI's reputation.

Plaintiffs also attempt to claim that these statements are subject to the litigation privilege in California Civil Code § 47(b) Plaintiffs cite *Abraham v. Lancaster* 266 Cal.Rptr. 360 for the proposition that out of court statements made to non parties with a substantial interest in the outcome of the litigation. The *Abraham* case dealt with statements made by attorneys, specifically about issues that they intended to litigate. This case is thoroughly inapplicable to unnecessary defamatory statements made by JIANG about BAI to employees and surrogates who have no interest at all in the proposed litigation. This is simply a red herring raised by Cross-Defendants.

## C.   Patriot Conception, LLC is not a necessary party to Haotian Bai's Counter Claims.

Counter-Defendants again raise an issue that is not applicable. To the best of BAI's knowledge all of the causes of action arising from the acts complained of in the Counter Claim are unique to BAI and do not apply to PATRIOT CONCEPTION, LLC ("PATRIOT"). The defamation relates to BAI not PATRIOT, the false advertising creates an injury to BAI, not PATRIOT. The Unfair Competition claims relate to BAI, not PATRIOT. Counter-Defendant may not

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

**OPPOSITION TO PLAINTIFF'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) COUNTER-COMPLAINANT HAOTION BAI'S FOURTH CLAIMM UNDER CAL CIVIL CODE § 425.16**

1    defeat BAI's claims by characterizing them as something that they are not.  If

2    during discovery it becomes apparent that Counter Defendants are involved in

3    actions that injure PATRIOT, then such actions will be addressed at that time.

4    **D.    Plaintiff's may not avoid liability for the actions of its agents.**

5    Counter Defendants Claim that they cannot be liable for statements made by

6    independent Contractors.  Counter Defendants claims are predicated on the

7    assumption that the false statements were made by independent contractors.

8    However, Counter Defendants offer no evidence that the statements were made by

9    independent contractors and only independent contractors.  And there is nothing in

10    Counter Defendants Statement of uncontroverted facts to indicate that the

11    statements were made by independent contractors and only independent contractors.

12    Assuming for the moment that there was such evidence before the court, it

13    would run afoul of the California Supreme Court recently found in *Dyanmex*

14    *Operations W. v Superior Court* (2018) 4 Cal.5th 903 that simply calling someone

15    an independent contractor or making them sign a contract doesn't make them an

16    independent contractor. An employer has the burden to establish that a worker is an

17    independent contractor by establishing each of three factors:

18    "Embodied in the ABC test—namely (A) that the worker is free from the

19    control and direction of the hiring entity in connection with the performance

20    of the work, both under the contract for the performance of the work and in

21    fact; *and* (B) that the worker performs work that is outside the usual course of

22    the hiring entity's business; *and* (C) that the worker is customarily engaged in

23    an independently established trade, occupation, or business of the same

24    nature as the work performed." *Dynamex, supra*, at page 957.

25    As a practical matter, Counter Defendants cannot establish the second prong of the

26    ABC test because the work performed by Ms. Garcia and Ms. Vanderveer is not

27    only not outside the usual course of Counter Defendants business it is the very core

28    of the business.   In her declaration, Ms. Gao attempts to claim that PSUSA "never

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

possessed control over what these recruiters posted on social media" [Gao Declaration, ¶ 2], and yet the "Independent Contractor Agreements" state that the parties agree to certain specifications in Section 2, including subsection 2e "To update and utilize company required project management and customer relation management systems." It stands to reason that updating company required management and customer relation management systems would include actually informing them what company they are representing. Of course the allegation is that Counter Defendant knew exactly what it was doing and was hoping to confuse clients and surrogates and actually did cause such confusion (Bai Decl., ¶ 20). Counter Defendants may not avoid liability by intentionally miss-characterizing employees as independent contractors.

## CONCLUSIONS

For the reasons stated herein, Counter Defendants Motion to Dismiss should be denied. Alternatively, if the Court is inclined to grant any part of Counter Defendants Motion, Counter Claimant should be given leave to amend the Counter Claims.


Respectfully submitted,


ARDENT LAW GROUP, PC

Date: October 9, 2019            */s/ Brian P. Stewart*
                                 Hubert H. Kuo
                                 Brian P. Stewart
                                 Attorneys for Defendants PATRIOTIC CONCEPTIONS, LLC and QUNYAO YU

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

**OPPOSITION TO PLAINTIFF'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) COUNTER-COMPLAINANT HAOTION BAI'S FOURTH CLAIMM UNDER CAL CIVIL CODE § 425.16**

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that copies of the foregoing

OPPOSITION TO COUNTER-DEFENDANT'S MOTION TO DISMISS UNDER

RULE 12 (B) (6) was served through ECF on October 9, 2019 upon all parties who

have appeared.


*/s/ Hubert H. Kuo*
Hubert H. Kuo

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

1