MALCOLM S. MCNEIL (SBN 109601)
malcolm.mcneil@arentfox.com
ISMAEL BAUTISTA JR. (SBN 252139)
ismael.bautista@arentfox.com
STEFAN BOGDANOVICH (SBN 324525)
stefan.bogdanovich@arentfox.com
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, California 90013-1065
Telephone: 213.629.7400
Facsimile:  213.629.7401

Attorneys for Plaintiffs and Counter-Defendants
PACIFIC SURROGACY USA, INC. and YULUN
JIANG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PACIFIC SURROGACY USA, LLC, a California Limited Liability Company; YULUN JIANG, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>PATRIOT CONCEPTIONS, LLC, a California Limited Liability Company; HAOTIAN BAI, an Individual; QUNYAO YU, an Individual, DOES 1-25,<br><br>Defendants. | Case No.  8:19-cv-01456 DOC JDEx<br><br>Judge:      David O. Carter<br><br>**COUNTER-DEFENDANTS' REPLY IN SUPPORT OF SPECIAL MOTON TO STRIKE (ANTI-SLAPP) COUNTER-COMPLAINANT HAOTIAN BAI'S FOURTH CLAIM UNDER CAL. CIVIL CODE § 425.16** |
| HAOTIAN BAI, an Individual,<br><br>Counter-Claimant,<br><br>v.<br><br>PACIFIC SURROGACY USA, LLC, a California Limited Liability Company; YULUN JIANG, an Individual,<br><br>Cross-Defendants. | Date:        November 4, 2019<br>Time:        8:30 a.m.<br>Courtroom:  9D |

I.    **<u>INTRODUCTION</u>**

Bai's Opposition to the anti-SLAPP motion to strike misstates the law regarding the first step of the anti-SLAPP inquiry. Despite repeatedly noting in **bold** letters that PSUSA and Jiang must show the statements are made in connection with a public issue, that is not true. There are four distinct bases on which a defendant may bring an anti-SLAPP motion, as outlined in California Civil Code § 425.16(e)(1)-(4). The California Supreme Court has held that of these, only (3) and (4) require a showing of that statements were made in connection with a public issue. *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106, 1123 (1999). Yet this motion is brought under (e)(1), which does not require such a showing. *Id*. As such, much of Bai's Opposition to the anti-SLAPP is fundamentally misplaced. And Elena Chute's testimony shows an attorney by PS made some of the allegedly defamatory statements in explaining the dissolution. Such speech was thus made to achieve the objectives of the underlying the state court litigation which concerns the PS dissolution. Thus, the first step is readily satisfied.

Bai next reiterates many of the same arguments raised in the opposition to motion to dismiss in the second step of the anti-SLAPP analysis. Again, for the reasons noted in PSUSA and Jiang's reply in support of their motion to dismiss, the second step is also satisfied. In particular, the new testimony raised by Elena Chute and Petra Geraci show that the alleged defamatory statements were made in an attempt to explain the dissolution to interested parties. This explanation was a substantially true opinion, and is thus immune from liability under the First Amendment. The new testimony also shows that the statements are covered by both the litigation and common interest privileges, which provides a separate basis to meet the second step inquiry. Accordingly, the anti-SLAPP motion should be granted.

## II.    ARGUMENT

### A.    The Opposition Misunderstands Step One, and Counter Defendants Need Not Show The Statements Concern a Public Issue.

Citing no case law, the Opposition claims that a "defendant who brings a special motion to strike under Code Civ. Proc. § 425.16 bears the initial burden of making a prima facie showing that the plaintiff's cause of action arose from the defendant's acts in furtherance of the defendant's right of petition or free speech under the United States or California Constitution *in connection with a public issue*." Opp. to Mot. to Strike, at 3 (emphasis added). The opposition then claims PSUSA and Jiang "attempt to mislead the court" by citing *Dove Audio*, because there, the alleged defamatory statements "encouraged others to speak out on a matter of public interest." *Id*. at 3-4. It then claims that the *Du Charme* case, where a defendant did not meet either § 425.16 (e)(2), (3) or (4) – and which PSUSA and Jiang are not asserting here – is "extremely similar." *Id*. at 4.

Upon further inspection, all these propositions are thoroughly wrong. As the California Supreme Court explains in great detail, a "[Counter] defendant moving to strike a cause of action arising from a statement made… in connection with an issue under consideration by, a legally authorized official proceeding [under clause (e)(1) or (e)(2)] need *not* separately demonstrate that the statement concerned an issue of public significance." *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106, 1123 (1999)(Emphasis in original). And as Counter Defendants' anti-SLAPP motion clearly states, it is *not* predicated on either clause (e)(3) or (e)(4), but rather (e)(1). *See* Mot. at 9-10. *Du Charme* is thus inapplicable to analysis at hand, as it dealt with a motion brought under (e)(2), (3) and (4) – *not* (e)(1). 110 Cal.App.4th 107, 113 (2003) ("On appeal, defendants contend the statement Wynn posted on the local's Web site falls within subdivision (e)(2), (3) and (4) of section 425.16.") As the California Supreme Court explained in *Briggs*, "Clauses

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

8:19-cv-01456 DOC JDEx

- 3 -

REPLY IN SUPPORT OF SPECIAL MOTON
TO STRIKE

(3) and (4) of section 425.16, subdivision (e), concerning statements made in public fora and 'other conduct' implicating speech or petition rights, include an express 'issue of public interest' limitation; [whereas] clauses (1) and (2), concerning statements made before or in connection with issues under review by official proceedings, contain no such limitation." 19 Cal.4th at 1117.

The California Supreme Court also dispelled Bai's interpretation of the statute, noting that "[i]f… the operative language in section 425.16, subdivision (b), referring to a person's exercise of First Amendment rights 'in connection with a public issue,' were meant to function as a separate proof requirement applicable to motions brought under all four clauses of subdivision (e), no purpose would be served by the Legislature's specification in clauses (3) and (4) that covered issues must be 'of public interest.'" *Id*. at 1117-18. Among several other reasons supporting its decision, the Court also noted the Opposition's interpretation "would serve Californians poorly. In effectively deeming statements and writings made before or connected with issues being considered by any official proceeding to have public significance per se, the Legislature afforded trial courts a reasonable, bright-line test applicable to a large class of potential section 425.16 motions." *Id*. at 1122.

Next, Bai's bold claim that PSUSA and Jiang "attempt to mislead the court" by citing *Dove Audio*, because those statements "encouraged others to speak out on a matter of public interest" is somewhat amusing, since those were not actually the facts of *Dove Audio*. Opp. at 3-4. In fact, *Dove Audio* was summarizing the facts of *another* case: "In *Ludwig v. Superior Court, supra*, 37 Cal.App.4th 8, 43 Cal.Rptr.2d 350, the court held that a defendant's recruiting and encouraging others to speak out on a matter of public interest came within the protection of section 425.16." 47 Cal.App.4th 777, 784 (1996). Instead, in *Dove Audio*, the court only noted that the alleged communication "raised a question of public interest"; the Court never mentioned that the communication was intended to cause the recipients to speak out on the matter. *Id*.

In *Dove Audio*, the son of Audrey Hepburn sued a record company that held the rights' to Ms. Hepburn's recordings because it was allegedly providing insufficient royalty payments to Ms. Hepburn's charities, in breach of an agreement. *Id*. at 779-80. The son asked his attorneys to notify those charities about the nature of the suit, and for this, he was sued for defamation. *Id*. at 780. Likewise here, Jiang filed claims for breach of fiduciary duty and conversion in a derivate suit, on behalf of PS, against Bai for his unauthorized withdrawal of company funds. Jiang also asked one of his attorneys, Kevin Liu, to inform and reassure the employees about the dissolution proceedings. Bai now sues Jiang for this communication.

Bai also claims that *Dove Audio* is inapplicable because the alleged statements "were made to private individuals by attorneys." Opp. at 4. Yet the document that purports to be Elena Chute's declaration states the alleged defamatory statements were actually made by Jiang and Kevin Liu, who is, in fact, an attorney of PS. Dkt. 62-4; *see also* Dkt. 5, Ex. 4-5 (Bai's false letters to referral partners which attach Kevin Liu's disciplinary proceedings and noting that that he was an attorney for PS). Significantly, Mr. Liu and Jiang deny ever falsely representing to anyone that Bai was fired, and several people that worked with PS, including one mentioned in Ms. Chute's declaration, also deny having heard Liu or Jiang say such statements. Liu Decl. ¶ 9, Jiang Decl. ¶ 5, Lara Decl. ¶ 10, Chang Decl. ¶ 9, Li Decl. ¶ 9.

This new testimony shows the explanation of the PS dissolution is made "in connection with" the dissolution proceeding, since it advances the same objectives – namely, an orderly wind-up of PS and the successful formation of a new venture, PSUSA.[1] In interpreting clause (e)(1), the California's Fourth Appellate District Court, encompassing Orange County, noted that the phrase "in connection with" includes statements "aimed at achieving the objects of the litigation." *Anderson v.*

---

[1] For this same reason, Bai's assertion that the litigation privilege does not apply is also incorrect.

*Geist*, 236 Cal.App.4th 79, 89 (2015). Similarly, in *Dove Audio*, statements made

by attorneys to private charities relating to the suit was also held to be made in

connection with the lawsuit and entitled to protection under § 425.16(e)(1). *Id*. The

objective of the litigation in *Dove Audio* was to ensure that the charities would

receive greater royalties from Ms. Hepburn's recordings.

Moreover, Bai's reliance on *Du Charme* is misplaced. In addition to not

addressing anti-SLAPP motions brought under (e)(1), *Du Charme* does not stand

for the proposition that anti-SLAPP motions are inapplicable to statements made in

the workplace. Many defamation cases relating to private affairs in the employment

context are entitled to anti-SLAPP protection under clause (e)(1). For instance, in

*Comstock v. Aber*, a statement made to a HR manager about a former employee's

sexual conduct in the workplace was protected under (e)(1) because the statements

related to the company's affirmative defense. 212 Cal.App.4th 931, 944 (2012).

Likewise here, Elena Chute's allegation Jiang and Liu claimed that Bai was fired, in

part, because of Jiang's discovery of the extramarital affair with another company

employee responds to Bai's state court allegations that he was coerced into signing

the dissolution agreement because of Jiang's purported threat to reveal information

about this affair. Dkt. 46-2, at 10, ¶ 30. The other allegations of Bai's theft also

form part of Jiang's derivative action on behalf of PS against Bai for conversion

and breach of fiduciary duty. Dkt. 46-1, at 11-12, ¶¶ 39-50.

### B.    Bai is Unlikely to Succeed on His Defamation Claim.

Regarding the second step of the anti-SLAPP inquiry, Bai fails to meet his

burden of showing he is likely to succeed on his defamation claim for the reasons

set forth in the reply in support of the motion to dismiss. *See* Reply to Opposition to

Motion to Dismiss, at 8-10.

Bai plainly fails to meet his burden, under the second step of this anti-SLAPP

motion, of showing that he is likely to succeed on the merits of his claim. All the

issues raised in PSUSA and Jiang's motion to dismiss and the reply in support of

1   the motion to dismiss regarding the alleged statements being substantially true,

2   protected opinion, and subject to both the litigation and common interest privileges

3   cast grave doubts that Bai can be successful in this case. He will first need to

4   survive the pending motion to dismiss, and likely another motion to dismiss if leave

5   to amend is granted, then after discovery (assuming any of Elena Chute's hearsay

6   impressions are accurate), survive a motion for summary judgment, and then at

7   trial, convince a jury of his peers he is likely to win.

8          Moreover, for the purposes of this anti-SLAPP motion, Bai must show that,

9   in the unlikely event the case proceeds to trial, he is likely to succeed. Bai will

10  almost surely need to convince an eventual jury of his peers that he is a sympathetic

11  and credible witness, which will be no easy feat. The record in this case has already

12  established Bai has made several material misrepresentations to this Court, as well

13  as disobeyed its order. *See* Motion to Dismiss, at 20, n.8; *see also* Dkt 46-6, at 2,

14  line 16 – 6, line 10 (Jiang's narrative of the events leading up to the PS dissolution,

15  which the state court reviewed in deciding to summarily deny Bai's state court

16  preliminary injunction without a hearing, and which PSUSA and Jiang will submit

17  at an eventual trial in support of its defense that its explanation of the PS

18  dissolution is substantially true); *also compare* Dkt. 21 (Bai's submission of an

19  *unsigned* declaration in opposition to the preliminary injunction) to Dkt. 24 (Kevin

20  Liu's signed declaration denying the allegations in the unsigned declaration). Bai

21  falls well short of this high burden.

22  **III.   CONCLUSION**

23         For the foregoing reasons, Bai's strategic lawsuit against Jiang's public

24  participation in petitioning a redress of his grievances in the state court dissolution

25  proceeding must be stricken.

26

27

28

1    Dated:      October 18, 2019           **ARENT FOX LLP**

2

3                                        By:    */s/Stefan Bogdanovich*

4                                           MALCOLM S. MCNEIL
                                            ISMAEL BAUTISTA JR.
5                                           STEFAN BOGDANOVICH
                                            Attorneys for Plaintiffs and Counter-
6                                           Defendants
                                            PACIFIC SURROGACY USA, INC.
7                                           AND YULUN JIANG

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28